IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

Environmental Defense and Sierra Club,<br>
      Plaintiffs,<br>
   v.<br><br>
United States Department of Transportation,<br>
et. al.,<br>
      Defendants.

</td><td>

Civil Action No. 06-2176<br><br>
ANSWER TO COMPLAINT

</td></tr>
</table>

The United States Department of Transportation ("USDOT"), Mary E. Peters, in her official capacity as Secretary of the USDOT, the Federal Highway Administration ("FHWA"), and J. Richard Capka, in his official capacity as FHWA Administrator (collectively, "the Federal Defendants") answer the above styled complaint as follows:

1. Paragraph 1 characterizes Plaintiffs' cause of action, and does not require a response.  To the extent a response is required, the Federal Defendants deny the allegations.

2. The Federal Defendants admit that the Intercounty Connector ("ICC") Project is an approximately eighteen mile highway.  There will be three lanes in each direction between I-370 and I-95 and two traffic lanes in each direction between I-95 and US-1.  Federal Defendants further admit that the ICC Project is located within the Washington DC – MD – VA non-attainment area for fine particulate matter ("PM2.5").  The remaining allegations in paragraph 2 consist of Plaintiffs' characterization of its cause of action, and do not require a response.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 2.

3. The Federal Defendants deny the allegations of paragraph 3.

4. Paragraph 4 consists of Plaintiffs' characterization of its cause of action, and does not require a response.  To the extent a response is required, the Federal Defendants deny the allegations in paragraph 4.

5.      The Federal Defendants deny the allegations of paragraph 5.

6.      Paragraph 6 consists of a statement of Plaintiffs' prayer for relief to which no answer is required.  To the extent an answer is required, the Federal Defendants deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

**PARTIES: PLAINTIFFS AND STANDING**

7.      The Federal Defendants lack information sufficient to admit or deny the description of Plaintiff Sierra Club ("Club") and its activities set forth in paragraph 7.

8.      The Federal Defendants lack information sufficient to admit or deny the description of Plaintiff Environmental Defense ("ED") and its activities set forth in paragraph 8.

9.      The Federal Defendants lack information sufficient to admit or deny the description of ED and its activities set forth in paragraph 9, except that the Federal Defendants admit that the Club and ED ("Plaintiffs") submitted comments on the draft environmental impact study ("DEIS"), final environmental impact study ("FEIS"), and the Project-level Conformity Determination.

10.     The Federal Defendants deny the portions of paragraph 10 that allege that they failed to adequately study the environmental effects of the ICC project and failed to develop evidence that should have been developed regarding the environmental effects of the ICC project.  With respect to the other portions of paragraph 10, the Federal Defendants lack information sufficient to admit or deny the other allegations set forth in paragraph 10.

11.     The Federal Defendants lack information sufficient to admit or deny the description of the Club and ED and the activities set forth in the first sentence of paragraph 11.  The Federal Defendants deny the remaining allegations of paragraph 11.

12.    The first sentence of paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations.  The Federal Defendants lack information sufficient to admit or deny the description of the Club and ED and the activities set forth in the second sentence of paragraph 12.  The Federal Defendants deny the remaining allegations of paragraph 12.

13.    The Federal Defendants deny the allegations of paragraph 13.

14.    The Federal Defendants deny the allegations of paragraph 14.

15.    The Federal Defendants lack information sufficient to admit or deny the allegations set forth in paragraph 15.

16.    The Federal Defendants deny the allegations of paragraph 16.

17.    The Federal Defendants deny the allegations of paragraph 17.

18.    The Federal Defendants deny the allegations of paragraph 18.

19.    The Federal Defendants deny the allegations of paragraph 19.

20.    The Federal Defendants deny the allegations of paragraph 20.

21.    The Federal Defendants deny the allegations of paragraph 21.

22.    The Federal Defendants deny the allegations of paragraph 22.

**DEFENDANTS**

23.    The Federal Defendants admit that Defendant USDOT is an agency of the federal government which is headquartered in Washington, DC.  Plaintiffs' characterizations of USDOT's responsibilities are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 23.

24.    The Federal Defendants admit that Mary Peters is the Secretary of Transportation for

USDOT. The remainder of paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 24.

25.    The Federal Defendants admit that FHWA is an entity within USDOT with headquarters in Washington, DC, and is the lead federal agency responsible for approving the ICC Project. The remaining allegations of paragraph 25 are conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 25.

26.    The Federal Defendants admit that J. Richard Capka is the Administrator of FHWA. The remaining allegations of paragraph 26 are conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 26.

27.    The Federal Defendants admit that MWCOG is a regional organization of Washington area local governments and is headquartered in Washington, DC. The Federal Defendants deny the remaining allegations of paragraph 27.

28.    The Federal Defendants deny that Jay Fissette is the current Board Chair of the MWCOG, as that position is currently held by Vincent C. Gray. The remaining allegations of paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 28.

29.    The Federal Defendants admit that Defendant TPB is the federally designated MPO for the National Capital Planning Region. The second and third sentences of paragraph 29 contains conclusions of law to which no response is required. To the extent that a response is required,

the Federal Defendants deny the allegations of paragraph 29.

30.     The Federal Defendants admit that Defendant TPB is the federally designated MPO for

the National Capital Planning Region and deny the remaining allegations in the first sentence.

The second, third and fourth sentences of paragraph 30 state conclusions of law to which no

response is required.  The fifth and sixth sentences of paragraph 30 provide Plaintiffs'

characterization of the parties titles to which no response is required.  To the extent a response is

required, the Federal Defendants deny the allegations of paragraph 30.

   **JURISDICTION**

31.     Paragraph 31 consists of legal conclusions to which no response is required.

   **PART I:  FACTUAL BACKGROUND**

32.     The Federal Defendants admit that FHWA issued a DEIS on July 8, 1983.  The Federal

Defendants deny the remaining allegations of paragraph 32.

33.     Paragraph 33 characterizes U.S. Department of the Interior  (DOI) comments, which

speak for themselves and are the best evidence of their contents.

34.     The Federal Defendants admit that the ICC Project is located within the Washington

DC–MD–VA non-attainment area for fine particulate matter ("PM2.5").  The Federal

Defendants are without knowledge sufficient to admit or deny the remaining allegations of

paragraph 34.

35.     The Federal Defendants admit that FHWA and the Maryland State Highway

Administration issued a DEIS on March 3, 1997.  The Federal Defendants deny the remaining

allegations of paragraph 35.

36.     The Federal Defendants admit that the DOI submitted comments on the 1997 DEIS

"Master Plan Alternative" on August 19, 1997, and aver that those comments speak for themselves and are the best evidence of their contents.

37.     The Federal Defendants admit that the United States Environmental Protection Agency ("EPA") submitted comments on the 1997 DEIS "Master Plan Alternative" on August 19, 1997, and aver that those comments speak for themselves and are the best evidence of their contents. The Federal Defendants further admit that the DOI submitted comments on the 1997 DEIS "Master Plan Alternative" on August 19, 1997 and aver that those comments speak for themselves and are the best evidence of their contents.

38.     The Federal Defendants admit that the 1997 DEIS study was terminated by the State of Maryland, as announced by then-Governor Glendening on September 22, 1999.  The Federal Defendants deny the remaining allegations of paragraph 38.

39.     The Federal Defendants admit that then-Governor Glendening terminated the NEPA process for the ICC with his comments on September 22, 1999.  The Federal Defendants have insufficient knowledge to admit or deny the reasons for his decision.

40.     Paragraph 40 characterizes a Federal Register notice which speaks for itself, is the best evidence of its content, and is thus a conclusion of law to which no response is required.

41.     Paragraph 41 characterizes a Federal Register notice which speaks for itself, is the best evidence of its content, and is thus a conclusion of law to which no response is required.

42.     The Federal Defendants admit that on November 22, 2004, the FHWA and the Maryland State Highway Administration issued a DEIS for the ICC Project.  The Federal Defendants deny the remaining allegations of paragraph 42.

43.     The Federal Defendants admit that, in February 2005, the Plaintiffs submitted

comments on the 2004 DEIS, and that the comments were submitted within the time established for comment. The remaining allegations of paragraph 43 characterize those comments, which speak for themselves and are the best evidence of their contents review as part of the administrative record.

44.  The Federal Defendants admit that on June 10, 2003, the Prince George's County Council adopted a resolution, the contents of which speaks for itself and is the best evidence of its contents.

45.  Paragraph 45 characterizes Prince George's County Council comments on the DEIS, which speak for themselves and are the best evidence of their contents.

46.  Paragraph 46 characterizes Prince George's County Council comments on the DEIS, which speak for themselves and are the best evidence of their contents.

47.  Paragraph 47 characterizes Prince George's County Council comments on the DEIS, which speak for themselves and are the best evidence of their contents.

48.  The Federal Defendants admit that the ICC Project was included in the 2004 Constrained Long Range Plan ("CLRP") and 2005-2010 Transportation Improvement Program ("TIP") for the Washington metropolitan planning area, as amended in November, 2004. The Federal Defendants deny the remaining allegations of paragraph 48.

49.  The Federal Defendants admit the allegations of paragraph 49.

50.  The Federal Defendants admit that TPB is the federally-designated MPO responsible for approving transportation plans and programs in the Washington metropolitan planning area. The Federal Defendants deny the remaining allegations in paragraph 50.

51.  Paragraph 51 is a conclusion of law to which no response is required. To the extent a

response is required, Federal Defendants deny the allegations of paragraph 51.

52.    Paragraph 52 references the CLRP, a document which speaks for itself and is the best evidence of its contents.

53.    The Federal Defendants admit that the TPB typically amends the CLRP and TIP annually, and deny the remaining allegations of paragraph 53.

54.    Paragraph 54 characterizes a regulation which is a conclusion of law to which no response is required.

55.    The Federal Defendants deny the allegations of paragraph 55.

56.    The Federal Defendants deny the allegations of paragraph 56.

57.    The Federal Defendant deny the allegations of paragraph 57.

58.    Paragraph 58 characterizes the TIP, which speaks for itself and is the best evidence of its content.

59.    The Federal Defendants admit that the MPO conducted the required conformity analysis for the 2004 CLR Plan amendment and FY2005-2010 Metropolitan TIP.  The Federal Defendants deny the remaining allegations of paragraph 59.

60.    Paragraph 60 characterizes plans which speak for themselves and are the best evidence of their content.

61.    Paragraph 61 characterizes plans which speak for themselves and are the best evidence of their content.

62.    The Federal Defendants admit the Plaintiff ED submitted comments dated November 16, 2004, and aver that the comments speak for themselves and are the best evidence of their content.

63.    The Federal Defendants admit the Plaintiff ED submitted comments on the TIP, and aver that the comments speak for themselves and are the best evidence of their content.

64.     The Federal Defendants admit the allegations in Paragraph 64.

65.    The Federal Defendants admit that on July 11, 2005 then-Governor Erhlich issued a press release, the contents of which speaks for itself and is the best evidence of its content.

66.    The Federal Defendants admit that as of July 29, 2005, the $18 million in Federal assistance referenced by Governor Ehrlich as described in Paragraph 65 was not included in any existing project agreement or any project authorization relating to the ICC.

67.    The Federal Defendants admit the allegations of paragraph 67.

68.    The Federal Defendants admit that, on February 21, 2006, FHWA and FTA made the joint determination that the 2005 CLR Plan and the FY 2006-2011 metropolitan TIP conformed with the applicable State Implementation Plans ("SIP") for Virginia, the District of Columbia and Maryland, and deny the remaining allegations of paragraph 68.

69.    The Federal Defendants admit that Plaintiff ED submitted comments dated April 6, 2005 and aver that the comments speak for themselves and are the best evidence of their content.

70.    Paragraph 70 characterizes comments which speak for themselves and are the best evidence of their content.

71.    The Federal Defendants admit that at the time that FHWA and FTA determined the 2005 CLR Plan and FY2006-2011 Metropolitan TIP conformed with the applicable SIPs for Virginia, the District of Columbia and Maryland, the agencies had not made a project-level conformity determination regarding the ICC project, and deny the remaining allegations of paragraph 71.

72.    The Federal Defendants admit the allegations of paragraph 72.

73.     The Federal Defendants admit that the FEIS identified Corridor 1 as the preferred alternative, and deny the remaining allegations of paragraph 73.

74.     The Federal Defendants admit the allegations of paragraph 74.

75.     The Federal Defendants admit that Plaintiffs ED and the Club submitted   comments on the FEIS, and deny the remaining allegations of paragraph 75.

76.     Paragraph 76 characterizes a comment which speaks for itself and is the best evidence of its content.

77.     Paragraph 77 characterizes the FEIS which speaks for itself and is the best evidence of its content.

78.     Paragraph 78  characterizes the FEIS which speaks for itself and is the best evidence of its content.

79.     The Federal Defendants deny the allegations of paragraph 79.

80.     The Federal Defendants deny the allegations of paragraph 80.

81.     Paragraph 81 characterizes comments which speak for themselves and are the best evidence of their content.

82.     Paragraph 82 characterizes comments which speak for themselves and are the best evidence of their content.

83.     Paragraph 83 characterizes comments which speak for themselves and are the best evidence of their content.

84.     Paragraph 84 characterizes comments which speak for themselves and are the best evidence of their content.

85.     The Federal Defendants deny the allegations of paragraph 85.

86.    Paragraph 86 characterizes the FEIS which speaks for itself and is the best evidence of its content.

87.    The Federal Defendants deny the allegations of paragraph 87.

88.    Paragraph 88 characterizes the CLR Plan which speaks for itself and is the best evidence of its content.

89.    Paragraph 89 characterizes the Montgomery County General Plan Refinement of 1993 which speaks for itself and is the best evidence of its content.

90.    Paragraph 90 characterizes regional plans which speak for themselves and are the best evidence of their content.

91.    Paragraph 91 characterizes the 1998 TPB Vision Plan which speaks for itself and is the best evidence of its content.

92.    Paragraph 92 characterizes the 2002 Prince George's County General Plan which speaks for itself and is the best evidence of its content.

93.    The Federal Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.    Federal Defendants admit that the ICC environmental study's scoping process, which considered more than 300 alternatives, did not summarily discard non-highway alternatives, and that every alternative was screened to determine whether it met the purpose and need for the project and whether the alternative presented incurable environmental or engineering obstacles. The remaining allegations of paragraph 94 are denied.

95.    The Federal Defendants admit the allegations in paragraph 95.

96.    The Federal Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 96.

97.     Paragraph 97 characterizes comments by a coalition of environmental groups to the DEIS entitled the "SMI Report" which speaks for itself and is the best evidence of its content.

98.     Paragraph 98 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

99.     Paragraph 99 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

100.     Paragraph 100 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

101.     The Federal Defendants deny the allegations in paragraph 101.

102.     Paragraph 102 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

103.      Paragraph 103 consists of Plaintiffs' characterizations of the "SMI Report" which speaks for itself and is the best evidence of its content.

104.     The Federal Defendants admit that according to previous traffic studies, approximately 75 percent of the motorists that would use a new alignment would have an origin, a destination, or both an origin and a destination outside the Study Area, and deny the remaining allegations of Paragraph 104.

105.     Paragraph 105 contains characterizations of the FEIS, which speaks for itself and is the best evidence of its content.

106.     Paragraph 106 characterizes responses to comments to the DEIS which speak for themselves and are the best evidence of their content.

107.     Paragraph 107 characterizes the "SMI Report" which speaks for itself and is the best

evidence of its content.

108.    Paragraph 108 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

109.    Paragraph 109 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

110.    Paragraph 110 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

111.    Paragraph 111 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

112.    Paragraph 112 characterizes the "SMI Report" which speaks for itself and is the best evidence of its content.

113.    The Federal Defendants deny the allegations of paragraph 113.

114.    The Federal Defendants admit that transit ridership volumes were calculated with 1990 data and deny the remaining allegations of paragraph 114.

115.    The Federal Defendants admit the allegations of paragraph 115.

116.    The Federal Defendants deny the allegations of paragraph 116.

117.    The Federal Defendants deny the allegations of paragraph 117.

118.    The Federal Defendants deny the allegations in paragraph 118.

119.    Paragraph 119 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

120.    Paragraph 120 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

121.    Paragraph 121 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

122.    The Federal defendants are without knowledge of the study to which Plaintiffs refer in paragraph 122 and on that basis, deny the allegations in paragraph 122.

123.    The Federal Defendants are without knowledge of the study to which Plaintiffs refer in paragraph 123 and on that basis, deny the allegations in paragraph 123.

124.    The Federal Defendants admit the allegations of paragraph 124.

125.    Paragraph 125 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

126.    The Federal Defendants deny the allegations of paragraph 126.

127.    Paragraph 127 characterizes the SMI Report and FHWA's responses to the SMI   Report which speak for themselves and are the best evidence of their content.

128.    Paragraph 128 characterizes the SMI Report and FHWA's responses to the SMI   Report which speak for themselves and are the best evidence of their content.

129.    The Federal Defendants deny the allegations of paragraph 129.

130.     Paragraph 130  characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

131.    Paragraph 131 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

132.    Paragraph 132 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

133.    Paragraph 133 characterizes Plaintiffs' comments which speak for themselves and are the

best evidence of their content.

134.     Paragraph 134 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

135.     Paragraph 135 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

136.     Paragraph 136 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

137.     The Federal Defendants deny the allegations of paragraph 137.

138.     The Federal Defendants admit the allegations of paragraph 138.

139.     The  Federal Defendants admit the allegations of paragraph 139.

140.     The Federal Defendants admit all projects in the 2003 Constrained Long Range Plan ("CLRP") were included as part of the baseline for the ICC project and deny the remaining allegations of paragraph 140.

141.     The Federal Defendants deny the allegations contained in paragraph 141.

142.     Paragraph 142 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

143.     The Federal Defendants deny the allegations contained in paragraph 143.

144.     Paragraph 144 characterizes the FEIS and ROD responses to the "SMI Report" which speak for themselves and are the best evidence of their content.

145.     Paragraph 145 characterizes the FEIS and ROD responses to the "SMI Report" which speak for themselves and are the best evidence of their content.

146.     Paragraph 146 characterizes the FEIS and ROD responses to the "SMI Report" which

speak for themselves and are the best evidence of their content.

147.    The Federal Defendants admit that the Measures of Effectiveness were only applied to the FEIS alternatives and not to alternatives studied but rejected earlier in the study, and deny the remaining allegations of paragraph 147.

148.    Paragraph 148 characterizes the FEIS and ROD responses to the "SMI Report" which speak for themselves and are the best evidence of their content.

149.    Paragraph 149 characterizes the FEIS and ROD responses to the "SMI Report" which speak for themselves and are the best evidence of their content.

150.    The Federal Defendants admit that VHT is a commonly used measure of effectiveness for regional planning and deny the remaining allegations of  paragraph 150.

151.    Paragraph 151 characterizes the FEIS and ROD responses to the "SMI Report" which speak for themselves and are the best evidence of their content.

152.    The Federal Defendants admit that VHT and VMT are commonly used measures of effectiveness for regional planning, and deny the remaining allegations of paragraph 152.

153.    The Federal Defendants admit the allegations contained in paragraph 153.

154.    The Federal Defendants admit the allegations contained in paragraph 154.

155.    Federal Defendants deny the allegations of paragraph 155.

156.    To the extent Paragraph 156 consists of legal conclusions, no response is required. To the extent Paragraph 156 states a factual allegation, the Federal Defendants deny the allegations of paragraph 156.

157.    The Federal Defendants admit the allegations of paragraph 157.

158.    Paragraph 158 characterizes Plaintiffs' comments which speak for themselves and are the

best evidence of their content.

159.    Paragraph 159 characterizes the FEIS which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Federal Defendants deny the allegations of paragraph 159.

160.    The Federal Defendants admit that minimizing fuel consumption was not a measure of effectiveness used to evaluate the ICC project alternatives, and deny the remaining allegations of paragraph 160.

161.    The Federal Defendants deny the allegations of paragraph 161.

162.    The Federal Defendants deny the allegations of paragraph 162.

163.    Paragraph 163 characterizes a June 2003 Prince George's County Council Resolution which speaks for itself and is the best evidence of its content.

164.    The Federal Defendants deny the allegations of paragraph 164.

165.    The Federal Defendants deny the allegations of paragraph 165.

166.    The Federal Defendants admit that page 338 of the FEIS Chapter 4 states:"Mobility is generally defined as the ability to travel between two points."  The Federal Defendants deny the remaining allegations of paragraph 166.

167.    Paragraph 167 characterizes the FEIS which speaks for itself and is the best evidence of its content.

168.    The Federal Defendants admit that footnote 12, ROD page 63 states that: "Mobility is defined as the ability to reach a destination in a time and cost that is satisfactory to the traveler." The Federal Defendants deny the remaining allegations of paragraph 168.

169.    Paragraph 169 references responses to comments that speak for themselves and are the

best evidence of their content.

170.    The Federal Defendants deny the allegations of paragraph 170.

171.    Paragraph 171 references the Montgomery County General Plan Refinement of 1993, which speaks for itself and is the best evidence of their content.

172.    Paragraph 172 references the 1998 TPB Vision Plan which speaks for itself and are the best evidence of its content.

173.    Paragraph 173 references the 2002 Prince George's County General Plan of 2002, which speaks for itself and is the best evidence of its content.

174.    The Federal Defendants deny the allegations of paragraph 174.

175.    Paragraph 175 characterizes the SMI Report which speaks for itself and is the best evidence of its content.

176.     The Federal Defendants admit the allegations of paragraph 176.

177.    Paragraph 177 contains characterizations of the SMI Report, which speaks for itself and is the best evidence of its content.

178.    Paragraph 178 characterizes Plaintiffs' comments which speak for themselves are the best evidence of their content.

179.    Paragraph 179 characterizes the SMI Report which speaks for itself and is the best evidence of its content.

180.    Paragraph 180 characterizes the SMI Report which speaks for itself and is the best evidence of its content.

181.    The Federal Defendants deny the allegations of paragraph 181.

182.    The Federal Defendants deny the allegations of paragraph 182.

183.    Paragraph 183 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.        .

184.    Paragraph 184 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

185.    The Federal Defendants deny the allegations of paragraph 185.

186.    The Federal Defendants deny the allegations of paragraph 186.

187.    The Federal Defendants deny the allegations of paragraph 187.

188.    The Federal Defendants deny the allegations of paragraph 188.

189.    Paragraph 189 characterizes a statute which is a conclusion of law to which no response is required.

190.    Paragraph 190 characterizes a federal register notice which is a conclusion of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 190.

191.    Paragraph 191 characterizes a federal register notice which is a conclusion of law to which no response is required.

192.    Paragraph 192 characterizes a federal register notice which is a conclusion of law to which no response is required.

193.    Paragraph 193 characterizes a federal register notice which is a conclusion of law to which no response is required.

194.    Paragraph 194 characterizes a federal register notice which is a conclusion of law to which no response is required.

195.    The Federal Defendants deny the allegations of paragraph 195.

196.    The Federal Defendants deny the allegations of paragraph 196.

197.    Paragraph 197 characterizes the NATA analysis which speaks for itself and is the best evidence of its content.

198.    Paragraph 198 characterizes a federal register notice which is a conclusion of law to which no response is required.

199.    Paragraph 199 characterizes a federal register notice which is a conclusion of law to which no response is required.

200.    Paragraph 200 characterizes Maryland Regulations which is a conclusion of law to which no response is required.

201.    The Federal Defendants deny the allegations of paragraph 201.

202.    The Federal Defendants deny the allegations of paragraph 202.

203.    Paragraph 203 references Plaintiffs' comments which speak for themselves and are the best evidence of their content.

204.    Paragraph 204 references Plaintiffs' comments which speak for themselves and    are the best evidence of their content.

205.    The Federal Defendants admit that the lead agencies did not use any dispersion model to estimate MSAT concentrations, and deny the remaining allegations of paragraph 205.

206.    Paragraph 206 characterizes the lead agencies' responses to Plaintiffs' comments on the FEIS, which speak for themselves and are the best evidence of their content.

207.    Paragraph 207 characterizes the lead agencies' responses to Plaintiffs' comments on the FEIS, which speak for themselves and are the best evidence of their content.

208.    The Federal Defendants deny the allegations of paragraph 208.

209.    The Federal Defendants deny the allegations of paragraph 209.

210.    The Federal Defendants admit that no stand alone transit alternatives were carried

forward as FEIS alternatives and admit that because no transit alternative was carried forward,

no MSAT emissions were estimated for such alternatives, and deny the remaining allegations of

the paragraph 210.

211.    The Federal Defendants deny the allegations of paragraph 211.

212.    The Federal Defendants deny the allegations of paragraph 212.

213.    The Federal Defendants deny the allegations of paragraph 213.

214.    The Federal Defendants deny the allegations of paragraph 214.

215.    Paragraph 215 characterizes Plaintiffs' comments on the FEIS which speak for

themselves and are the best evidence of their content.

216.    The Federal Defendants admit that MSAT emissions are currently in decline at a regional

and national level and will likely decline continuously through 2030, and deny the remaining

allegations of paragraph 216.

217.    The Federal Defendants deny the allegations of paragraph 217.

218.    The Federal Defendants admit that the ICC Study did not evaluate localized

concentrations of MSAT emissions, and deny the remaining allegations of paragraph 218.

219.    Paragraph 219 characterizes Plaintiffs' comments on the FEIS which speak for

themselves and are the best evidence of their content.

220.    The Federal Defendants deny the allegations of paragraph 220.

221.    Paragraph 221 characterizes Plaintiffs' comments on the FEIS which speak for

themselves and are the best evidence of their content.

222.    The Federal Defendants deny the allegations of paragraph 222.

223.    The Federal Defendants deny the allegations of paragraph 223.

224.    Paragraph 224 characterizes Plaintiffs' comments on the FEIS which speak for themselves and are the best evidence of their content.

225.    Paragraph 225 characterizes the FEIS which speaks for itself and is the best evidence of its content.

226.    Paragraph 226 characterizes Plaintiff ED's comments which speak for themselves and are the best evidence of their content.

227.    Paragraph 227 characterizes the Plaintiff ED's comments which speak for themselves and are the best evidence of their content.

228.    The Federal Defendants deny the allegations contained in paragraph 228.

229.    Paragraph 229 characterize Plaintiffs' comments which speak for themselves and are the best evidence of their content.

230.    Paragraph 230 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

231.    Paragraph 231 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

232.    The Federal Defendants deny the allegations contained in paragraph 232.

233.    Paragraph 233 characterizes a comment which speaks for itself and is the best evidence of its content.

234.    The Federal Defendants deny the allegations in paragraph 234.

235.    Paragraph 235 characterizes comments which speak for themselves and are the best

evidence of their content.

236.    The Federal Defendants deny the allegations in paragraph 236.

237.    The Federal Defendants deny the allegations in paragraph 237.

238.    The Federal Defendants deny the allegations of paragraph 238.

239.    The Federal Defendants deny the allegations of paragraph 239.

240.    The Federal Defendants deny the allegations in paragraph 240.

241.    The Federal Defendants deny the allegations in paragraph 241.

242.    The Federal Defendants deny the allegations in paragraph 242.

243.    The Federal Defendants deny the allegations in paragraph 243.

244.    The Federal Defendants deny the allegations in paragraph 244.

245.    The Federal Defendants deny the allegations in paragraph 245.

246.    Paragraph 246 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

247.    Paragraph 247 characterizes TRB's comments which speak for themselves and are the best evidence of their content.

248.    The Federal Defendants deny the allegations in paragraph 248.

249.    Paragraph 249 characterizes TRB's comments which speak for themselves and are the best evidence of their content.

250.    The Federal Defendants deny the allegations in paragraph 250.

251.    The Federal Defendants deny the allegations in paragraph 251.

252.    The Federal Defendants deny the allegations in paragraph 252.

253.    The Federal Defendants admit that travel forecasting model 2.1C modified did

update the volume-delay function, the toll modeling capability, cost components, and zonal area type designations, and deny the remaining allegations of paragraph 253.

254.    Paragraph 254 characterizes the SMI Report which speaks for itself and is the best evidence of its content.

255.    The Federal Defendants admit the allegations of paragraph 255

256.    The Federal Defendants deny the allegations in paragraph 256.

257.    The Federal Defendants admit the allegations of paragraph 257.

258.    The Federal Defendants admit the allegations of paragraph 258.

259.    Federal Defendants deny the allegations in paragraph 259.

260.    Federal Defendants deny the allegations in paragraph 260.

261.    The Federal Defendants deny the allegations in paragraph 261.

262.    Paragraph 262 characterizes Plaintiffs' comments which speak for themselves and are the best evidence of their content.

263.    Paragraph 263 characterizes the FEIS and the Air Quality Technical Report which speak for itself and are the best evidence of their content.

264.    Paragraph 264 characterizes the FEIS which speaks for itself and is the best evidence of its content.

265.    Paragraph 265 characterizes the SMI Report and comments on the FEIS which speak for themselves and are the best evidence of their content.

266.    The Federal Defendants deny the allegations in paragraph 266.

267.    The Federal Defendants deny the allegations of paragraph 267.

268.    The Federal Defendants admit that for ozone, CO, and fine particulate matter, no

mitigation measures are required because the Selected Alternative does not cause or contribute to any violation of the NAAQS. The Federal Defendants further admit that for MSAT, no mitigation measures are required because of the anticipated decrease in emissions. The Federal Defendants deny the remaining allegations of paragraph 268.

269.    Paragraph 269 characterizes Plaintiffs' comments on the DEIS which speak for themselves and are the best evidence of their content.

270.    Paragraph 270 characterizes Plaintiffs' comments on the FEIS which speak for themselves and are the best evidence of their content.

271.    The Federal Defendants deny the allegations of paragraph 271.

272.    The Federal Defendants admit that the ROD was issued on May 29, 2006 and published a notice of approval of the selected alternative and availability of the ROD thereafter. The remaining allegations of paragraph 272 contain legal conclusions to which no response is required.

273.    Paragraph 273 characterizes a statute and is therefore a conclusion of law to which no response is required.

274.    Paragraph 274 characterizes a letter which speaks for itself and is the best evidence of its content.

275.    The Federal Defendants deny the allegations of paragraph 275.

276.    Paragraph 276 characterizes the ROD which speaks for itself and is the best evidence of its content.

277.    Paragraph 277 characterizes the ROD which speaks for itself and is the best evidence of its content.

278.    The Federal Defendants deny the allegations of paragraph 278.

279.    The Federal Defendants deny the allegations of paragraph 279.

280.    The Federal Defendants deny the allegations of paragraph 280.

281.    The Federal Defendants deny the allegations of paragraph 281.

282.    The Federal Defendants deny the allegations of paragraph 282.

283.    The Federal Defendants deny the allegations of paragraph 283.

284.    The Federal Defendants deny the allegations of paragraph 284.

285.    The Federal Defendants deny the allegations of paragraph 285.

286.    The Federal Defendants deny the allegations of paragraph 286.

287.    Paragraph 287 characterizes Plaintiffs' comments on the FEIS which speaks for itself and is the best evidence of its content.

288.    The Federal Defendants deny the allegations of paragraph 288.

289.    Paragraph 289 characterizes a document which speaks for itself and is the best evidence of its content.

290.    The Federal Defendants admit the allegations of paragraph 290.

291.    Paragraph 291 characterizes the ROD which speaks for itself and is the best evidence of its content.

292.    Paragraph 292 characterizes the FEIS which speaks for itself and is the best evidence of its content.

293.    The Federal Defendants deny the allegations of paragraph 293

294.    Paragraph 294 characterizes a document which speaks for itself and is the best evidence of its content.

## FEDERAL-AID HIGHWAYS ACT

295.    Federal Defendants incorporate by reference their responses to paragraphs 1- 294.

296.    Paragraph 296 consists of characterizations of a statute and regulation which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 296.

297.    Paragraph 297 consists of characterizations of a statute and regulations which are conclusions of law to which no response is required.

298.    The Federal Defendants deny the allegations in paragraph 298.

299.    Paragraph 299 characterizes a statute and regulation which are conclusions of law to which no response is required.

### COUNT 1

300.    The Federal Defendants deny the allegations in paragraph 300.

301.    The Federal Defendants deny the allegations in paragraph 301.

302.    The Federal Defendants deny the allegations in paragraph 302.

303.    The Federal Defendants deny the allegations in paragraph 303.

### COUNT 2

304.    Paragraph 304 characterizes a statute and regulation which are conclusions of law to which no response is required.

305.    The Federal Defendants deny the allegations in paragraph 305.

306.    The Federal Defendants deny the allegations in paragraph 306.

### COUNT 3

307.    Paragraph 307 characterizes a statute and regulation which are conclusions of law to

which no response is required.

308.    The Federal Defendants deny the allegations in paragraph 308.

309.    The Federal Defendants deny the allegations in paragraph 309.

310.    The Federal Defendants deny the allegations in paragraph 310.

311.    The Federal Defendants deny the allegations in paragraph 311.

312.    The Federal Defendants deny the allegations in paragraph 312.

313.    The Federal Defendants deny the allegations in paragraph 313.

314.    The Federal Defendants deny the allegations in paragraph 314.

**COUNT 4**

315.    Paragraph 315 characterizes a statute which is a conclusion of law to which no response is required.

316.    The Federal Defendants deny the allegations in paragraph 316.

317.    The Federal Defendants deny the allegations in paragraph 317.

**COUNT 5**

318.    Paragraph 318 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 318.

319.    The Federal Defendants deny the allegations in paragraph 319.

320.    The Federal Defendants deny the allegations in paragraph 320.

321.    The Federal Defendants deny the allegations in paragraph 321.

**COUNT 6**

322.    Paragraph 322 characterizes a statute and regulation which are conclusions of law to

which no response is required.

323.    The Federal Defendants deny the allegations in paragraph 323.

324.    The Federal Defendants deny the allegations in paragraph 324.

**COUNT 7**

325.    Paragraph 325 characterizes a statute and regulation which are conclusions of law and to which no response is required.

326.    The Federal Defendants deny the allegations in paragraph 326.

327.    The Federal Defendants deny the allegations in paragraph 327.

328.    The Federal Defendants deny the allegations in paragraph 328.

329.    The Federal Defendants deny the allegations in paragraph 329.

330.    The Federal Defendants deny the allegations in paragraph 330.

**COUNT 8**

331.    The Federal Defendants deny the allegations in paragraph 331.

**SAFE, ACCOUNTABLE, FLEXIBLE, EFFICIENT TRANSPORTATION EQUITY ACT: A LEGACY FOR USERS**

332.    The Federal Defendants incorporate by reference the responses to paragraphs 1 – 331.

333.    Paragraph 333 characterizes statutes and regulations, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 333.

334.    Paragraph 334 characterizes statutes which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 334.

335.    Paragraph 335 characterizes a statute, which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 335.

336.    Paragraph 336 characterizes statutes and regulations, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 336.

337.    Paragraph 337 characterizes statutes and regulations which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 337.

338.    Paragraph 338 characterizes statutes and regulations, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 338.

339.    Paragraph 339 characterizes statutes and regulations, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 339.

**COUNT 9**

340.    Paragraph 340 characterizes statutes and regulations which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 340.

341.    The Federal Defendants deny the allegations in paragraph 341.

342.    The Federal Defendants deny the allegations in paragraph 342.

### COUNT 10

343.    Paragraph 343 characterizes statutes and regulations, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 343.

344.    The Federal Defendants deny the allegations in paragraph 344.

345.    The Federal Defendants deny the allegations in paragraph 345.

### COUNT 11

346.    Paragraph 346 characterizes statutes, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 346.

347.    The Federal Defendants deny the allegations in paragraph 347.

348.    The Federal Defendants deny the allegations in paragraph 348.

### COUNT 12

349.    Paragraph 349 characterizes statutes, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 349.

350.    The Federal Defendants deny the allegations in paragraph 350.

351.    The Federal Defendants deny the allegations in paragraph 351.

### COUNT 13

352.    Paragraph 352 characterizes regulations, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 352.

353.    Paragraph 353 consists of conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 353.

354.    The Federal Defendants deny the allegations in paragraph 354.

**COUNT 14**

355.    Paragraph 355 characterizes statutes which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 355.

356.    Paragraph 356 characterizes statutes and regulations which are conclusions of law to which no response is required.

357.    Paragraph 357 characterizes statutes, which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 357.

358.    The Federal Defendants deny the allegations in paragraph 358.

359.    The Federal Defendants deny the allegations in paragraph 359.

**COUNT 15**

360.    The Federal Defendants deny the allegations in paragraph 360.

361.    The Federal Defendants deny the allegations in paragraph 361.

362.    The Federal Defendants deny the allegations in paragraph 362.

**NATIONAL ENVIRONMENTAL POLICY ACT & ADMINISTRATIVE PROCEDURE ACT**

363.    The Federal Defendants incorporate the responses to paragraphs 1 through 362.

364.    Paragraph 364 is a characterization of a statute and regulations which are conclusions of law to which no response is required.

365.    Paragraph 365 is a characterization of regulations which are conclusions of law to which no response is required.

366.    Paragraph 366 is a characterization of a statute and regulations which are conclusions of law to which no response is required.

367.    Paragraph 367 is a characterization of regulations which are conclusions of law to which no response is required.

368.    Paragraph 368 is a characterization of regulations which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 368.

369.    Paragraph 369 is a characterization of regulations which are conclusions of law to which no response is required.

370.    Paragraph 370 is a characterization of regulations which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 370.

### COUNT 16 – PURPOSE AND NEED

371.    Paragraph 371 characterizes a statute and regulation which are conclusions of law to which no response is required.

372.    Paragraph 372 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 372.

373.    The Federal Defendants deny the allegations in paragraph 373.

374.    The Federal Defendants deny the allegations in paragraph 374.

375.    The Federal Defendants deny the allegations in paragraph 375.

### COUNT 17 – PURPOSE AND NEED

376.    The Federal Defendants deny the allegations in paragraph 376.

377.    The Federal Defendants deny the allegations in paragraph 377.

378.    The Federal Defendants deny the allegations in paragraph 378.

379.    The Federal Defendants deny the allegations in paragraph 379.

380.    The Federal Defendants deny the allegations in paragraph 380.

### COUNT 18 – ALTERNATIVES

381.    Paragraph 381 characterizes a statute and regulation which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 381.

382.    The Federal Defendants deny the allegations in paragraph 382.

383.    The Federal Defendants deny the allegations in paragraph 383.

384.    The Federal Defendants deny the allegations in paragraph 384.

### COUNT 19 – DIRECT AND INDIRECT ENVIRONMENTAL IMPACTS

385.    Paragraph 385 references a regulation which is a conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 385.

386.    The Federal Defendants deny the allegations of paragraph 386.

387.    The Federal Defendants deny the allegations of paragraph 387.

34

388.    The Federal Defendants admit that it used different measures of effectiveness than the measures described by plaintiffs as vehicle miles traveled (VMT) and vehicle hours traveled (VHT) and deny the remaining allegations of paragraph 388.

389.    The Federal Defendants deny the allegations in paragraph 389.

390.    The Federal Defendants deny the allegations in paragraph 390.

391.    The Federal Defendants deny the allegations in paragraph 391.

## COUNT 20 – DIRECT AND INDIRECT HEALTH IMPACTS

392.    Paragraph 392 references a statute and regulation which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 392.

393.    The Federal Defendants deny the allegation of paragraph 393.

394.    The Federal Defendants deny the allegations of paragraph 394.

395.    The Federal Defendants deny the allegations of paragraph 395.

396.    The Federal Defendants deny the allegations of paragraph 396.

397.    The Federal Defendants deny the allegations of paragraph 397.

## COUNT 21 – DISCLOSURE

398.    Paragraph 398 characterizes a statute and regulation which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 398.

399.    The Federal Defendants deny the allegations of paragraph 399.

400.    The Federal Defendants deny the allegations of paragraph 400.

401.    The Federal Defendants deny the allegations of paragraph 401.

### COUNT 22 – MITIGATION

402. Paragraph 402 characterizes a statute and regulation which are conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 402.

403. Paragraph 403 characterizes a statute and regulation which are conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 403.

404. The Federal Defendants deny the allegations of paragraph 404.

405. The Federal Defendants deny the allegations of paragraph 405.

406. The Federal Defendants deny the allegations of paragraph 406.

### COUNT 23 – COOPERATION WITH STATE AND LOCAL AGENCIES

407. Paragraph 407 characterizes a statute and regulation which are conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 407.

408. Paragraph 408 references a statute which is a conclusion of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 408.

409. Paragraph 409 references a statute and regulation which are conclusions of law to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations of paragraph 409.

410. The Federal Defendants deny the allegations in paragraph 410.

411. The Federal Defendants deny the allegations in paragraph 411.

### COUNT 24

412.    The Federal Defendants deny the allegations in paragraph 412.

### PART II – CLEAN AIR ACT

413.    The Federal Defendants incorporate by reference the responses to paragraphs 1 – 412.

414.    Paragraph 414 characterizes a statute which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 414.

415.    Paragraph 415 characterizes a statute which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph  415.

416.    Paragraph 416 characterizes a statute which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 416.

417.    Paragraph 417 characterizes a statute which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 417.

418.    The Federal Defendants deny the allegations of paragraph 418.

### FACTS RELATED TO CONFORMITY DETERMINATION

419.    The Federal Defendants admit that the Selected Alternative for the ICC Project extends approximately 18 miles from I-370/I-270 near Shady Grove metrorail Station to US 1 between Beltsville and Laurel, and deny the remaining allegations of paragraph 419.

420.    The Federal Defendants deny the allegations of paragraph 420.

421.    Paragraph 421 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 421.

422.    The Federal Defendants admit the allegations of paragraph 422.

423.    The Federal Defendants admit the allegations of paragraph 423.

424.    The Federal Defendants admit the allegations of paragraph 424.

425.    The Federal Defendants deny the allegations of paragraph 425.

426.    The Federal Defendants deny the allegations of paragraph 426.

427.    The Federal Defendants deny the allegations of paragraph 427.

428.    The Federal Defendants admit the allegations of paragraph 428.

429.    The Federal Defendants deny the allegations of paragraph 429.

430.    Paragraph 430 characterizes an EPA Notice which speaks for itself and is the best evidence of its contents.

431.    The Federal Defendants admit that the MOBILE6.2 model has not been replaced by a newer model for estimating emissions of PM2.5 from motor vehicles, and deny the remaining allegations of paragraph 431.

432.    The Federal Defendants deny the allegations of paragraph 432.

433.    The Federal Defendants admit that EPA promulgated the revised PM2.5 standard on October 17, 2006 and deny the remaining allegations of paragraph 433.

434.    The Federal Defendants admit the allegations of paragraph 434.

435.    The Federal Defendants admit that the MPO adopted the FY 2005-2010 and FY 2006-

2011 TIPs and 2004 and 2005 CLRPs, which included the ICC project, and Federal

Defendants deny the remaining allegations of paragraph 435.

436.    The Federal Defendants deny the allegations of paragraph 436.

437.    The Federal Defendants admit that the Federal Defendant FHWA approves the

Maryland State TIP, which incorporates the Maryland portion of the Metropolitan TIP

adopted by the MPO, and the Federal Defendants deny the remaining allegations of

paragraph 437.

438.    Paragraph 438 characterizes a document which speaks for itself and is the best

evidence of its contents.

**COUNT 25: Failure to Determine Concentrations of Future PM2.5 Resulting
from Pollutants Emitted from the ICC**

439.    The Federal Defendants incorporate by reference the responses to paragraphs 1 to 438.

440.    Paragraph 440 characterizes a regulation which is a conclusion of law to which no

response is required.  To the extent a response is required, the Federal Defendants deny the

allegations of paragraph 440.

441.    Paragraph 441 characterizes a statute and regulation which are conclusions of law to

which no response is required.  To the extent a response is required, the Federal Defendants

deny the allegations of paragraph 441.

442.    Paragraph 442 characterizes a regulation which is a conclusion of law to which no

response is required.

443.    The Federal Defendants admit that the time frame for the latest transportation plan and

regional emissions analysis for the Washington metropolitan planning area is 2030, and deny

the remaining allegations of paragraph 443.

444.    Paragraph 444 characterizes a regulation which is a conclusions of law to which no response is required.

445.    Paragraph 445 characterizes a regulation which is a conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 445.

446.    Paragraph 446 characterizes a regulation which is a conclusions of law to which no response is required.

447.    Paragraph 447 characterizes the conformity determination from the ROD which speaks for itself and is the best evidence of its contents.

448.    Paragraph 448 characterizes the conformity determination from the ROD and a regulation which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 448.

449.    The Federal Defendants deny the allegations in paragraph 449.

450.    The Federal Defendants deny the allegations in paragraph 450.

**COUNT 26: Failure to Determine Current Background Concentrations of PM2.5 at the Selected Local Receptors in the Area Affected by the Project.**

451.    The Federal Defendants incorporate by reference the responses to paragraphs  1 to 450.

452.    Paragraph 452 characterizes a regulation which is a conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 452.

453.    Paragraph 453 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 453.

454.    The Federal Defendants deny the allegations in paragraph 454.

455.    Paragraph 455 characterizes a regulation which speaks for itself.  To the extent a response is required, Federal Defendants deny the allegations of paragraph 455.

456.    Paragraph 456 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 456.

457.    Paragraph 457 characterizes a statute and regulation which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 457.

458.    The Federal Defendants deny the allegations of paragraph 458.

459.    The Federal Defendants deny the allegations of paragraph 459.

460.    The Federal Defendants admit the allegations of paragraph 460.

461.    The Federal Defendants admit the allegations of paragraph 461.

462.    Paragraph 462 characterizes the conformity determination from the ROD which speaks for itself and is the best evidence of its contents.

463.    Paragraph 463 characterizes the conformity determination from the ROD which speaks for itself and is the best evidence of its contents.

464.    The Federal Defendants admit that the Muirkirk monitor has the most similar characteristics to the traffic impact and percent trucks as the future ICC corridor and deny the

remaining allegations in paragraph 464.

465.    The Federal Defendants deny the allegations in paragraph 465.

466.    The Federal Defendants admit the allegations in paragraph 466.

467.    Paragraph 467 characterizes a Federal Register notice which speaks for itself and is the best evidence of its contents.

468.    Paragraph 468 characterizes the conformity determination which speaks for itself and is the best evidence of its contents.

469.    The Federal Defendants deny the allegations of paragraph 469.

470.    Paragraph 470 characterizes Plaintiffs' comments on the PM2.5 Project-Level Conformity Determination which speak for themselves and are the best evidence of their contents review as part fo the administrative record.

471.    Paragraph 471 characterizes Plaintiffs' comments on the PM2.5 Project-Level Conformity Determination which speak for themselves and are the best evidence of their contents review as part fo the administrative record.

472.    Paragraph 472 characterizes Plaintiffs' comments on the PM2.5 Project-Level Conformity Determination which speak for themselves and are the best evidence of their contents review as part fo the administrative record.

473.    Paragraph 473 characterizes Plaintiffs' comments on the PM2.5 Project-Level Conformity Determination which speak for themselves and are the best evidence of their contents review as part fo the administrative record.

474.    Paragraph 474 characterizes a settlement agreement between FHWA and the Sierra Club in the case of Sierra Club v. U.S. DOT in the District of Nevada, which speaks for itself

and is the best evidence of its contents.

475.    The Federal Defendants deny the allegations of paragraph 475.

476.    The Federal Defendants deny the allegations of paragraph 476.

477.    The Federal Defendants deny the allegations of paragraph 477.

478.    The Federal Defendants deny the allegations in paragraph 478.

### COUNT 27: Failure to Use Method Required by Conformity Rule for Determining Current Background Concentration

479.    The Federal Defendants incorporate the responses to paragraph 1 to 479.

480.    The Federal Defendants deny the allegations of paragraph 480.

481.    The Federal Defendants deny the allegations of paragraph 481.

482.    The Federal Defendants deny the allegations of paragraph 482.

483.    The Federal Defendants deny the allegations of paragraph 483.

484.    The Federal Defendants deny the allegations of paragraph 484.

485.    The Federal Defendants deny the allegations of paragraph 485

486.    The Federal Defendants deny the allegations of paragraph 486.

487.    The Federal Defendants deny the allegations of paragraph 487.

488.    The Federal Defendants deny the allegations of paragraph 488.

### COUNT 28: NEPA Requires Siting of Air Quality Monitors to Determine a Baseline Concentration of PM2.5

489.    The Federal Defendants incorporate by reference the responses to paragraph 1 to 489.

490.    Paragraph 490 characterizes a regulation which is a conclusion of law to which no response is required.

491.    Paragraph 491 references a regulation which is a conclusion of law to which no response is required.

492.    Paragraph 492 references a regulation which is a conclusion of law to which no response is required.

493.    Paragraph 493 references a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 493.

494.    Paragraph 494 references a regulation which is a conclusion of law to which no response is required.

495.    The Federal Defendants deny the allegations of paragraph 495.

496.    Paragraph 496 references a regulation preamble which speaks for itself and is the best evidence of its contents.

497.    Paragraph 497 references a FHWA Guidance which speaks for itself and is the best evidence of its contents.

498.    Paragraph 498 characterizes a regulation which is a conclusion of law to which no response is required.

499.    Paragraph 499 characterizes a guidance document which speaks for itself and is the best evidence of its contents.

500.    The Federal Defendants deny the allegations in paragraph 500.

**COUNT 29: Failure to Estimate Current Background Emissions Using PM2.5 Data from Existing Monitors in the DC-MD-VA Nonattainment Area that Are Close to Heavily Trafficked Highways is Arbitrary and Capricious**

501.    The Federal Defendants incorporate by reference the allegations set forth in the paragraphs above.

502.    The Federal Defendants deny the allegations in paragraph 502.

503.    Paragraph 503 characterizes documents which speak for themselves and are the best evidence of their contents.

504.    Paragraph 504 characterizes Plaintiff's comments on the PM2.5 Project-Level Conformity Determination, which speaks for itself and is the best evidence of its content.

505.    Paragraph 505 characterizes the PM2.5 Project-Level Conformity Determination, which speaks for itself and is the best evidence of its content.

506.    Paragraph 506 consists of characterizations of Plaintiffs' comments on the conformity determination, which speak for themselves and is the best evidence of its content.

507.    The Federal Defendants deny the allegations of paragraph 507.

508.    The Federal Defendants deny the allegations of paragraph 508.

509.    The Federal Defendants deny the allegations of paragraph 509.

510.    The Federal Defendants deny the allegations of paragraph 510.

511.    The Federal Defendants deny the allegations of paragraph 511.

512.    The Federal Defendants deny the allegations of paragraph 512.

**COUNT 30: Failure to Determine the Ratio of Future to Current Traffic for the Analysis Year at Hot Spot Location #1**

513.    The Federal Defendants incorporate by reference the responses to paragraphs 1 to 512.

514.    Paragraph 514 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 514.

515.    Paragraph 515 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its content.

516.    Paragraph 516 characterizes the final and proposed ICC project level conformity determinations, which speak for themselves and are the best evidence of its contents.

517.    Paragraph 517 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its content.

518.    The Federal Defendants deny the allegations of paragraph 518.

519.    The Federal Defendants deny the allegations of paragraph 519.

520.    The Federal Defendants deny the allegations of paragraph 520

**COUNT 31: Failure to Determine the Ratio of Future to Current Traffic for the Analysis Year at Hot Spot Location #2**

521.    The Federal Defendants incorporate by reference the responses for paragraphs 1 to 520.

522.    Paragraph 522 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its content.

523.    Paragraph 523 characterizes the ICC project level conformity determination, which

speaks for itself and is the best evidence of its content.

524.    The Federal Defendants deny the allegations of paragraph 524.

525.    The Federal Defendants deny the allegations of paragraph 525.

526.    The Federal Defendants deny the remaining allegations of paragraph 526.

527.    Paragraph 527 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its content.

528.    Paragraph 528 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its content.

529.    The Federal Defendants deny the allegations of paragraph 529.

530.    Paragraph 530 is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 530.

531.    Paragraph 531 is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 531.

**COUNT 32: Using Projected Average Traffic Estimates for 2010 that are Less than Current Monitored Traffic at the Hot Spot Locations and Less than Estimates Published by FHWA is Arbitrary and Capricious**

532.     The Federal Defendants incorporate by reference the responses to paragraphs 1 to 531.

533.     Paragraph 533 characterizes the ICC project level conformity determination that speaks for itself.  To the extent a response is required, Federal Defendants deny the allegations of paragraph 533.

534.     Paragraph 534 characterizes a traffic report, which speaks for itself and is the best

evidence of its content.

535.    Paragraph 535 characterizes a traffic report, which speaks for itself and is the best evidence of its content.

536.    Paragraph 536 characterizes a traffic report and the ICC project level conformity determination, which speak for themselves and are the best evidence of their content.

537.    Paragraph 537 characterizes a traffic report, which speaks for itself and is the best evidence of its content.

538.    Paragraph 538 characterizes a traffic report, which speaks for itself and is the best evidence of its content.

539.    Paragraph 539 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its content.

540.    Paragraph 540 characterizes a traffic report, which speaks for itself and is the best evidence of its content.

541.    The Federal Defendant deny the allegations of paragraph 541.

542.    The Federal Defendants deny the allegations of paragraph 542.

**COUNT 33: Not Using Emissions Factors from MOBILE6.2 in the Manner Required by the Conformity Rule is Arbitrary and Capricious**

543.    The Federal Defendants incorporate by reference the responses to paragraph 1 to 542.

544.    Paragraph 544 characterizes a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 544.

545.    The Federal Defendants deny the allegations of paragraph 545

546.    The Federal Defendants deny the allegations of paragraph 546.

547.    Paragraph 547 characterizes a regulation, which is a conclusion of law to which no response is required.

548.    Paragraph 548 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its contents.

549.    Paragraph 549 characterizes the MPO's Conformity Determination for December, 2005, which speaks for itself and is the best evidence of its contents.

550.    Paragraph 550 characterizes the MPO's Conformity Determination for December, 2005, which speaks for itself and is the best evidence of its contents.

551.    Paragraph 551 characterizes the MPO's Conformity Determination for December, 2005, which speaks for itself and is the best evidence of its contents.

552.    Paragraph 552 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its contents.

553.    Paragraph 553 characterizes a regulation, which is a conclusion of law to which no response is required, and the ICC project level conformity determination, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 553.

554.    The Federal Defendants deny the allegations of paragraph 554.

**COUNT 34: Conformity with Revised NAAQS for PM2.5 Has Not Been Determined**

555.    The Federal Defendants incorporate by reference the responses to allegations 1 to 554.

556.    Paragraph 556 characterizes the ICC project level conformity determination, which

speaks for itself and is the best evidence of its contents.

557.    Paragraph 557 characterizes a regulation which is a conclusion of law to which no response is required.

558.    Paragraph 558 characterizes comments, which speak for themselves and are the best evidence of their contents.

559.    Paragraph 559 characterizes a regulation which is a conclusion of law to which no response is required.

560.    Paragraph 560 characterizes the ICC project level conformity determination, which speaks for itself and is the best evidence of its contents.  .

561.    Paragraph 561 characterizes a statute and regulations which are conclusions of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 561.

**COUNT 35: No Determination Has Been Made that Project Emissions Will Not Delay Timely Attainment of the NAAQS**

562.    The Federal Defendants incorporate by reference the responses to paragraphs 1 to 561.

563.    The  Federal Defendants deny the allegations of paragraph 563.

564.     Paragraph 564 references a statute which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 564.

565.     The Federal Defendants deny the allegations of paragraph 565.

**COUNT 36: Adequate Opportunity for Comment Has Not Been Provided as**

**Required by Law**

566.    The Federal Defendants incorporate by reference their responses to paragraphs 1

through 565.

567.    Paragraph 567 references a regulation which is a conclusion of law to which no

response is required.  To the extent a response is required, the Federal Defendants deny the

allegations of paragraph 567.

568.    Paragraph 568 references a regulation which is a conclusion of law to which no

response is required.

569.    Paragraph 569 references a regulation which is a conclusion of law to which no

response is required.  To the extent a response is required, the Federal Defendants deny the

allegations of paragraph 569.

570.     Paragraph 570 references a regulation which is a conclusion of law to which no

response is required.

571.    The Federal Defendants deny the allegations of paragraph 571.

572.     Paragraph 572 references a regulation preamble which speaks for itself and is the best

evidence of its contents.

573.    Paragraph 573 references FHWA Guidance which speaks for itself and is the best

evidence of its contents.

574.    The Federal Defendants deny the allegations of paragraph 574.

575.    The Federal Defendants deny the allegations of paragraph 575.

576.    Paragraph 576 references a regulation which is a conclusion of law to which no

response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 576.

577.    The Federal Defendants admit that comment period for the ICC Project level conformity determination was 30 days, and deny the remaining allegations of paragraph 577.

578.    The Federal Defendants admit that a letter was submitted by Plaintiffs dated April 8, 2006, the content of which speaks for itself and is the best evidence of its content.

579.    Paragraph 579 characterizes a letter written by Plaintiffs, which speaks for itself and is the best evidence of its contents.

580.    Federal Defendants admit that the requested information was provided to the extent that such information existed, and that a 30-day public comment period was provided, but deny the remaining allegations of paragraph 580.

581.    Paragraph 581 references a regulation which is a conclusion of law to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations of paragraph 581.

582.    The Federal Defendants deny the allegations of paragraph 582.

583.    The Federal Defendant deny the allegations of paragraph 583.

584.    The Federal Defendants deny the allegations of paragraph 584.

**COUNT 37: The MPO Unlawfully Included the ICC Project in the Metropolitan TIP Before the Project Was Found to Conform**

585.    Paragraph 585 characterizes a statute which is a conclusion of law to which no response is required.

586.    Paragraph 586 characterizes a statute which is a conclusion of law to which no

response is required.

587.    The Federal Defendants deny the allegations of paragraph 587.

588.    The Federal Defendants deny the allegations of paragraph 588.

**COUNT 38: FOIA**

589.    The Federal Defendants admit that plaintiffs sent FHWA a letter dated November 7, 2006, the contents of which speak for itself.  The Federal Defendants deny the remaining allegations of paragraph 589.

590.    Paragraph 590 contains conclusions of law to which no response is required.  To the extent a response is required, those allegations are denied.

591.    The Federal Defendants deny the allegations of paragraph 591.

592.    The Federal Defendants deny the allegations of paragraph 592.

593.    Paragraph 593 contains conclusions of law to which no response is required.  To the extent a response is required, those allegations are denied.

**PRAYER FOR RELIEF**

The balance of the complaint contains Plaintiffs' prayer for relief and not allegations of fact to which an answer is required.  To the extent an answer is required, the Federal Defendants deny that Plaintiffs are entitled to the requested  relief or to any relief whatsoever.


The Federal Defendants deny each and every any allegation of the Complaint that is not expressly admitted.

**AFFIRMATIVE DEFENSES**

1.       Counts 9, 10, 11, 12, 13, 14, 15 and 37 fail to state a claim upon which relief

can be granted.

2.       Count 38 (FOIA) is not ripe for judicial review.

3.       The claim for injunctive relief is barred by the doctrine of laches.

4.       The claims are barred by the applicable statute of limitations.


Respectfully submitted,


MATTHEW MCKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

CYNTHIA J. MORRIS (D.C. Bar No. 358776)
SCOTT J. JORDAN (D.C. Bar No. 415692)
Environmental Defense Section
WELLS BURGESS
LAURA MAROLDY
RACHEL DOUGAN
Natural Resources Section
P.O. Box 3986
Washington, DC  20026-3986
(202) 616-7554 (Morris)
(202) 514-9275 (Jordan)
E-mail: C.J.Morris@usdoj.gov
E-mail: Scott.Jordan@usdoj.gov
(202) 305-0445 (Burgess)
E-mail: Wells.Burgess@usdoj.gov

By:     _/s/ Scott J. Jordan_
Scott J. Jordan

Dated: March 13, 2007

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on March 13, 2007, I caused to be served a true and accurate copy of the foregoing ANSWER TO COMPLAINT by filing through this Court's electronic filing system and by direct electronic transmission upon:

| | |
|---|---|
| Hope Madeline Babcock<br>babcock@law.georgetown.edu | Attorney for Plaintiffs |
| | |
| Erik B. Bluemel<br>ebb25@law.georgetown.edu | Attorney for Plaintiffs |
| | |
| Margaret N. Strand<br>mstrand@venable.com | Attorney for Defendants Metropolitan Washington Council of Governments, Jay Fishette, National Capital Region Transportation Planning Board, and Michael Knapp |

and by direct electronic transmission upon:

| | |
|---|---|
| Robert E. Yuhnke<br>bob.yuhnke@prodigy.net | Attorney for Plaintiffs |


                                                _____

                                                Scott J. Jordan