**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ENVIRONMENTAL DEFENSE and )
SIERRA CLUB, Inc., )
 )
            Plaintiffs, )
 )
v. )        Civil Action No.
 )        06-2176(GK)
UNITED STATES DEPARTMENT OF )
TRANSPORTATION, et al., )
 )
            Defendants. )
 )
_____)

**ENVIRONMENTAL DEFENSE AND SIERRA CLUB'S MOTION FOR STAY**
**OF BRIEFING ON THE MOTION TO DISMISS FILED BY METRPOLITAN**
**WASHINGTON COUNCIL OF GOVERNMENTS, ET AL. AND**
**MOTION TO CONDUCT PRELIMINARY DISCOVERY**

Environmental Defense and Sierra Club (collectively, "Plaintiffs") respectfully request

that this Court stay the briefing of Metropolitan Washington Council of Governments, Vincent

C. Gray, National Capital Region Transportation Planning Board, and Katherine Hutchins'

(collectively, "MPO Defendants") Motion to Dismiss up to and including May 3, 2007 to permit

Plaintiffs to conduct preliminary discovery, pursuant to Federal Rules of Civil Procedure 26(d)

and 26(f), necessary to respond to the MPO Defendants' motion.

Plaintiffs commenced this action on December 20, 2006. On January 30, 2007, MPO

Defendants submitted, and this Court granted, a request for an extension until March 13, 2007 to

respond to Plaintiffs' Complaint. On March 8, 2007, MPO Defendants filed a motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6). As of the date of this filing, MPO

Defendants have not provided an answer to Plaintiffs' Complaint. In their motion to dismiss, the

MPO Defendants argue, among other things, that they cannot be sued under the Administrative Procedures Act, 5 U.S.C. § 701-06, because they are not federal agencies.

The implicit argument underlying MPO Defendants' motion is whether they are subject to suit under federal, or indeed, any law. Certainly, MPO Defendants would seek to vindicate their rights in court if they are injured, and their motion does not disclaim the right to sue. MPO Defendants' argument, however, suggests that while they can sue, they are immune from suit. Plaintiffs believe such a suggestion is not legally correct.

MPO Defendants are interstate entities created to fulfill the requirements of 23 U.S.C. § 134 as those requirements pertain to the National Capital Region. The National Capital Region covers the District of Columbia, portions of Maryland, including Montgomery and Prince George's counties, and portions of Northern Virginia. Each state could have established a wholly intrastate metropolitan planning organization to fulfill the requirements of 23 U.S.C. § 134. Such organizations would be held to account under state law, if they violated the requirements of 23 U.S.C. § 134. MPO Defendants essentially argue, however, that because the states agreed to create an interstate entity to accomplish what could have been accomplished by three separate intrastate entities, MPO Defendants are immune from suit. Plaintiffs intend to file a response to MPO Defendants' motion to dismiss to refute this improper conclusion and hold MPO Defendants accountable under the Administrative Procedures Act.

Plaintiffs acknowledge that they did not explicitly allege that MPO Defendants are federal agencies in their Complaint. Plaintiffs did not make this allegation because information concerning the nature of MPO Defendants is not publicly available. Plaintiffs did, however, allege that MPO Defendants violated the Administrative Procedures Act, which is applicable to federal agencies. This Circuit has concluded that agencies created pursuant to interstate

compacts, when sufficient federal interest and contacts exist, may be subjected to judicial review of their actions under the Administrative Procedures Act.  Elcon Enterps., Inc. v. Wash. Metro. Area Transit Auth., 977 F.2d 1472, 1479-80 (D.C. Cir. 1992).  Plaintiffs believe that when the MPO Defendants are acting to exercise the federal planning powers delegated by Congress in section 134, the MPO is sufficiently "federal" to invoke judicial review under the Administrative Procedures Act. Limited discovery is needed to resolve what certainly could be factual disputes regarding the extent of MPO Defendants' federal interests and contacts.

Plaintiffs have attached, as Exhibit A to this motion, a request for production of documents that would permit Plaintiffs to respond fully to MPO Defendants' motion to dismiss. Plaintiffs request documents establishing the Metropolitan Washington Council of Government and National Capital Region Transportation Planning Board, interstate agreements addressing the scope of the MPO Defendants' authority and composition, the extent to which the MPO Defendants receive federal, state, or local funding, and whether such funding is provided as discretionary grants or as dedicated funds.  These documents all relate to the MPO Defendants' actions as the federally designated metropolitan planning organization pursuant to 23 U.S.C. § 134(d).  The documents are essential to Plaintiffs' response to MPO Defendants' defenses that their violations of 23 U.S.C. § 134, which was enacted to serve the mobility needs of area residents by requiring, *in particular*, the MPO Defendants to follow certain procedures and accomplish national transportation objectives, are not actionable in this Court.

Plaintiffs believe the preferred resolution of this matter is to grant a stay of the briefing on MPO Defendants' motion to dismiss pending completion of Plaintiffs' limited discovery requests on the factual issue of the federal character of the MPO Defendants.  Granting discovery in such a situation is well-recognized by the courts.  See, e.g., Crawford-El v. Britton, 523 U.S.

574, 593 n.14 (1998) ("[L]imited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity."); Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 532 (3d Cir. 2007) (noting that the district court permitted discovery to determine whether a defendant was immune from suit); United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 716 (10th Cir. 2006) (same); Lynch v. Pub. Sch. Retirement Sys. of Mo., Board of Trustees, 27 F.3d 336, 337 (8th Cir. 1994) (same); Strykowski v. Ne. Ill. Reg'l Commuter R.R. Corp., 30 F.3d 136 (7th Cir. 1994) (Table) (unpublished) (same); Abdullah v. Washington, 437 F. Supp. 2d 137, 142 (D.D.C. 2006) ("Further discovery is needed to determine whether or not the individual defendants are entitled to qualified immunity.").

In the not dissimilar context of establishing personal jurisdiction, this Circuit has also recognized that a plaintiff "faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery." Second Amendment Found. v. U.S. Conf. of Mayors, 274 F.3d 521, 525 (D.C. Cir. 2001) (internal quotation omitted); see also Millicom Int'l Cellular v. Rep. of Costa Rica, 1997 WL 527340, at *4 (D.D.C. 1997) (granting plaintiff's motion for stay of briefing on a motion to dismiss pending preliminary discovery on questions involving defendants' immunity). Plaintiffs have previously sought to obtain from the MPO Defendants many of the documents requested in Plaintiffs' request for production, to no avail. As there has been no discovery conference, Plaintiffs request this Court to permit Plaintiffs to conduct limited preliminary discovery pursuant to Federal Rules of Civil Procedure 26(d) and 26(f) on questions related to Defendants' federal character.

Although Plaintiffs retain their ability to amend their Complaint as-of-right pursuant to Federal Rule of Civil Procedure 15(a), and are willing to amend their Complaint to address MPO

Defendants' motion to dismiss, Plaintiffs invite the Court to permit limited preliminary discovery for purposes of establishing MPO Defendants' federal character.  Doing so would avoid the unnecessary and laborious exercise of having Plaintiffs amend their Complaint with allegations of MPO Defendants' federal character on "information and belief" to overcome the motion to dismiss, MPO Defendants' renewing their motion (which would be converted into a summary judgment motion), and proceeding with the requested limited discovery at that time.

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' motion for a stay of briefing on MPO Defendants' motion to dismiss up to and including May 3, 2007, pending the conclusion of limited discovery on the federal character of MPO Defendants, which Plaintiffs believe can be accomplished by that time.

DATED:      March 15, 2007                    Respectfully submitted,

    /s/  Hope Babcock      
Hope Babcock, Director
    (Fed/D.C. Bar No. 14639)
Erik Bluemel, Staff Attorney
    (D.C. Bar No.501869)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C.  20001
Phone: 202-662-9535
Fax: 202-662-9634

Robert E. Yuhnke
    (C.O. Bar No. 012686)
Robert E. Yuhnke & Associates
2910 Country Road 67
Boulder, CO  80303
Phone: 303-499-0425

*Counsel for Plaintiffs*
*Environmental Defense and Sierra Club*

## CERTIFICATE OF CONFERENCE

On March 15, 2007, pursuant to Local Rule of Civil Procedure 7(m), I conferred with Margaret Strand, counsel for MPO Defendants, regarding Plaintiffs' motion for a stay of the briefing on MPO Defendants' motion to dismiss and Plaintiffs' motion for preliminary discovery.  MPO Defendants oppose the motion.

 /s/  Erik Bluemel                              
Erik Bluemel

## CERTIFICATE OF SERVICE

I hereby certify that on this day, March 15, 2007, I caused to be served a true and correct copy of the foregoing Plaintiffs' Motion for Stay of Briefing on the Motion to Dismiss filed by MPO Defendants Pending Limited Discovery, Proposed Order, and Exhibit by filing through this Court's electronic filing system and by direct electronic transmission on:

| | |
|---|---|
| Cynthia J. Morris<br>C.J.Morris@usdoj.gov | Attorney for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |
| Margaret N. Strand<br>mstrand@venable.com | Attorney for Defendants Metropolitan Washington Council of Governments, Jay Fisette, National Capital Region Transportation Planning Board, and Michael Knapp |

and by direct electronic transmission on:

Wells Burgess
Wells.Burgess@usdoj.gov

Laura Maroldy
Laura.Maroldy@usdoj.gov

Rachel Dougan
Rachel.Dougan@usdoj.gov

| | |
|---|---|
| Scott J. Jordan<br>Scott.Jordan@usdoj.gov | Attorneys for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |

_/s/ Erik B. Bluemel_____
Erik B. Bluemel

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                    )
ENVIRONMENTAL DEFENSE and                 )
SIERRA CLUB, Inc.,                                          )
                                                                    )
                    Plaintiffs,                                    )
                                                                    )
                                                                    )
v.                                                                   )          Civil Action No.
                                                                    )          06-2176(GK)
UNITED STATES DEPARTMENT OF           )
TRANSPORTATION, et al.,                          )
                                                                    )
                    Defendants.                                )
                                                                    )
_____)

**ENVIRONMENTAL DEFENSE AND SIERRA CLUB'S REQUEST FOR PRODUCTION**
**OF DOCUMENTS FROM METROPOLITAN WASHINGTON COUNCIL OF**
**GOVERNMENTS, ET AL.**

Environmental Defense and the Sierra Club, by counsel, submit this request to the

Metropolitan Washington Council of Governments, Vincent C. Gray, National Capital Region

Transportation Planning Board, and Katherine Hutchins to produce documents.  The requested

documents shall be produced for inspection and copying at the offices of the Institute for Public

Representation, Georgetown University Law Center, 600 New Jersey Avenue, N.W.,

Washington, D.C. 20001.

<u>Definitions and Instructions</u>

A.  "Documents" shall have the same meaning as the terms "documents or electronically

stored information" as defined by Federal Rule of Civil Procedure 34(a), including but not

limited to:  "writings, drawings, graphs, charts, photographs, sound recordings, images, and other

data or data compilations stored in any medium from which information can be obtained."

B.  For any Documents no longer in existence, or which cannot be located, identify the Document, state how and when it passed out of existence or why it cannot be located, and identify each person having knowledge concerning such disposition or loss.

C.  The request for production of Documents is continuing and any Document obtained or located subsequent to production that should have been produced had it been available, or its existence known at that time, shall be supplied immediately.

D.  If any claim of privilege is asserted as to any Document, or portion thereof, furnish a list specifying each Document, or part thereof, for which the privilege is claimed and the following information about each such item: date; author; recipients and their job titles; basis on which privilege is claimed; the paragraph or subparagraph of the request for production to which the Document responds; and a sufficient description of the subject matter of the Document (without disclosing its contents) to allow its description to the Court for ruling on the claim of privilege.

<u>Request for Production of Documents</u>

Produce the following Documents:

1.  All Documents establishing the Metropolitan Washington Council of Governments ("MWCOG"), including but not limited to state legislation adopting, recognizing, or approving the establishment of MWCOG.

RESPONSE:

2.  All Documents establishing the National Capital Region Transportation Planning Board ("TPB"), including but not limited to state legislation adopting, recognizing, or approving the establishment of the TPB.

RESPONSE:

3.  All Documents describing any agreement between Maryland, Virginia, and the District of Columbia to recognize TPB as the Metropolitan Planning Organization ("MPO") for the National Capital Region.

RESPONSE:

4.  All Documents describing any interstate agreement affecting the composition, jurisdiction, rights, or duties of TPB or MWCOG.

RESPONSE:

5.  All Documents relating to federal agency approval of TPB as the MPO.

RESPONSE:

6.  All Documents describing the sources and amounts of funding for the operation and management of TPB, including the percentages of total funding received by source, and the type of funding (e.g., grants, self-generated revenues, donations, scheduled contributions from member entities, etc.), for the last five fiscal years, as well as projections for the current and next four fiscal years.  Plaintiffs do not request financial statements, but rather a general overview of the funding structure of the TPB.  In the absence of responsive Documents to this request, Plaintiffs request a sworn affidavit describing the funding structure of the TPB as described in the first sentence of this request.

RESPONSE:

7.  All Documents describing the amount of federal funds allocated to TPB for programming through the transportation planning process and the purposes for which such funds have been used for the last five fiscal years, as well as projections for the current and next four fiscal years.  Plaintiffs do not request the actual grant approval documents, but rather a general overview of the federal funds available for programming by the TPB.  In the absence of

responsive Documents to this request, Plaintiffs request a sworn affidavit describing the federal

grants received by the TPB as described in the first sentence of this request.

RESPONSE:

8.  All Documents relating to federal, TPB, or Maryland approvals of the FY2005-2010

and FY2006-2011 Transportation Improvement Programs.

RESPONSE:

9.  All Documents relating to federal, TPB, or Maryland approvals of the 2004 and 2005

Constrained Long-Range Plans.

RESPONSE:

10.  All Documents, including cover sheets and attachments, transmitting any one of the

FY2005-2010 or FY2006-2011 Transportation Improvement Programs or the 2004 or 2005

Constrained Long-Range Plans, or any combination thereof, to Maryland State Highway

Administration, Maryland Department of Transportation, or to any other Maryland state official

or agency for review and approval.

RESPONSE:

11.  All Documents, including cover sheets and attachments, transmitting any one of the

aforementioned approved plans and programs, or any combination thereof, from Maryland State

Highway Administration, Maryland Department of Transportation, or from any other Maryland

official or agency to the Federal Highway Administration, U.S. Department of Transportation, or

the United States Secretary of Transportation for review and approval.

RESPONSE:

12.  All Documents relating to federal review, evaluation, and approval of any Maryland Consolidated Transportation Program relating to the years 2004, 2005, or 2006 or any Maryland Transportation Plan relating to the years 2004, 2005, or 2006.

RESPONSE:

13.  All Documents relating to self-certifications conducted by the TPB pursuant to 23 CFR § 450.334.

RESPONSE:

DATED:      March 15, 2007                  /s/  Hope Babcock
                                            Hope Babcock, Director
                                                  (Fed/D.C. Bar No. 14639)
                                            Erik Bluemel, Staff Attorney
                                                  (D.C. Bar No.501869)
                                            Institute for Public Representation
                                            Georgetown University Law Center
                                            600 New Jersey Avenue, N.W.
                                            Washington, D.C.  20001
                                            Phone: 202-662-9535
                                            Fax: 202-662-9634

                                            Robert E. Yuhnke
                                                  (C.O. Bar No. 012686)
                                            Robert E. Yuhnke & Associates
                                            2910 Country Road 67
                                            Boulder, CO  80303
                                            Phone: 303-499-0425

                                            *Counsel for Plaintiffs*
                                            *Environmental Defense and Sierra Club*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ENVIRONMENTAL DEFENSE and ) | |
| SIERRA CLUB, Inc., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 06-2176(GK) |
| UNITED STATES DEPARTMENT OF ) | |
| TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**[PROPOSED] ORDER**

The motion of Environmental Defense and Sierra Club to conduct preliminary discovery pursuant to Rules 26(d) and 26(f) to ascertain MPO Defendants' federal character is GRANTED.

Further, the motion of Environmental Defense and Sierra Club to stay the briefing of the motion to dismiss filed by Metropolitan Washington Council of Governments, Vincent C. Gray, National Capital Region Transportation Planning Board, and Katherine Hutchins up to and including May 3, 2007, until such preliminary discovery is concluded, is GRANTED.

SO ORDERED.

Dated: March _____, 2007

_____
Gladys Kessler
United States District Judge