# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:06-cv-02176-GK |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### THE STATE OF MARYLAND'S MOTION TO INTERVENE

The State of Maryland, by and through its agencies, including but not limited to the Maryland Department of Transportation (MDOT), the Maryland State Highway Administration (SHA) and the Maryland Transportation Authority (MdTA) (collectively, the "State of Maryland"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby moves to intervene in the above-captioned action, and, in support thereof, states:

1.      The State of Maryland meets the requirements for intervention of right under Fed.R.Civ.P. 24(a)(2).

2.      Alternatively, the State of Maryland should be permitted to intervene pursuant to Fed.R.Civ.P. 24(b)(2).

3.      Intervention in this action by the State of Maryland is a prerequisite to its seeking a transfer of venue.  Contemporaneously herewith, the State of Maryland is submitting a memorandum in support of the Federal Defendants' Motion to Transfer [Docket No. 9].

4.      The Federal Defendants support the State of Maryland's intervention in this action.  In their Motion to Transfer, the Federal Defendants note the State of Maryland's motion

to intervene filed in the related case pending in the United States District Court for the District of Maryland, which was unopposed and granted on February 22, 2007.  Fed.Def.Mot., pp. 14.

5.    Plaintiffs have been advised of the State of Maryland's desire to intervene in this action.  Plaintiffs represent that they neither support nor oppose the State of Maryland's intervention in this action in this Court.

6.    The State of Maryland incorporates by reference the accompanying Memorandum in Support of the State of Maryland's Motion to Intervene as if fully set forth herein.

7.    A proposed Answer to the Complaint also accompanies this Motion.

WHEREFORE, the State of Maryland respectfully requests the following relief:

(A)    That the State of Maryland be granted intervention of right, or in the alternative, be permitted to intervene in this action.

(B)    Such other and further relief as the Court may allow.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_/s/ Linda D. Strozyk_____
Linda D. Strozyk, Fed Bar No. 429514
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

_/s/ Kristin Case Lawrence_____
Kristin Case Lawrence, Fed Bar No. 461011
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of March, 2007, that a copy of the foregoing

Motion to Intervene and Memorandum in Support, along with the attached Memorandum in

Support of the Motion to Transfer filed by Federal Defendants and Proposed Order was sent, via

electronic mail, to:

Hope Madeline Badcock, Esquire
George Town University Law Center
*babcock@law.georgetown.edu*
*Attorneys for Environmental Defense & Sierra Club, Inc.*

Erik B. Bluemel, Esquire
Institute for Public Representation
*ebb25@law.georgetown.edu*

Cynthia J. Morris, Esquire
United States Department of Justice
Environment and Natural Resources Division
C.J.Morris@usdoj.gov
*Attorneys for Federal Highway Administration, Mary Peters, J. Richard Capka*

Scott Jeffrey Jordan, Esquire
United States Department of Justice
Environment and Natural Resources
scott.jordan@usdoj.gov

Margaret N. Strand, Esquire
VENABLE,LLP
mstrand@venable.com
*Attorney for Metropolitan Washington Council of Governments, Jay Fisette, National Capital Region Transportation Planning Board, and Michael Knapp*

*/s/ Linda D. Strozyk*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL DEFENSE, *et al.*          *

      Plaintiffs,          *

v.          *          Civil Action No. 1:06-cv-02176-GK

UNITED STATES DEPARTMENT OF          *
TRANSPORTATION, *et al.*
          *
      Defendants.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF THE
STATE OF MARYLAND'S MOTION TO INTERVENE**

      The State of Maryland, through its attorneys, Douglas F. Gansler, Attorney General of Maryland, and Linda D. Strozyk, Assistant Attorney General, hereby submits this Memorandum in Support of its Motion to Intervene.

**INTRODUCTION**

      The State of Maryland is moving to intervene in this case in order to support the transfer of this matter to the United States District Court for the District of Maryland. A related case is pending in that court, *Audubon Naturalist Society, et al. v. United States Department of Transportation, et al.,* Case No. 06-3386-AW. The State of Maryland filed a motion to intervene in that action, which was unopposed and granted on February 22, 2007. The United States Department of Transportation ("DOT"), Mary E. Peters, in her official capacity as Secretary of the DOT, the Federal Highway Administration ("FHWA"), and K. Richard Capka, in his official capacity as FHWA's Administrator (collectively, the "Federal Defendants") filed a motion to transfer this case to the District of Maryland on February 21, 2007 [Dkt. No. 9]. The Defendants Metropolitan Washington Council Of

Governments; Vincent C. Gray, in his official capacity as Board Chair of the Metropolitan Council of Governments; National Capital Region Transportation Planning Board; and Katherine Hutchins, in her official capacity as Chairperson of the National Capital Region Transportation Planning Board (collectively, the "COG and TPB Defendants") filed a Reply to Plaintiff's Opposition to Federal Defendants Motion to Transfer Venue on March 9, 2007 [Dkt. No.15 ], supporting the requested transfer of venue.

Contemporaneously herewith, the State of Maryland is submitting a Memorandum in Support of Federal Defendants' Motion to Transfer. Intervention in this action by the State of Maryland is a prerequisite to its seeking a transfer of venue.[1] Accordingly, the State of Maryland is requesting that it be permitted to intervene.

## FACTUAL BACKGROUND

The State of Maryland has proposed a major public works project to construct a multi-modal state highway known as the InterCounty Connector Project (the "ICC"). The ICC will be know as MD 200, and will be an 18 mile link between the I-270/I-370 corridor in Montgomery County, Maryland with the I-95/Route 1 corridor in Prince George's County, Maryland. In order to construct the ICC, the State was required to obtain several federal approvals. In this action, the Plaintiffs seek to block Maryland's public works initiative by challenging the issuance of those federal approvals and even the inclusion of the ICC in the State's transportation plan.

## ARGUMENT

I.    **THE STATE OF MARYLAND IS ENTITLED TO INTERVENE TO PROTECT IMPORTANT PUBLIC INTERESTS THAT ARE AT STAKE IN THIS LITIGATION.**

The State is entitled to intervene in this action as of right under Federal Rule of Civil

Procedure 24(a)(2).  Intervention as of right under that provision is justified where the proposed intervenor satisfies four requirements:  (1) the applicant must have an interest in the subject matter sufficient to merit intervention; (2) disposition of the action might impair or impede the applicant's ability to protect its interest; (3) the applicant's interest is not adequately represented by the existing parties to the litigation; and (4) the application must be timely.  *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *Friends of Animals v. Kempthorne,* 452 F.Supp.2d 64, 68 (D.D.C 2006).  These requirements are to be construed liberally in favor of intervention.  *See Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); *Textile Workers Union v. Allendale Co.*, 226 F.2d 765, 767 (D.C. Cir. 1955).  The State of Maryland meets the requirements for intervention of right under Rule 24(a) as discussed below.

### A.    The State Of Maryland Has A Vital Interest In The Environmental Studies For And The Implementation Of The ICC.

The ICC is a vital public works initiative for the citizens of Maryland.  The State initiated the environmental studies for the ICC and was extensively involved in the lengthy administrative processes challenged by the Plaintiffs in this case.  The project at issue not only serves vital transportation needs of Maryland citizens but is unprecedented in its commitment to minimizing the impact of the highway on other important public concerns.  Furthermore, under the unique financing structure of the ICC, a significant majority of the estimated $2.45 billion total cost of the ICC is funded with State dollars.

An east-west highway connecting I-95/US1 in Prince George's County Maryland to western Montgomery County Maryland was first proposed in the 1950s and has been a component of local and State transportation plans ever since.  These plans, designed to balance land use, environmental,

---

1 *See US, ex rel. v. Payne and Dolan, Inc.*, 2003 WL 23197876 (W.D.Wis.2003).

and transportation needs, were continually reviewed and updated by the Maryland National Capital Park and Planning Commission and the Montgomery and Prince George's County governments with extensive public participation.

Previous proposals to build the highway underwent extensive review and comment in the 1980s and 1990s, as part of two separate federal studies under the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* ("NEPA"). Subsequently, the Governor of Maryland, convening the Blue Ribbon Panel, TPB and local governments conducted broad studies of the transportation and land use issues confronting this bi-county region. The Blue Ribbon Panel, TPB and Montgomery County all independently concluded that the transportation issues facing the region were so complicated that no single project could cure them. While each of these studies produced varying recommendations, the studies uniformly concluded that an east-west highway initiative was necessary.

In the half-century since an east-west highway was first proposed, the need for increased mobility and transportation safety has increased. In the 1990s alone, the population within the region grew by more than 25%. The only east-west limited access highway connecting Montgomery and Prince George's Counties, I-495, is located on the southern edge of the region and operates under congested conditions much of the time. Drivers in the region also use narrow roads not designed for longer east-west trips, creating congestion on those roads and long delays. The existing congestion is expected to worsen in the coming decades.

In response to these long-standing problems and in accordance with the recommendations of transportation and land use planning experts, federal, county and State transportation officials concluded that efforts to pursue the ICC project should be renewed. In early 2003, the ICC was

designated by the United States Department of Transportation as a priority project for the State under Executive Order 13274, and the NEPA study process was begun. Pursuant to that executive order, the NEPA study proceeded by involving 21 federal, State and local transportation, environmental, and planning agencies. The State of Maryland was thus involved early and integrally in the federal administrative process through the participation of the Maryland State Highway Administration ("SHA"), the Maryland Transportation Authority ("MdTA"), the Maryland Department of the Environment ("MDE") and other State agencies. Maryland citizens were also intensively involved in the NEPA study process, which incorporated a comprehensive public involvement plan, including public meetings, workshops, and hearings attended by thousands of Maryland citizens.

Maryland's participation was crucial because of the difficulty of balancing transportation, environmental and socioeconomic needs in this monumental public works initiative. The State's active participation was also vital because of the need to coordinate federal administrative processes with State law and to ensure that State program objectives were properly taken into account. The early, continuous and extraordinary efforts of environmental resource protection agencies at the federal, State and local levels in offering solutions to avoid, minimize, and mitigate the impact of the highway produced an ICC very different from earlier proposals.

This collaborative process culminated in an ICC project that is consistent with State program objectives and is designed to minimize potential harm to the natural and human environment through engineering and design modifications to the proposed highway, a comprehensive mitigation package and a broad program of environmental stewardship activities. The resulting ICC plan involves an 18-mile controlled access highway with eight interchanges that will utilize electronic toll collection

at highway speeds, with a variable toll rate to reduce congestion. An important component of the project is an express bus service, with connections at major transit centers and car and bicycle park-and-ride facilities, which will carry an estimated 11,500 passengers daily. The ICC plan also expands bicycle and pedestrian trails, with construction of approximately 11.4 miles of new bicycle/pedestrian trails and 3.0 miles of reconstructed trails. The result will be a continuous east-west path extending the entire breadth of the ICC corridor and improving access to subway and bus stations. The project also includes 63 environmental stewardship activities that will address stresses caused by past development in the area. These environmental activities are in addition to measures required to mitigate the environmental impacts of the ICC. The project also incorporates a "mitigation package" which includes 20,700 linear feet of stream restorations, three fish blockages removal projects, creation of 83 acres of wetlands, 25 wildlife passage improvements, nearly 800 acres of new parkland and seven reforestation sites.

Plaintiffs allege that environmental assessments performed under NEPA were deficient. The State of Maryland initiated the challenged process for coordinating these environmental assessments, and it is the recipient of the approvals challenged by the Plaintiffs. As the project moves forward, the State will be primarily responsible for the funding, design and construction of the highway, as well as the environmental stewardship and mitigation programs that are incorporated in the ICC project as approved. The State of Maryland's interest in defending the approvals and permits issued through the challenged processes is sufficient to merit intervention as of right. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 135-36 (1967) (state's interest in competitive natural gas market was sufficient under Rule 24(a)(2)); *Environmental Defense Fund v. Costle*, 79 F.R.D. 235, 238-39 (D.D.C. 1978) (interest of state entities in a NEPA challenge regarding salinity

standards in the Colorado River Basin was sufficient under Rule 24(a)(2)); *Sierra Club v. Froehlke*, 359 F. Supp. 1289, 1336 (S.D. Tex. 1973) (interests of municipal governments in a NEPA challenge to a river project in those municipalities was sufficient under Rule 24(a)(2)). Plaintiffs' allegations of violations of the Clean Air Act ("CAA"), 42 U.S.C.§§7401-7671q, focus on the project-level PM2.5 conformity determination for the project and related allegations challenging the assessment under NEPA of air quality impacts. The air quality assessment and conformity determination were performed as part of the aforementioned collaborative process of which the State of Maryland was in the forefront. Thus, likewise, it is appropriate for the State to defend the allegations concerning these environmental analyses and the related allegations of violations of the CAA.

Plaintiffs also claim violations of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), 23 U.S.C. §134, focusing on the alleged failures of the COG and TPB Defendants in approving/amending the Transportation Improvement Program ("TIP") and the Constrained Long-Range Plan ("CLRP"), as well as approval of the Maryland State TIP by the Federal Defendants. The State's obvious interest in its own State TIP encompasses the Federal Defendants' approval thereof. The study area for the ICC project is within the bounds of the TIP and CLRP; the ICC has been included in these plans for years. The State of Maryland's interest in defending challenges to the approval and amendment to these plans should be seen as sufficient for the State's intervention as of right under Rule 24(a)(2) with respect to these claims as well.

The relief sought by Plaintiffs is in the form of a declaratory judgment, plus vacatur of the conformity determination; the approval of the Maryland State TIP; and the approval of, or authorization of, funding for the ICC project pending a revised EIS and appropriate findings required by FAHA and SAFETEA-LU. Plaintiffs also seek to enjoin the Federal Defendants from

7

transferring or authorizing the use of funds for any action related to the construction of the ICC project.  In short, regardless of which statutory basis they are claiming under, Plaintiffs seek to stop the ICC project from moving forward.  Because the State has a vital interest in implementation of the ICC, the State has a sufficient interest to intervene in this action in its entirety.

**B.    Disposition Of This Action Could Impair Or Impede The Interests Of The State.**

The consequences to the State of granting the types of relief sought by the Plaintiffs would be, if anything, *more* severe than the consequences felt by the named defendants.

Plaintiffs ask this Court to vacate the CLRP, the TIP and the State TIP, Complaint at 103, 104 (Prayer for Relief ¶¶ 5, 6), which would halt all transportation projects, not just the ICC, in the area.  To halt improvements to all transportation projects, highways, transit, bicycle and pedestrian facilities planned in Maryland would have a severe impact on the State.

The Plaintiffs' prayer for relief seeks vacatur of the approval of funding for the ICC project and remand to the federal defendants for preparation of a revised environmental impact statement, Complaint at 104 (Prayer for Relief ¶¶ 3, 7).  Additional injunctive relief sought is in the form of enjoining the federal defendants "from transferring or authorizing the use of funds approved prior to judgment for any action related to the construction of the ICC…"  Complaint at 105 (Prayer for Relief ¶10).  Such relief, nominally directed at funding by the federal defendants, would operate primarily on State agencies and would therefore, "*[a]s a practical matter*, impair or impede [*the State's*] ability to protect [its] interest[s].  Fed. R. Civ. P. 24(a)(2) (emphasis added).

Courts have also recognized that the potential monetary impact of litigation can satisfy this element of the standard for intervention as of right.  *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 733-35 (D.C. Cir. 2003).  The State has already expended considerable resources in the three-

year environmental impact studies and the federal approval processes, and it has committed hundreds of millions of dollars to implementation of the ICC project approved through that process. The potential for delay engendered by this litigation is itself costly in that delay will significantly increase the costs of providing the intended benefits.

Postponement or outright prevention of the ICC project would also impose non-fiscal costs on the State and its citizens by depriving them of the benefits of both improved mobility and safety in their transportation system and improved environmental conditions from the ICC's many stewardship projects. Furthermore, the ICC as currently approved is consistent with the land use plans of the State and its local governments. A change in those plans would inevitably cause an impact on the program objectives of the State and its local governments, including the State's landmark Smart Growth policy. Md. Code, §5-7A-01 *et seq.* of the State Finance & Procurement Article. Clearly, this action carries the potential to impair the interests of the State to a degree sufficient to justify the State's participation in the litigation.

### C.    The State Is Best Positioned To Represent Its Unique Interests In This Action.

The State's interests, while largely aligned with those of the other defendants, go beyond the federal interests in this case; as a result, the State's interests will not be "adequately represented by existing parties" to the action. Fed. R. Civ. P. 24(a)(2). The standard for determining whether existing parties may not adequately represent the interest of a proposed intervenor is not a stringent one. *Environmental Defense Fund, Inc. v. Costle*, 79 F.R.D. 235 (D.D.C. 1978) (citing *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972)).

Although the State's interest in defending the federal environmental impact statement, the FHWA Record of Decision and the approvals of the COG and TPB defendants may coincide in

many ways with the interests of the other defendants, that general alignment of interests, by itself, does not mean that "adequacy of representation is ensured for purposes of Rule 24(a)(2)." *See Natural Resources Defense Council v. Costle*, 561 F. 2d 904, 912 (D.D.C. 1977). "[M]erely because parties share a general interest in the legality of a program or regulation does not mean their particular interests coincide so that representation by the agency alone is justified." *Am. Horse Protection Ass'n, Inc. v Veneman*, 200 F.R.D. 153, 159 (D.D.C. 2001); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d at 733-35; *U.S. v. American Tel. & Tel. Co.* , 642 F.2d 1285, 1293 ( D.C. Cir. 1980).

The State's interest in the ICC project differs in many important aspects from the interest of the other defendants. Whereas the Federal Defendants' charge is to defend the administrative processes by which the ICC approvals and permits were issued, the State seeks to protect additional interests - advancing the project that received those approvals, the public benefits to the citizens of Maryland associated with that project, and the incorporation of State and local policy and program objectives into the project design.[2]

The ICC as currently approved is a project that not only provides needed transportation infrastructure but also creates and preserves acres of parkland and park facilities for residents of Maryland, balances the benefits and adverse impacts on community, environmental and cultural resources; and is consistent with Maryland's land use plans and laws. No party is in a better position than the State to present to this Court the features of the approved ICC project that demonstrate the success of the approval and permitting process from which that project emerged.

---

[2] The State has a greater interest in avoiding additional costs associated with delay than the Federal Defendants at this juncture. As noted above, the lion's share of the funding for the project will come from State, not federal, sources.

## D. The State's Application For Intervention Is Timely.

To determine whether an application for intervention is timely, the following factors are examined: (1) how far the suit has progressed, (2) the prejudice that delay might cause other parties (as weighed against the prejudice to the would-be intervenor by denying intervention), and (3) the reason for the tardiness in moving to intervene. *Belton Indus. v. United States,* 6 F.3d 756, 762 (Fed. Cir. 1993); *see also Nat'l Assn. for the Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973).

The State's application for intervention is timely. The State is applying for intervention in the very early stages of this litigation. As set forth above, preliminary motions filed in the case deal with potential transfer of this action, on which no decision has been rendered. The State's intervention at this juncture would not result in delay or prejudice to the other parties to this action. Because the application for intervention is timely and the other requirements of Rule 24(a)(2) are met, the State is entitled to intervene as of right.

Decisions in this Circuit hold that an intervenor must also establish its standing under Article III of the Constitution. *Roeder v. Islamic Republic of Iran, et al.*, 333 F.3d 228, 233 (D.C.Cir. 2003). *See also, Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731-732 (D.C.Cir. 2003). However, courts have pointed out that any person who satisfies Rule 24(a) will also meet Article III's standing requirement. *Roeder*, 333 F.3d at 233 (D.C.Cir. 2003). Thus, since the State has satisfied the requirements of Rule 24(a), the State has standing as a defendant-intervenor.

## II. THE STATE'S INTERVENTION ALSO IS JUSTIFIED UNDER THE STANDARDS FOR PERMISSIVE INTERVENTION.

The State's intervention is also appropriate under the standards for permissive intervention, under Rule 24(b). Rule 24(b)(2) provides that "[u]pon timely application anyone may be permitted

to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common."  Permissive intervention is discretionary, based on a showing of:  (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.  *E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C.Cir. 1998).

The State's defense of the federal approvals necessarily have questions of law and fact in common with those implicated by the Plaintiffs' claims and the existing Defendants' defenses. Finally, as discussed above, the State's application to intervene is timely and would not "unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b). Indeed, the State has a strong interest in the swift resolution of the case.  For these reasons, this Court's exercise of discretion to permit the State's intervention would be proper.

## CONCLUSION

For the reasons set forth above, the State respectfully requests that it be permitted to intervene in this action.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

*_/s/ Linda D. Strozyk*_____
Linda D. Strozyk, Fed Bar No. 429514
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

*_/s/ Kristin Case Lawrence*_____

12

Kristin Case Lawrence, Fed Bar No. 461011
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:06-cv-02176-GK |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>ANSWER OF THE STATE OF MARYLAND</u>

Intervenor-Defendant, the State of Maryland, by and through its agencies, including but not limited to the Maryland Department of Transportation (MDOT), the Maryland State Highway Administration (SHA) and the Maryland Transportation Authority (MdTA) (collectively, the "State"), answers Plaintiffs' Complaint as follows:

1.     Paragraph 1 describes Plaintiffs' action, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 1.

2.     The State admits that the Intercounty Connector ("ICC") project includes an approximately eighteen mile highway, with three lanes in each direction between I-370 and I-95 and two traffic lanes in each direction between I-95 and US-1 in Montgomery County, Maryland. Which by the year 2012, will serve approximately 125,000 vehicles per day.  Many of these vehicles are currently crossing near & mixing with vehicles traveling on local roads.  The State further admits that the ICC project is located within the Washington DC–MD–VA non-attainment area for fine particulate matter ("PM2.5").  The remaining allegations in paragraph 2

consist of legal argument and rhetorical statements to which no answer is required; to the extent a response is required, the allegations are denied.

3.      The State denies the allegations in paragraph 3.

4.      Paragraph 4, in part, describes Plaintiffs' action, and, as such, no response is required.  To the extent a further response is required, and as to all other allegations contained in paragraph 4, the State denies them.

5.      The State denies the allegations in paragraph 5.

6.      Paragraph 6 describes Plaintiffs' requested relief, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 6.

7.      The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.      The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9.      The State admits that Plaintiffs have submitted comments on the ICC project. The State is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.     The State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 10 and therefore denies them. The State denies the remaining allegations in paragraph 10.

11.     The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 11 and therefore denies them.  The State denies the remaining allegations in paragraph 11.

12.     The State denies the allegations in paragraph 12.

13.     The State denies the allegations in paragraph 13.

14.     The State denies the allegations in paragraph 14.

15.     The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.     The State denies the allegations in paragraph 16.

17.     The State denies the allegations in paragraph 17.

18.     The State denies the allegations in paragraph 18.

19.     The State denies the allegations in paragraph 19.

20.     The State denies the allegations in paragraph 20.

21.     The State denies the allegations in paragraph 21.

22.     The State denies the allegations in paragraph 22.

23.     The State admits the allegations in paragraph 23.

24.     The State admits the allegations in paragraph 24.

25.     The State admits the allegations in paragraph 25.

26.     The State admits the allegations in paragraph 26.

27.     The State admits that MWCOG is a regional organization of Washington area local governments with its headquarters in D.C.  The State denies the remaining allegations in paragraph 27.

28.     The State denies the allegations in paragraph 28.

29.     The State admits that the TPB is the federally designated MPO for the National Capital Planning Region which includes DC and portions of MD and VA .  The remaining allegations in paragraph 29 are legal conclusions to which not response is required.

3

30.     The State admits the allegations in paragraph 30.

31.     The allegations in paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

32.     The State denies the allegations in paragraph 32.

33.     The State admits that the U.S. Department of the Interior (USDOI) submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 33 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

34.     The State admits that the ICC project is located within the Washington DC-MD-VA non-attainment area for fine particulate matter ("PM2.5").  The State is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies them.

35.     The State admits that FHWA and Maryland State Highway Administration issued a Draft Environmental Impact Statement in 1997.  The State denies the remaining allegations in paragraph 35.

36.     The State admits that the U.S. Department of the Interior (USDOI) commented on the 1997 DEIS and the unmitigated "Master Plan Alternative" described therein, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 36 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

37.     The State admits that the EPA commented on the 1997 DEIS "Master Plan Alternative", and further states that such written comments speak for themselves, and, as such,

the allegations in paragraph 37 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

38.     The State admits that on September 22, 1999, Governor Glendening announced his decision based in part on concerns expressed by federal agencies.  The State denies any remaining allegations in paragraph 38.

39.     The State admits that NEPA process for the ICC was terminated with Governor Glendening's comments on or about September 22, 1999.  The State denies the remaining allegations in paragraph 39.

40.     The State admits United States Secretary of Transportation, Norman Mineta designated the ICC as a high priority transportation infrastructure project.  To the extent paragraph 40 contains statutory references and/or legal conclusions, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 40.

41.     The document quoted speaks for itself, and, as such, the allegations contained in paragraph 41 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

42.     The State admits that on November 22, 2004, FHWA and SHA issued a DEIS for the ICC project.  The State denies the remaining allegations in paragraph 42.

43.     The State admits the allegations in paragraph 43 that plaintiffs submitted timely comments regarding the project purpose and need and the alternatives analysis.  The State denies the remaining allegations in paragraph 43.

44.     The State admits the Prince George's County Council adopted Resolution CR-32-2003.  The Resolutions speaks for itself, and, as such, the allegations in paragraph 49 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

45.     The State admits the Prince George's County Council submitted comments on the DEIS, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 45 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

46.     The State admits that the Prince George's County Council submitted comments on the DEIS, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 46 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

47.     The State admits that the Prince George's County Council submitted comments on the DEIS, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 47 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

48.     The State admits that the ICC project was included in the 2004 Constrained Long Range Plan ("CLRP") and the 2005-2010 Transportation Improvement Program ("TIP") for the Washington metropolitan planning area, as amended in November, 2004.  The State denies the remaining allegations in paragraph 48.

49.     The State admits the allegations in paragraph 49.

50.     The State denies that TPB is part of MWCOG but otherwise admits the allegations in paragraph 50.

51.     Paragraph 51 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.

52.     The State admits the allegations in paragraph 52.

53.     The State admits the allegations in paragraph 53.

54.     Paragraph 54 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.

55.     The State denies the allegations in paragraph 55.

56.     The State denies the allegations in paragraph 56.

57.     The State denies the definition of State TIP set forth in paragraph 55, but otherwise admits the allegations in paragraph 57.

58.     Paragraph 58 references the FY2005-2020 Metropolitan TIP, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 58.

59.     The State admits the allegations in the first sentence of paragraph 59 and denies the remaining allegations in the second sentence of paragraph 59.

60.     Paragraph 60 references the 2004 CLRP and/or the FY2005-2010 Metropolitan TIP, documents which speak for themselves, and as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 60.

61.     Paragraph 61 references the 2004 CLRP and/or the FY2005-2010 Metropolitan TIP, documents which speak for themselves, and as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 61.

62.     The State admits the allegations in paragraph 62.

63.     The State admits the allegations in paragraph 63.

64.     The State admits the allegations in paragraph 64.

65.     The State admits that on July 29, 2005, Governor Ehrlich issued a press release but otherwise denies the allegations in paragraph 65.

66.     The State admits the allegations in paragraph 66.

67.     The State admits the allegations in paragraph 67.

68.     The State admits that on February 21, 2006, FHWA and FTA jointly determined that the 2005 CLRP and the FY2006-2011 Metropolitan TIP conformed with the applicable State Implementation Plans ("SIP").

69.     The State admits the allegations in paragraph 69.

70.     The document quoted speaks for itself, and, as such, the allegations contained in paragraph 70 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

71.     The State denies the allegations in paragraph 71.

72.     The State admits the allegations in paragraph 72.

73.     The State admits that the FEIS identified Corridor 1 as the preferred alternative and deny the remaining allegations in paragraph 73.

74.     The State admits the allegations in paragraph 74.

75.     The State admits the allegations in paragraph 75.

76.     The State admits that Plaintiffs submitted comments on the FEIS and DEIS and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 76 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

77.     The allegations in paragraph 77 contain characterizations of and citations to the FEIS, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

78.     The State admits the allegations contained in paragraph 78.

79.     The State denies the allegations contained in paragraph 79.

80.     The State denies the allegations contained in paragraph 80.

81.     The State denies the allegations contained in paragraph 81.

82.     Paragraph 82 does not identify a specific document but clearly purports to quote a written document which would speak for itself and, as such, the allegations in paragraph 82 need not be admitted or denied. To the extent a further response is required, the allegations are denied.

83.     Paragraph 83 does not identify a specific document but clearly purports to quote a written document which would speak for itself if identified, and, as such, the allegations in paragraph 83 need not be admitted or denied. To the extent a further response is required, the allegations are denied.

84.     Paragraph 84 does not identify a specific document but clearly purports to quote a written document which would speak for itself if identified, and, as such, the allegations in paragraph 84 need not be admitted or denied. To the extent a further response is required, the allegations are denied.

85.     The State denies the allegations in paragraph 85.

86.     The State admits that the FEIS cites the 2005 CLRP and the Montgomery County General Plan Refinement of 1993 but denies the remaining allegations in paragraph 86.

87.     The State is unclear as to the allegations in paragraph 87 and therefore denies them.

88.     Paragraph 88 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 88 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

89.     Paragraph 89 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 89 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

90.     Paragraph 90 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 90 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

91.     Paragraph 91 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 91 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

92.     Paragraph 92 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 92 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

93.     The State denies having made the forecast referenced in paragraph 93.

94.     The State admits the allegations in paragraph 94.

95.     The State admits that Plaintiffs submitted the Smart Mobility Inc. Report ("SMI") to the lead agencies during the DEIS comment period.  The State is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 and therefore denies them.

96.     The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.

97.     The allegations in paragraph 97 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

98.     The allegations in paragraph 98 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

99.     The allegations in paragraph 99 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

100.     The allegations in paragraph 100 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

101.     The State denies the allegations in paragraph 101.

102.     The allegations in paragraph 102 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

103.     The allegations in paragraph 103 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

104.    The State admits that according to certain traffic studies, approximately 75 percent of the motorists that would use a new alignment would have an origin, or destination or both outside the Study Area, and deny the remaining allegations of paragraph 104.

105.    The State denies the allegations of paragraph 105.

106.    The State denies the allegations of paragraph 106.

107.    The allegations in paragraph 107 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

108.    The allegations in paragraph 108 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

109.    The allegations in paragraph 109 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

110.    The allegations in paragraph 110 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

111.    The allegations in paragraph 111 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

112.    The allegations in paragraph 112 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required. To the extent a further response is required, the allegations are denied.

113.    The State admits that transit only alternatives are estimated to have low ridership but the State denies the remaining allegations in paragraph 113.

114.    The State denies allegations in paragraph 114.

115.    The State is uncertain as to the word 'significantly' but otherwise admits the allegations in paragraph 115.

116.    The State denies the allegations in paragraph 116.

117.    The State denies the allegations in paragraph 117.

118.    The State denies the allegations in paragraph 118.

119.    The State admits that Plaintiffs submitted comments, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 119 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

120.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 120 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

121.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 121 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

122.    The State admits the allegations in paragraph 122.

123.    The State admits the allegations in paragraph 123.

124.    The State admits the allegations in paragraph 124.

125.    The State admits the allegations in paragraph 125.

126.    The State denies the allegations in paragraph 126.

127.    The allegations are unclear, and so, the State cannot admit or deny.  To the extent an answer is required the State denies.

128.    The allegations are unclear, and so, the State cannot admit or deny.  To the extent an answer is required the State denies.

129.    The State denies the allegations in paragraph 129.

130.    The allegations in paragraph 130 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

131.    The State denies the allegations in paragraph 131.

132.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 132 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

133.    The State denies the allegations in paragraph 133.

134.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 134 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

135.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 135 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

136.     The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 136 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

137.     The State denies the allegations in paragraph 137.

138.     The State is unclear as to the allegations in paragraph 138 and therefore denies them.

139.     The State admits the allegations in paragraph 139.

140.     The State admits that all projects in the 2003 Constrained Long Range Plan ("CLRP") were included as part of the baseline for the ICC project and deny the remaining allegations in paragraph 140.

141.     The State denies the allegations in paragraph 141.

142.     The State admits that Plaintiffs submitted comments, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 142 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

143.     The State denies the allegations in paragraph 143.

144.     The State admits the allegations in paragraph 144.

145.     The State admits the allegations in paragraph 145.

146.     The State admits the allegations in paragraph 146.

147.     The State admits the allegations in paragraph 147.

148.     The allegations in paragraph 148 contain characterizations of and citations to an unidentified document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

149.    The State denies the allegations in paragraph 149.

150.    The State denies the allegations in paragraph 150.

151.    The State admits the allegations in paragraph 151.

152.    The State admits the allegations in paragraph 152.

153.    The State denies the allegations in paragraph 153.

154.    The State admits the allegations in paragraph 154.

155.    The State denies the allegations in paragraph 155.

156.    The State denies the allegations in paragraph 156.

157.    The State admits the allegations in paragraph 157.

158.    The allegations in paragraph 158 purport to quote written, comments, and such written comments speak for themselves, and, as such, the allegations in paragraph 158 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

159.    The State denies allegation in paragraph 159.

160.    The State admits the allegations in paragraph 160.

161.    The State denies the allegations in paragraph 161.

162.    The State denies the allegations in paragraph 162.

163.    The State denies the allegations in paragraph 163.

164.    The State denies the allegations in paragraph 164.

165.    The State denies the allegation that lead agencies "did not identify" or analyze alternatives to determine which alternatives would best increase mobility; the State admits the definition of mobility was not directly taken from the documents referenced in paragraph 165.

166.    The State admits that the quoted language in paragraph 166 is one definition of mobility used in the FEIS.

167.    The State admits that the ICC improves east-west mobility in the Study Area. The State denies the remaining allegations in paragraph 167.

168.    The State admits that the ROD stated that mobility can be defined "as the ability to reach a destination in time and cost that is satisfactory to the traveler",  but denies the remaining allegations in paragraph 168.

169.    Paragraph 169 purports to reference written responses to comments without identifying said comments, written comments speak for themselves, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 169.

170.    The State denies the allegations in paragraph 170.

171.    Paragraph 171 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 171 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

172.    Paragraph 172 references a written document which speaks for itself, and, as such, the allegations in paragraph 172 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

173.    Paragraph 173 references a written document which speaks for itself, and, as such, the allegations in paragraph 173 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

174.    The State denies the allegations in paragraph 174.

175.    The allegations in paragraph 175 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

176.    The State admits the allegations in paragraph 176.

177.    The allegations in paragraph 177 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

178.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 178 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

179.    The allegations in paragraph 179 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

180.    The allegations in paragraph 177 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

181.    The State denies the allegations in paragraph 181.

182.    The State denies the allegations in paragraph 182.

183.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 183 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

184.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in

paragraph 184 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

185.    The State denies the allegations in paragraph 185.

186.    The State denies the allegations in paragraph 186.

187.    The State denies the allegations in paragraph 187.

188.    The State denies the allegations in paragraph 188.

189.    Paragraph 189 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 189.

190.    Paragraph 190 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 190.

191.    Paragraph 191 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 191.

192.    Paragraph 192 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 192.

193.    Paragraph 193 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 193.

194.    Paragraph 194 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 194.

195.    The State denies the allegations in paragraph 195.

196.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore denies them.

197.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies them.

198.    Paragraph 198 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 198.

199.    Paragraph 199 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 199.

200.    Paragraph 200 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a further response is required, the State denies the allegations in paragraph 200.

201.    The State admits the allegations in paragraph 201.

202.    The State denies the allegations in paragraph 202.

203.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 203 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

204.    The State admits that Plaintiffs submitted comments which became part of the record. All such written comments speak for themselves, and, as such, the allegations in paragraph 204 need not be admitted or denied. To the extent a further response is required, the allegations are denied.

205.    The State admits the allegations in paragraph 205.

206.    The State admits the allegations in paragraph 206.

207.    The State denies the allegations in paragraph 207.

208.    The State denies the allegations in paragraph 208.

209.    The State denies the allegations in paragraph 209.

210.    The State denies the allegations in paragraph 210.

211.    The State admits that MSAT emissions for a stand alone transit alternative were not compared, but State denies the remaining allegations in paragraph 211.

212.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 and therefore denies them.

213.    The State denies the allegations in paragraph 213.

214.    The State denies the allegations in paragraph 214.

215.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 215 need not be admitted or denied. To the extent a further response is required, the allegations are denied.

216.    The State admits that MSAT emissions are in decline and will likely continue to decline through 2030, as to any remaining allegations in paragraph 216 the State denies them.

217.    The State admits the allegations in paragraph 217.

218.    The State admits that the MSATs analysis did not evaluate localized concentrations of MSAT emissions but denies the remaining allegations in paragraph 218.

219.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 219 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

220.    The State denies the allegations in paragraph 220.

221.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 221 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

222.    The State denies the allegations in paragraph 222.

223.    The State denies the allegations in paragraph 223.

224.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 224 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

225.    The State denies the allegations in paragraph 225.

226.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 226 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

227.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 227 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

228.    The State denies the allegations in paragraph 228.

229.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 229 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

230.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 230 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

231.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 231 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

232.    The State denies the allegations in paragraph 232.

233.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 233 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

234.    The State denies the allegations in paragraph 234.

235.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 235 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

236.    The State denies the allegations in paragraph 236.

237.    The State denies the allegations in paragraph 237.

238.    The State denies the allegations in paragraph 238.

239.    The State denies the allegations in paragraph 239.

240.    The State denies the allegations in paragraph 240.

241.    The State denies the allegations in paragraph 241.

242.    The State denies the allegations in paragraph 242.

243.    The State denies the allegations in paragraph 243.

244.    The allegations are to vague, and, as such need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

245.    The State denies the allegations in paragraph 245.

246.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 246 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

247.    Paragraph 247 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 247 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

248.    The State denies the allegations in paragraph 248.

249.     Paragraph 249 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 249 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

250.     The State denies the allegations in paragraph 250.

251.     The State denies the allegations in paragraph 251.

252.     The State denies the allegations in paragraph 252.

253.     The State admits that Travel Forecasting Model version 21C modified and 2.1D included some changes consistent with TRB review, but denies the remaining allegations in paragraph 253.

254.     The allegations in paragraph 254 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

255.     The State admits the allegations in paragraph 255.

256.     The State denies the allegations in paragraph 256.

257.     The State admits the allegations in paragraph 257.

258.     The State admits the allegations in paragraph 258.

259.     The State denies the allegations in paragraph 259.

260.     The State denies the allegations in paragraph 260.

261.     The State denies the allegations in paragraph 261.

262.     The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 224 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

263.    The State denies the allegations in paragraph 263.

264.    The State admits the allegations in paragraph 264.

265.    The allegations in paragraph 265 contain characterizations of and citations to the SMI, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

266.    The State denies the allegations in paragraph 266.

267.    The State denies the allegations in paragraph 267.

268.    The State admits the allegations in paragraph 268.

269.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 269 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

270.    Paragraph 270 describes Plaintiffs' contentions, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 270.

271.    The State denies the allegations in paragraph 271.

272.    The State admits the allegations in paragraph 272.

273.    Paragraph 273 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.  To the extent a response is required, the State denies the allegations in paragraph 273.

274.    Paragraph 274 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 274 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

275.     The State admits the allegations in paragraph 275.

276.     The State admits the allegations in paragraph 276.

277.     The allegations in paragraph 277 contain characterizations of and citations to the ROD, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

278.     The State denies the allegations in paragraph 278.

279.     The State denies the allegations in paragraph 279.

280.     The State denies the allegations in paragraph 280.

281.     The State denies the allegations in paragraph 281.

282.     The State denies the allegations in paragraph 282.

283.     The State denies the allegations in paragraph 283.

284.     The State denies the allegations in paragraph 284.

285.     The State denies the allegations in paragraph 285.

286.     The State denies the allegations in paragraph 286.

287.     The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 287 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

288.     The State denies the allegations in paragraph 288.

289.     The State denies the allegations in paragraph 289.

290.     The State admits the allegations in paragraph 290.

291.     The State admits the allegations in paragraph 291.

292.    The allegations in paragraph 292 contain characterizations of and citations to the FEIS, a document which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the allegations are denied.

293.    The State denies the allegations in paragraph 293.

294.    To the extent paragraph 294 cites to the FEIS and ROD, those documents speak for themselves, and no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 294.

295.    The State incorporates its answers to paragraphs 1-294 as though fully set forth herein.

296.    Paragraph 296 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 296 contains factual allegations, the State denies those allegations.

297.    Paragraph 297 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 297 contains factual allegations, the State denies those allegations.

298.    Paragraph 298 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 298 contains factual allegations, the State denies those allegations.

299.    Paragraph 299 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 299 contains factual allegations, the State denies those allegations.

300.     Paragraph 300 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 300 contains factual allegations, the State denies those allegations.

301.     The State denies the allegations in paragraph 301.

302.     The State denies the allegations in paragraph 302.

303.     The State denies the allegations in paragraph 303.

304.     Paragraph 304 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 304 contains factual allegations, the State denies those allegations.

305.     The State denies the allegations in paragraph 305.

306.     The State denies the allegations in paragraph 306.

307.     Paragraph 307 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 307 contains factual allegations, the State denies those allegations.

308.     Paragraph 308 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 308 contains factual allegations, the State denies those allegations.

309.     The State denies the allegations in paragraph 309.

310.     The State denies the allegations in paragraph 310.

311.     The State denies the allegations in paragraph 311.

312.     The State denies the allegations in paragraph 312.

313.     The State denies the allegations in paragraph 313.

314.     The State denies the allegations in paragraph 314.

315.    Paragraph 315 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 315 contains factual allegations, the State denies those allegations.

316.    The State denies the allegations in paragraph 316.

317.    The State denies the allegations in paragraph 317.

318.    Paragraph 318 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 318 contains factual allegations, the State denies those allegations.

319.    The State denies the allegations in paragraph 319.

320.    The State denies the allegations in paragraph 320.

321.    The State denies the allegations in paragraph 321.

322.    Paragraph 322 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 322 contains factual allegations, the State denies those allegations.

323.    The State denies the allegations in paragraph 323.

324.    The State denies the allegations in paragraph 324.

325.    Paragraph 325 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 325 contains factual allegations, the State denies those allegations.

326.    The State denies the allegations in paragraph 326.

327.    The State denies the allegations in paragraph 327.

328.    The State denies the allegations in paragraph 328.

329.    The State denies the allegations in paragraph 329.

330.    The State denies the allegations in paragraph 330.

331.    The State denies the allegations in paragraph 331.

332.    The State incorporates its answers to paragraphs 1-331 as though fully set forth herein.

333.    Paragraph 333 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 333 contains factual allegations, the State denies those allegations.

334.    Paragraph 334 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 334 contains factual allegations, the State denies those allegations.

335.    Paragraph 335 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 335 contains factual allegations, the State denies those allegations.

336.    Paragraph 336 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 336 contains factual allegations, the State denies those allegations.

337.    Paragraph 337 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 337 contains factual allegations, the State denies those allegations.

338.    Paragraph 338 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 338 contains factual allegations, the State denies those allegations.

339.     Paragraph 339 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 339 contains factual allegations, the State denies those allegations.

340.     Paragraph 340 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 340 contains factual allegations, the State denies those allegations.

341.     The State denies the allegations in paragraph 341.

342.     The State denies the allegations in paragraph 342.

343.     Paragraph 343 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 343 contains factual allegations, the State denies those allegations.

344.     The State denies the allegations in paragraph 344.

345.     The State denies the allegations in paragraph 345.

346.     Paragraph 346 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 346 contains factual allegations, the State denies those allegations.

347.     The State denies the allegations in paragraph 347.

348.     The State denies the allegations in paragraph 348.

349.     Paragraph 349 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 349 contains factual allegations, the State denies those allegations.

350.     The State denies the allegations in paragraph 350.

351.     The State denies the allegations in paragraph 351.

352.    Paragraph 352 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 352 contains factual allegations, the State denies those allegations.

353.    The State denies the allegations in paragraph 353.

354.    Paragraph 354 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 354 contains factual allegations, the State denies those allegations.

355.    Paragraph 355 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 355 contains factual allegations, the State denies those allegations.

356.    Paragraph 356 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 356 contains factual allegations, the State denies those allegations.

357.    Paragraph 357 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 357 contains factual allegations, the State denies those allegations.

358.    The State denies the allegations in paragraph 358.

359.    The State denies the allegations in paragraph 359.

360.    The State denies the allegations in paragraph 360.

361.    The State denies the allegations in paragraph 361.

362.    The State denies the allegations in paragraph 362.

363.    The State incorporates its answers to paragraphs 1-362 as though fully set forth herein.

364.    Paragraph 364 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 364 contains factual allegations, the State denies those allegations.

365.    Paragraph 365 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 365 contains factual allegations, the State denies those allegations.

366.    Paragraph 366 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 366 contains factual allegations, the State denies those allegations.

367.    Paragraph 367 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 367 contains factual allegations, the State denies those allegations.

368.    Paragraph 368 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 368 contains factual allegations, the State denies those allegations.

369.    Paragraph 369 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 369 contains factual allegations, the State denies those allegations.

370.    Paragraph 370 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 370 contains factual allegations, the State denies those allegations.

371.     Paragraph 371 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 371 contains factual allegations, the State denies those allegations.

372.     Paragraph 372 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 372 contains factual allegations, the State denies those allegations.

373.     The State denies the allegations in paragraph 373.

374.     The State denies the allegations in paragraph 374.

375.     The State denies the allegations in paragraph 375.

376.     The State denies the allegations in paragraph 376.

377.     The State denies the allegations in paragraph 377.

378.     The State denies the allegations in paragraph 378.

379.     The State denies the allegations in paragraph 379.

380.     The State denies the allegations in paragraph 380.

381.     Paragraph 381 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 381 contains factual allegations, the State denies those allegations.

382.     The State denies the allegations in paragraph 382.

383.     The State denies the allegations in paragraph 383.

384.     The State denies the allegations in paragraph 384.

385.     Paragraph 385 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 385 contains factual allegations, the State denies those allegations.

386.    The State denies the allegations in paragraph 386.

387.    The State denies the allegations in paragraph 387.

388.    The State denies the allegations in paragraph 388.

389.    The State denies the allegations in paragraph 389.

390.    The State denies the allegations in paragraph 390.

391.    The State denies the allegations in paragraph 391.

392.    Paragraph 392 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 392 contains factual allegations, the State denies those allegations.

393.    The State denies the allegations in paragraph 393.

394.    The State denies the allegations in paragraph 394.

395.    The State denies the allegations in paragraph 395.

396.    The State denies the allegations in paragraph 396.

397.    The State denies the allegations in paragraph 397.

398.    Paragraph 398 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 398 contains factual allegations, the State denies those allegations.

399.    The State denies the allegations in paragraph 399.

400.    The State denies the allegations in paragraph 400.

401.    The State denies the allegations in paragraph 401.

402.    Paragraph 402 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 402 contains factual allegations, the State denies those allegations.

403.    Paragraph 403 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 403 contains factual allegations, the State denies those allegations.

404.    The State denies the allegations in paragraph 404.

405.    The State denies the allegations in paragraph 405.

406.    The State denies the allegations in paragraph 406.

407.    Paragraph 407 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 407 contains factual allegations, the State denies those allegations.

408.    Paragraph 408 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 408 contains factual allegations, the State denies those allegations.

409.    The State denies the allegations in paragraph 409.

410.    The State denies the allegations in paragraph 410.

411.    The State denies the allegations in paragraph 411.

412.    The State denies the allegations in paragraph 412.

413.    The State incorporates its answers to paragraphs 1-412 as though fully set forth herein.

414.    Paragraph 414 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 414 contains factual allegations, the State denies those allegations.

415.    Paragraph 415 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 415 contains factual allegations, the State denies those allegations.

416.    Paragraph 416 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 416 contains factual allegations, the State denies those allegations.

417.    Paragraph 417 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 417 contains factual allegations, the State denies those allegations.

418.    Paragraph 418 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 418 contains factual allegations, the State denies those allegations.

419.    The State denies the allegations in paragraph 419.

420.    Paragraph 420 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 420 contains factual allegations, the State denies those allegations.

421.    Paragraph 421 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 421 contains factual allegations, the State denies those allegations.

422.    The State admits the allegations in paragraph 422.

423.    The State admits the allegations in paragraph 423.

424.    The State admits the allegations in paragraph 424.

425.    The State denies the allegations in paragraph 425.

426.    The State denies the allegations in paragraph 426.

427.    The State denies the allegations in paragraph 427.

428.    The State admits the allegations in paragraph 428.

429.    The State denies the allegations in paragraph 429.

430.    Paragraph 430 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 430 contains factual allegations, the State denies those allegations.

431.    The State denies the allegations in paragraph 431.

432.    The State denies the allegations in paragraph 432.

433.    The State admits the allegations in paragraph 433.

434.    The State admits the allegations in paragraph 434.

435.    The State admits the allegations in paragraph 435.

436.    The State denies the allegations in paragraph 436.

437.    The State admits the allegations in paragraph 437.

438.    Paragraph 438 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 438 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

439.    The State incorporates its answers to paragraphs 1-438 as though fully set forth herein.

440.    Paragraph 440 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 440 contains factual allegations, the State denies those allegations.

441.    Paragraph 441 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 441 contains factual allegations, the State denies those allegations.

442.    Paragraph 442 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 442 contains factual allegations, the State denies those allegations.

443.    The State admits the allegations in paragraph 443.

444.    Paragraph 444 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 444 contains factual allegations, the State denies those allegations.

445.    Paragraph 445 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 445 contains factual allegations, the State denies those allegations.

446.    Paragraph 446 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 446 contains factual allegations, the State denies those allegations.

447.    Paragraph 447 characterizes the Conformity Determination from federal regulation which speak for themselves.  To the extent a further response is required, the allegations are denied.

448.    Paragraph 448 characterizes the Conformity Determination from federal regulation which speak for themselves.  To the extent a further response is required, the allegations are denied.

449.    The State denies the allegations in paragraph 449.

450.    The State denies the allegations in paragraph 450.

451.    The State incorporates its answers to paragraphs 1-450 as though fully set forth herein.

452.    Paragraph 452 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 452 contains factual allegations, the State denies those allegations.

453.    Paragraph 453 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 453 contains factual allegations, the State denies those allegations.

454.    The State is unclear as to the allegations in paragraph 454, and therefore denies them.

455.    Paragraph 455 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 455 contains factual allegations, the State denies those allegations.

456.    Paragraph 456 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 456 contains factual allegations, the State denies those allegations.

457.    Paragraph 457 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 457 contains factual allegations, the State denies those allegations.

458.    The State denies the allegations in paragraph 458.

459.    The State admits the allegations in paragraph 459.

460.    The State admits the allegations in paragraph 460.

461.    The State admits the allegations in paragraph 461.

462.    The State admits the allegations in paragraph 462.

463.    The State admits the allegations in paragraph 463.

464.    The State admits that the Muikirk monitor has the most similar characteristics to the traffic impact and percent trucks as the future ICC corridor.  The State denies the remaining allegations in paragraph 464.

465.    The State denies the allegations in paragraph 465.

466.    The State admits the allegations in paragraph 466.

467.    Paragraph 467 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 467 contains factual allegations, the State denies those allegations.

468.    The State admits the allegations in paragraph 468.

469.    The State denies the allegations in paragraph 469.

470.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 470 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

471.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 471 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

472.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 472

need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

473.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 473 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

474.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474 and therefore denies them.

475.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 475 and therefore denies them.

476.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 476 and therefore denies them.

477.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 477 and therefore denies them.

478.    The State denies the allegations in paragraph 478.

479.    The State incorporates its answers to paragraphs 1-478 as though fully set forth herein.

480.    Paragraph 480 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 480 contains factual allegations, the State denies those allegations.

481.    Paragraph 481 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 481 contains factual allegations, the State denies those allegations.

482.    The State denies the allegations in paragraph 482.

483.    Paragraph 483 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 483 contains factual allegations, the State denies those allegations.

484.    Paragraph 484 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 484 contains factual allegations, the State denies those allegations.

485.    The State denies the allegations in paragraph 485.

486.    The State denies the allegations in paragraph 486.

487.    The State denies the allegations in paragraph 487.

488.    The State denies the allegations in paragraph 488.

489.    The State incorporates its answers to paragraphs 1-488 as though fully set forth herein.

490.    Paragraph 490 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 490 contains factual allegations, the State denies those allegations.

491.    Paragraph 491 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 491 contains factual allegations, the State denies those allegations.

492.    Paragraph 492 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 492 contains factual allegations, the State denies those allegations.

493.     Paragraph 493 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 493 contains factual allegations, the State denies those allegations.

494.     Paragraph 494 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 494 contains factual allegations, the State denies those allegations.

495.     The State denies the allegations in paragraph 495.

496.     Paragraph 496 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 496 contains factual allegations, the State denies those allegations.

497.     The State admits the allegations in paragraph 497.

498.     Paragraph 498 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 498 contains factual allegations, the State denies those allegations.

499.     Paragraph 499 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 499 contains factual allegations, the State denies those allegations.

500.     The State denies the allegations in paragraph 500.

501.     The State incorporates its answers to paragraphs 1-500 as though fully set forth herein.

502.     The State denies the allegations in paragraph 502.

503.    The allegations in paragraph 503 refer to unidentified documents and as such need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

504.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 504 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

505.    Paragraph 505 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 505.

506.    The State admits that Plaintiffs submitted comments which became part of the record.  All such written comments speak for themselves, and, as such, the allegations in paragraph 506 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

507.    The State denies the allegations in paragraph 507.

508.    The State denies the allegations in paragraph 508.

509.    The State denies the allegations in paragraph 509.

510.    The State denies the allegations in paragraph 510.

511.    The State denies the allegations in paragraph 511.

512.    The State denies the allegations in paragraph 512.

513.    The State incorporates its answers to paragraphs 1-512 as though fully set forth herein.

514.    Paragraph 514 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 514 contains factual allegations, the State denies those allegations.

515.    Paragraph 515 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 515.

516.    Paragraph 516 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 516.

517.    Paragraph 517 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 517.

518.    The State denies the allegations in paragraph 518.

519.    The State denies the allegations in paragraph 519.

520.    The State denies the allegations in paragraph 520.

521.    The State incorporates its answers to paragraphs 1-521 as though fully set forth herein.

522.    Paragraph 522 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 522.

523.    Paragraph 523 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 523.

524.    The State denies the allegations in paragraph 524.

525.    The State denies the allegations in paragraph 525.

526.    The State denies the allegations in paragraph 536.

527.    Paragraph 527 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 527.

528.    Paragraph 528 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 528.

529.    The State denies the allegations in paragraph 529.

530.    The State denies the allegations in paragraph 530.

531.    The State denies the allegations in paragraph 531.

532.    The State incorporates its answers to paragraphs 1-531 as though fully set forth herein.

533.    Paragraph 533 cites the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 533.

534.    The State admits the allegations in paragraph 534.

535.    The State admits the allegations in paragraph 535.

536.    Paragraph 536 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 536.

537.    Paragraph 537 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 537 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

538.    Paragraph 538 quotes a written document which speaks for itself, and, as such, the allegations in paragraph 538 need not be admitted or denied.  To the extent a further response is required, the allegations are denied. .

539.    Paragraph 539 cites the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 539.

540.    The document cited speaks for itself, and, as such, the allegations contained in paragraph 540 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

541.    The State denies the allegations in paragraph 541.

542.    The State denies the allegations in paragraph 542.

543.    The State incorporates its answers to paragraphs 1-542 as though fully set forth herein.

544.    Paragraph 544 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 544 contains factual allegations, the State denies those allegations.

545.    The State denies the allegations in paragraph 545.

546.    The State denies the allegations in paragraph 546.

547.    Paragraph 547 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 547 contains factual allegations, the State denies those allegations.

548.    The State admits the allegations in paragraph 548.

549.    The State admits that the regional analysis conducted by the MPO was prepared using emissions from MOBILE6.2.

550.    The State admits the allegations in paragraph 550.

551.    The State denies the allegations in paragraph 551.

552.    The State denies the allegations in paragraph 552.

553.    The State denies the allegations in paragraph 553.

554.    The State denies the allegations in paragraph 554.

555.    The State incorporates its answers to paragraphs 1-554 as though fully set forth herein.

556.    The State admits the allegations in paragraph 556.

557.    The State admits the allegations in paragraph 557.

558.    The State admits that Plaintiffs submitted comments on the ICC, and further states that such written comments speak for themselves, and, as such, the allegations in paragraph 558 need not be admitted or denied.  To the extent a further response is required, the allegations are denied.

559.    Paragraph 559 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.

560.    Paragraph 560 references the conformity determination, which speaks for itself, and, as such, no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 560.

561.    Paragraph 561 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 561 contains factual allegations, the State denies those allegations.

562.    The State incorporates its answers to paragraphs 1-561 as though fully set forth herein.

563.    The State denies the allegations in paragraph 563.

564.    Paragraph 564 contains statutory references and/or legal conclusions, and, as such, it need not be admitted or denied.

565.    The State denies the allegations in paragraph 565.

566.    The State incorporates its answers to paragraphs 1-565 as though fully set forth herein.

567.    Paragraph 567 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 567 contains factual allegations, the State denies those allegations.

568.    Paragraph 568 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 568 contains factual allegations, the State denies those allegations.

569.    Paragraph 569 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 569 contains factual allegations, the State denies those allegations.

570.    Paragraph 570 contains legal citation(s),  legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 570 contains factual allegations, the State denies those allegations.

571.    The State denies the allegations in paragraph 571.

572.    Paragraph 572 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 572 contains factual allegations, the State denies those allegations.

573.    Paragraph 573 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 573 contains factual allegations, the State denies those allegations.

574.    The State denies the allegations in paragraph 574.

575.    The State denies the allegations in paragraph 575.

576.    Paragraph 576 contains legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 576 contains factual allegations, the State denies those allegations.

577.    The State admits the allegations in paragraph 577.

578.    The State admits the allegations in paragraph 578.

579.    The State admits Plaintiffs requested an extension of the comment period and deny the remaining allegations in paragraph 579.

580.    The State is without sufficient information to admit or deny the allegations in paragraph 580, and therefore denies them.

581.    The State denies the allegations in paragraph 581.

582.    The State denies the allegations in paragraph 582.

583.    The State denies the allegations in paragraph 583.

584.    The State denies the allegations in paragraph 584.

585.    Paragraph 585 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 585 contains factual allegations, the State denies those allegations.

586.    Paragraph 586 contains legal citation(s), legal argument and rhetorical statements to which no answer is required.  To the extent paragraph 586 contains factual allegations, the State denies those allegations.

587.    The State denies the allegations in paragraph 587.

588.    The State denies the allegations in paragraph 588.

589.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589 and therefore denies them.

590.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590 and therefore denies them.

591.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591 and therefore denies them.

592.    The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592 and therefore denies them.

593.    Paragraph 593 contains legal citation(s) and legal conclusions to which no response is required.  To the extent a further response is required, the State denies the allegations in paragraph 593.

594.    Prayer for Relief: the balance of the complaint contains Plaintiffs' Prayer for Relief to which an answer is not required.

## GENERAL DENIAL

The State specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified of denied by these answers.

## DEFENSES/AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred by virtue of the expiration of the applicable statute of limitations prior to the filing of this action.

3.     Plaintiffs' claims are barred by estoppel and the doctrine of laches.

WHEREFORE, having answered each and every allegation in Plaintiffs' Complaint, Intervenor-Defendant, the State of Maryland, respectfully requests that judgment be entered in favor of the State of Maryland, and that the State of Maryland be granted such other and further relief as the Court may allow.


Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_/s/ Linda D. Strozyk_____
Linda D. Strozyk, Fed Bar No. 429514
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

_/s/ Kristin Case Lawrence_____
Kristin Case Lawrence, Fed Bar No. 461011
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE, *et al.*          *

      Plaintiffs,          *

v.          *          Civil Action No. 1:06-cv-02176-GK

UNITED STATES DEPARTMENT OF          *
TRANSPORTATION, *et al.*
                                         *

      Defendants.          *

*   *   *   *   *   *   *   *   *   *   *   *   *

## STATE OF MARYLAND'S MEMORANDUM IN SUPPORT
## OF FEDERAL DEFENDANTS' MOTION TO TRANSFER

The State of Maryland, through its attorneys, Douglas F. Gansler, Attorney General of

Maryland, and Linda D. Strozyk, Assistant Attorney General, hereby submits this Memorandum in

Support of the Motion to Transfer filed by the United States Department of Transportation

("DOT"), Mary E. Peters, in her official capacity as Secretary of the DOT, the Federal Highway

Administration ("FHWA"), and K. Richard Capka, in his official capacity as FHWA's

Administrator (collectively, the "Federal Defendants") on February 21, 2007 [Dkt. No. 9]. [1]  In

light of the State of Maryland's interests in the subject matter of this litigation and its status as an

intervenor in the related litigation in Maryland, the State moves to intervene and supports the

Federal Defendants' request for change of venue to Maryland for the reasons stated in the Federal

---

[1] Pursuant to Fed.R.Civ.P. 10( c), the State adopts and incorporates herein by reference the relevant factual background, description of the parties to this litigation, and applicable authority in the Federal Defendants' Motion to Transfer and in the State's accompanying Motion to Intervene.

Defendants' Motion to Transfer and additionally noted below.[2]  Specifically, this Memorandum addresses several misstatements in Plaintiffs' Response in Opposition to the Motion to Transfer concerning the nature of the Intercounty Connector ("ICC") project and the State's interest therein.

## THE INTERESTS OF THE STATE OF MARYLAND AND ITS RESIDENTS WARRANT TRANSFER OF VENUE

Of the public interest factors,[3] the interest in deciding local controversies at home has often been cited as the most persuasive.  *See Shawnee Tribe v. US,* 298 F.Supp.2d 21 (D.D.C. 2002); *See also DeLoach v. Philip Morris Cos.*, 132 F.Supp.2d 22, 24 (D.D.C. 2000) (North Carolina was "far superior" to the District of Columbia because plaintiffs' allegations were far more likely to constitute a matter of great public concern to the citizens of North Carolina.)  Likewise, in this case, the most persuasive factor supporting the appropriateness of transfer is the State of Maryland's interest in having this monumental public works initiative adjudicated in a court in Maryland.  The State of Maryland initiated the environmental studies for the ICC and was extensively involved in the lengthy administrative processes challenged by Plaintiffs.  The project will not only serve vital transportation needs of Maryland citizens but is unprecedented in its commitment to minimizing the impact of the highway on other important resources in Montgomery and Prince George's Counties, Maryland.  The State undertook significant efforts during the ICC environmental review process to ensure cooperation with state resource agencies

---

[2] The Court may consider the State's interests and arguments regarding transfer at this stage even if the ultimate decision on intervention in this matter is subsequently decided or deferred to the District of Maryland. *See, e.g., S. Utah Wilderness Alliance v. Norton*, 2002 U.S. Dist. LEXIS 27414 at *1-2 (D.D.C. Jun. 28, 2002); *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 72 n.9 (D.D.C. 2003).

[3] As set forth by the Federal Defendants, the public interest factors include:  (1) the degree to which the courts in both venues are familiar with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  Fed.Def.Mot. at 15.

and compliance with multiple state laws, including Maryland's landmark Smart Growth policy, Md. Code, §5-7A-01 *et seq*., State Fin. & Procurement; the Nontidal Wetlands Protection Act, Md. Code, Env't. § 5-901 *et seq*.; the Waterway Construction Act, *id*. § 5-501 *et seq*.; and the Rare and Endangered Species Act, Md. Code, Nat'l Resources, §§10-101, 10-205, 10-301, 10-404, 10-406, 10-408, and 10-415. Concurrently, the State worked to ensure conformity with detailed and long-standing local land use plans.  Moreover, a significant majority of the estimated $2.45 billion total cost of the ICC will be funded with State dollars.  Together, these characteristics of the ICC project create a strong local interest in defending the project in, and having a decision rendered by, a Maryland court.

Plaintiffs' attempt to characterize the ICC as intended to benefit District of Columbia rather than Maryland residents and interests is fundamentally incorrect.  Residents of the District are not the intended beneficiaries of the ICC project -- instead, the road's transportation objectives are to serve primarily the over 1 million residents of the two counties where the road will be built. Indeed, the FEIS and ROD demonstrate why the ICC is innately a Maryland project primarily benefiting and impacting its own residents.  Further, the ICC FEIS and ROD, including the Purpose and Need, highlight the analysis of general improvements in local communities,[4] the high level of anticipated local travel,[5] less congestion and fewer accidents on local road networks[6]

---

[4] *See, e.g.*, FEIS at IV-342 (noting that inclusion of interchange MD 182 (Layhill Road) was specifically aimed to benefit "communities in the center portion of the study area.").

[5] *See, e.g.*, FEIS at IV-356-357.

[6] *See, e.g.*, FEIS at IV-84-86.  *See also Valley Cmty. Pres. Comm'n v. Mineta*, 231 F. Supp. 2d 23, 46 (D.D.C. 2002) (transferring case to New Mexico as "there would undoubtedly be greater interest in New Mexico than the District of Columbia regarding the construction of a New Mexico highway, especially a highway with an unusually high rate of traffic accidents that have resulted in numerous injuries and fatalities").

(utilized primarily by Maryland residents), and greater access to jobs in Maryland, by Maryland residents.[7]  *See, generally*, FEIS Section IV.J ("Effects on Transportation"); ROD Section V at 52, 63-67.

The Plaintiffs' argument that this case is one having national significance outweighing local interest is also without merit.  Although the ICC was designated by the US DOT as a priority project under Executive Order 13274[8], and will become part of the national highway system, the ICC will not be designated as an US or interstate highway, but instead will be designated as MD Route 200.  In addition to connecting interstate highways, I-95 and I-370/I-270, the ICC will connect local roads and provide a much needed transportation facility for residents of these two counties in Maryland.  The ICC plan also expands bicycle and pedestrian trails. The project also includes 63 environmental enhancement activities, incorporates an extensive mitigation package and creates nearly 800 acres of new parkland in Maryland.

Plaintiffs' efforts to have the ICC the subject of litigation in two courts will not only be inefficient and duplicative for the courts, but will force the State to incur additional costs associated with litigation.  The State will expend more in producing the administrative record to two courts (more than 14,000 documents, approximately 190,000 pages)[9].  In addition, the

---

[7] *See, e.g.*, FEIS at IV-351, 358-59.

[8] The one past challenge to a project on the priority list was litigated in Vermont, the jurisdiction where the project was to be constructed.  *Senville v. Peters*, 2006 U.S. Dist. LEXIS 50789 (D. Vt., July 20, 2006).  Moreover, challenges to many other important roads have appropriately been litigated in their local courts.  *See, e.g.*, *Utahns for Better Transp. v. United States DOT*, 180 F. Supp. 2d 1286 (D. Utah 2001) (Legacy Parkway project in Utah); *Route 9 Opposition Legal Fund v. Mineta*, 213 F. Supp. 2d 637 (N.D. W. Va. 2002) and *Piedmont Envtl. Council v. Strock*, 394 F. Supp. 2d 803 (N.D. W. Va. 2005) (West Virginia Route 9).

[9] The State has primary responsibility for management and reproduction of the administrative record.

potential for disparate, non-concurrent decisions opens up the possibility of the State incurring

significant construction or delay costs. Plaintiffs, after carefully coordinating and cooperating in

the ICC administrative process with the Maryland Plaintiffs, have created unnecessary

confusion and judicial inefficiency by filing obviously related cases in different courts.

## CONCLUSION

For the foregoing reasons, as well as those stated by the Federal Defendants, the Court

should grant the Motion to Transfer.


Dated:  March 15, 2007                    Respectfully submitted,

                                          DOUGLAS F. GANSLER
                                          Attorney General of Maryland

                                          _/s/ Linda D. Strozyk_____
                                          Linda D. Strozyk, Fed Bar No. 429514
                                          Assistant Attorney General
                                          The State Highway Administration
                                          707 N. Calvert Street, 4th Floor
                                          Baltimore, Maryland 21202
                                          (410) 545-0040

                                          _/s/ Kristin Case Lawrence_____
                                          Kristin Case Lawrence, Fed Bar No. 461011
                                          Assistant Attorney General
                                          The State Highway Administration
                                          707 N. Calvert Street, 4th Floor
                                          Baltimore, Maryland 21202
                                          (410) 545-0040

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE, *et al.*   &ast;

   Plaintiffs,     &ast;

v.           &ast;   Civil Action No. 1:06-cv-02176-GK

UNITED STATES DEPARTMENT OF &ast;
TRANSPORTATION, *et al.*

           &ast;

   Defendants.    &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

## <u>PROPOSED ORDER</u>

Upon consideration of the Motion to Intervene filed by the State of Maryland, by and through its agencies, including but not limited to the Maryland Department of Transportation (MDOT), the Maryland State Highway Administration (SHA) and the Maryland Transportation Authority (MdTA) (collectively, the "State") and the Memorandum in Support thereof (together, the "Motion to Intervene"), and the proposed Answer attached to the Motion, and the responses to the Motion, if any, it is, by the United States District Court for the District of Columbia hereby

ORDERED that the Motion to Intervene be, and the same hereby is **GRANTED**.

_____
The Honorable Gladys Kessler
United States District Court for the
District of Columbia