IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE and<br>SIERRA CLUB, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>TRANSPORTATION, et al.,<br><br>    Defendants. | Civil Action No.<br>06-2176(GK) |

**PLAINTIFFS' MOTION TO STRIKE STATE OF MARYLAND'S MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO TRANSFER AND THE FEDERAL DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION TO TRANSFER, AND IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE REPLY TO MARYLAND'S UNTIMELY MEMORANDUM**

Environmental Defense and the Sierra Club (collectively, "Plaintiffs") respectfully request that this Court strike the State of Maryland's ("State") Memorandum in Support of the Federal Defendants' Motion to Transfer because the State, as a proposed intervenor, improperly seeks to change venue and because the State's Memorandum was not filed in a timely manner. Plaintiffs also request this Court to strike the untimely Reply filed by the United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka (collectively, "Federal Defendants"). If the Court declines to strike the untimely filings, Plaintiffs move in the alternative for leave to file a reply to the State's untimely Memorandum supporting transfer.

1

**I.       As a Prospective Intervenor the State May Not Challenge Venue.**

Plaintiffs do not oppose the State's motion to intervene as a defendant in this Court. Plaintiffs, however, move to strike the State's Memorandum in Support of the Federal Defendants' Motion to Transfer because the State may not, after it is allowed to intervene, seek or support transfer of venue. The State, therefore, should not be heard on the motion to transfer, and its pleading regarding this issue should be stricken.

The State acknowledges that it is "moving to intervene in this case in order to support the transfer of the matter." State's Br. at 1. Case law is clear, however, that an intervenor may not question venue. In Consumers Union of United States, Inc. v. Consumer Product Safety Commission, the Court of Appeals for the District of Columbia Circuit noted the "familiar rule that an intervenor generally is held to have waived his privilege to change the venue of a suit." 590 F.2d 1209, 1222 n.65 (D.C. Cir. 1978) (internal citations omitted), rev'd on other grounds, GTE Sylvania, Inc. v. Consumers Union of U.S., Inc., 445 U.S. 375 (1980).

This rule applies because an intervenor, "[b]y voluntarily bringing himself into the action . . . has waived his privilege not to be required to engage in litigation in that forum." 7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1918 (2006) (collecting cases); see also MOORE'S FEDERAL PRACTICE – CIVIL § 24.22[3] (2006) ("Since the intervenor specifically invoked the jurisdiction of the court, any potential venue objections are considered waived."); accord ELIZABETH BOSEK, ET AL., INTERVENORS AND IMPLEADED PARTIES, 92A C.J.S. VENUE § 143 (West 2007); 4A FED. PROC., L. ED. § 8:560 (West 2006). Indeed, "[v]enue is a privilege personal to the defendant in a civil suit and a person intervening on either side of the controversy may not object to improper venue." Trans World Airlines, Inc. v. Civil Aeronautics Bd., 339 F.2d 56, 64 (2d Cir. 1964). Based on this reasoning, this Court and Circuit

have rejected the attempts of intervenors to challenge venue. See, e.g., Consumers Union, 590 F.2d at 1222 n.65; Pharm. Research & Mfrs. of Am. v. Thompson, 259 F. Supp. 2d 39, 59 (D.D.C. 2003) (holding that an intervenor "cannot now be heard to object that the Court lacks jurisdiction or that venue is improper"); see also Beam Laser Sys., Inc. v. Cox Communications, Inc., 117 F. Supp. 2d 515, 517-18 & n.1 (E.D. Va. 2000) (holding that an intervenor may not seek to change venue); Asbury Glen/Summit Ltd. Partnership v. Se. Mortgage Co., 776 F. Supp. 1093, 1096 (W.D.N.C. 1991) (noting the general rule that intervenors may not challenge venue).

If the State is permitted to intervene, it may not do so for the purpose of challenging venue. This Court should, therefore, grant the State's motion to intervene, but strike the State's Memorandum regarding the pending motion to transfer.

II.     **This Court Should Strike the State's Untimely Memorandum and the Federal Defendants' Untimely Reply Because the State and Federal Defendants Did Not Seek Leave to File their Untimely Documents.**

Even if it were proper for an intervenor to comment on a motion seeking a change of venue, the Court should strike the State's Memorandum because the State did not file a motion seeking leave to file its untimely Memorandum. Similarly, the Court should strike sections I-III of the Federal Defendants' Reply because those sections relate to Plaintiff's Response to the Motion to Transfer and are, therefore, untimely.

    A.     **The Filings of the State and Federal Defendants Were Untimely.**

The Local Rules provide that responses must be filed within eleven days of the motion and replies must be filed within five days of a response. D.D.C. R. CIV. P. 7(b), (d). On February 21, 2007, Federal Defendants filed a Motion to Transfer, making all responses due no later than March 5, 2007. On March 5, 2007, Plaintiffs timely filed their Response in Opposition to Federal Defendants' Motion to Transfer, making all replies due no later than March 12, 2007.

The State did not join the Federal Defendants' motion, did not file its own motion, nor did it file a timely response to the motion.

On March 15, 2007, ten days after Plaintiffs filed their Response in Opposition to the Motion to Transfer and twenty-two days after the initial Motion, the State attempted to file a motion to intervene and an untimely Memorandum in Support of the Federal Defendants' Motion to Transfer.[1]  The State did not file a motion seeking leave to file its untimely Memorandum, nor did it file a motion for an extension of time.  Shortly thereafter, on the same day, Federal Defendants filed a Reply to Plaintiffs' Opposition.

Although styled as a Memorandum in Support of Federal Defendants' Motion to Transfer, the State's Memorandum is characterized properly as either a Response or a Reply to the Federal Defendants' Motion.  Indeed, the State's Memorandum should not be considered a Reply because, pursuant to Local Rule of Civil Procedure 7(d), only a moving party is entitled to file a reply.  Accordingly, the State's Memorandum should be considered a Response under Local Rule 7(b) for purposes of establishing a filing deadline, making the State's filing due no later than March 5, 2007.[2]  As such, the State's Memorandum was ten days late.[3]

The Federal Defendants' Reply includes both a Response to Plaintiffs' Cross-Motion to File the Administrative Record and a Reply to Plaintiff's Response to the Motion to Transfer.  The portion of the Reply responding to Plaintiffs' Cross-Motion is governed by the deadlines established under Local Rule 7(b) for responses, and was timely filed.  The portion of the Reply

---

[1] The State's Motion to Intervene and Memorandum in Support of Federal Defendants' Motion to Transfer were rejected by the court clerk and refiled on March 16, 2007.
[2] To permit the State to file a reply would deny Plaintiffs' the opportunity to address the issues raised, for the first time, in the State's filing.  Rather than initiating a new round of briefing, Plaintiffs believe the most appropriate resolution is to strike the State's untimely Memorandum to expedite resolution of the Motion to Transfer.
[3] Even if this Court considers the State's Memorandum a Reply, it is still untimely because such a reply was due no later than March 12, 2007, pursuant to Local Rule 7(d).

addressing Plaintiffs' arguments in Response to the Motion to Transfer, however, are governed by the five day deadline for replies established by Local Rule 7(d). This portion of the Federal Defendants' Reply, which constitutes Sections I-III of the Reply and twenty of the twenty-one pages of the Reply, is untimely.

### B. The Untimely Filings Should Be Stricken Because the State and Federal Defendants Did Not Seek Leave to File Late.

The State and Federal Defendants' untimely filings should be stricken because they were filed without leave of this Court, and this Circuit's precedent is clear that a motion for an extension is required to permit this Court to consider untimely filings.

Any "*post*-deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" Lujan v. Defenders of Wildlife, 497 U.S. 871, 896 (1990) (quoting FED. R. CIV. P. 6(b)). This Circuit has interpreted Rule 6(b) to require a motion for an extension of time when a party seeks to make an untimely filing, concluding, "[i]n the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion [to consider the post-deadline filings]." Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005). Because the untimely filings of the State and Federal Defendants were filed without a motion for an extension of time and a proper showing of excusable neglect, the Court should strike them as untimely. See Everson v. Medlantic Healthcare Group, No. Civ.A. 00-226 JMF, 2006 WL 297711, at *1 (D.D.C. 2006) ("[I]t is an abuse of the court's discretion to consider an untimely motion in the absence of a motion for an extension.").

Further, the equities favor striking the untimely filings. Neither the State nor the Federal Defendants provided any basis for concluding that excusable neglect existed to justify the late filings. FED. R. CIV. P. 6(b)(2). The State was aware of this proceeding well before the motion

5

to transfer was filed, yet it chose to wait to file its Memorandum in Support of Federal Defendants' Motion to Transfer, and its related Motion to Intervene, until after briefing on the issue had concluded. Hours after the State filed its initial Motion to Intervene and supporting Memorandum, the Federal Defendants filed an untimely reply to Plaintiffs' response, referencing the State's Motion to Intervene and Memorandum in Support of the Motion to Transfer. Fed. Defs.' Reply at 10. The consequence, then, of the late filings was to encourage further untimely briefing.

Requiring adherence to Local Civil Rule 7 and Federal Rule of Civil Procedure 6(b) is particularly appropriate where, as here, a prospective intervenor seeks to file after the briefing has concluded. As a prospective intervenor, the State must take this case as it finds it. See Estelle v. Justice, 426 U.S. 925, 926-27 (1976) (noting the "familiar rule that an intervenor take[s] the case as he finds it"). Any decision to the contrary would effectively permit *any* prospective intervenor to upset an established litigation schedule for its own convenience or benefit by filing a motion seeking to intervene at the time that suits it best. Indeed, if the State is allowed to file its Memorandum, the proceeding will be delayed by a new round of briefing.

To prevent undue delay, this Court should afford the State's argument no weight and strike its Memorandum. This Court should also strike the Federal Defendants' untimely Reply because it was filed without a motion seeking leave to file the untimely Reply.

### III. In the Alternative, Plaintiffs Move For Leave to Reply to the State's Untimely Memorandum.

If the Court grants intervention and accepts the State's Memorandum, then Plaintiffs move for leave to file a reply. The State raises issues and arguments not made by the Federal Defendants. Plaintiffs have not had an opportunity to reply to these additional arguments. In the interests of fairness and justice, Plaintiffs should be accorded an opportunity to present

arguments responding to these new contentions.  See <u>Marsh v. Johnson</u>, 263 F. Supp. 2d 49, 54 (D.D.C. 2003).

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' motion to strike the State's Memorandum in Support of Federal Defendants' Motion to Transfer.  If this Court decides to consider the State's Memorandum, Plaintiffs request that this Court establish a briefing schedule to enable Plaintiffs to respond in a timely manner.  Plaintiffs also respectfully request this Court to strike as untimely Sections I-III of the Federal Defendants' Reply in Support of its Motion to Transfer.  If the Court declines to strike the untimely filings, Plaintiffs move this Court to permit Plaintiffs to file a reply to the State's untimely Memorandum in Support of Transfer.

DATED:     March 21, 2007                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/  Hope Babcock                  _____
　　　　　　　　　　　　　　　　　　　　　　　Hope Babcock, Director
　　　　　　　　　　　　　　　　　　　　　　　　   (Fed/D.C. Bar No. 14639)
　　　　　　　　　　　　　　　　　　　　　　　Erik Bluemel, Staff Attorney
　　　　　　　　　　　　　　　　　　　　　　　　   (D.C. Bar No.501869)
　　　　　　　　　　　　　　　　　　　　　　　Institute for Public Representation
　　　　　　　　　　　　　　　　　　　　　　　Georgetown University Law Center
　　　　　　　　　　　　　　　　　　　　　　　600 New Jersey Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20001
　　　　　　　　　　　　　　　　　　　　　　　Phone: 202-662-9535
　　　　　　　　　　　　　　　　　　　　　　　Fax: 202-662-9634

　　　　　　　　　　　　　　　　　　　　　　　Robert E. Yuhnke
　　　　　　　　　　　　　　　　　　　　　　　　   (C.O. Bar No. 012686)
　　　　　　　　　　　　　　　　　　　　　　　Robert E. Yuhnke & Associates
　　　　　　　　　　　　　　　　　　　　　　　2910 Country Road 67
　　　　　　　　　　　　　　　　　　　　　　　Boulder, CO  80303
　　　　　　　　　　　　　　　　　　　　　　　Phone: 303-499-0425

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*
　　　　　　　　　　　　　　　　　　　　　　　*Environmental Defense and Sierra Club*

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, March 21, 2007, I caused to be served a true and correct copy of the foregoing Plaintiffs' Motion to Strike Federal Defendants' Reply and the State's Memorandum in Support of Transfer, and in the Alternative, Plaintiffs' Motion for Leave to File a Reply and Proposed Order by filing through this Court's electronic filing system and by direct electronic transmission on:

| | |
|---|---|
| Cynthia J. Morris<br>C.J.Morris@usdoj.gov | Attorney for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |
| Margaret N. Strand<br>mstrand@venable.com | Attorney for Defendants Metropolitan Washington Council of Governments, Vincent C. Gray, National Capital Region Transportation Planning Board, and Catherine Hudgins |
| Linda D. Strozyk<br>lstrozyk@sha.state.md.us | |
| Kristin Case Lawrence<br>kcaselaw@bdslegal.com | Attorneys for Proposed Intervenor Defendant State of Maryland |

and by direct electronic transmission on:

Wells Burgess
Wells.Burgess@usdoj.gov

Laura Maroldy
Laura.Maroldy@usdoj.gov

Rachel Dougan
Rachel.Dougan@usdoj.gov

| | |
|---|---|
| Scott J. Jordan<br>Scott.Jordan@usdoj.gov | Attorneys for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |

                                                                           /s/ Erik B. Bluemel_____
                                                                            Erik B. Bluemel

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
ENVIRONMENTAL DEFENSE and           )
SIERRA CLUB, Inc.,                  )
                                    )
       Plaintiffs,              )
                                    )
                                    )
v.                                  )   Civil Action No.
                                    )   06-2176(GK)
UNITED STATES DEPARTMENT OF         )
TRANSPORTATION, et al.,             )
                                    )
       Defendants.              )
                                    )
_____)

**[PROPOSED] ORDER**

The Motion of Environmental Defense and the Sierra Club to strike the State of Maryland's Memorandum in Support of Federal Defendants' Motion to Transfer and the Federal Defendants' Reply in Support of their Motion to Transfer is GRANTED.

The Clerk is hereby DIRECTED to remove the aforementioned documents from the docket sheet and treat them as unfiled.

SO ORDERED.

Dated: March _____, 2007                    _____
                                                                  The Honorable Gladys Kessler, District Judge
                                                                      District Judge for the United States
                                                       District Court for the District of Columbia