IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:06-cv-02176-GK |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ERRATA

DEAR SIR OR MADAM CLERK:

Accompanying this Errata is a corrected State of Maryland's Memorandum in Support of Federal Defendants' Motion to Transfer, filed as an attachment to the State of Maryland's Motion to Intervene on March 16, 2007 [Dkt. No. 19]. The original pleading inadvertently contained an erroneous statutory reference. The correction does not modify the substance of the memorandum.

Dated:  March 20, 2007

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_/s/ Linda D. Strozyk_____
Linda D. Strozyk, Fed Bar No. 429514
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

2

_/s/ Kristin Case Lawrence_____
Kristin Case Lawrence, Fed Bar No. 461011
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:06-cv-02176-GK |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**STATE OF MARYLAND'S MEMORANDUM IN SUPPORT
OF FEDERAL DEFENDANTS' MOTION TO TRANSFER**

The State of Maryland, through its attorneys, Douglas F. Gansler, Attorney General of Maryland, and Linda D. Strozyk, Assistant Attorney General, hereby submits this Memorandum in Support of the Motion to Transfer filed by the United States Department of Transportation ("DOT"), Mary E. Peters, in her official capacity as Secretary of the DOT, the Federal Highway Administration ("FHWA"), and K. Richard Capka, in his official capacity as FHWA's Administrator (collectively, the "Federal Defendants") on February 21, 2007 [Dkt. No. 9].[1] In light of the State of Maryland's interests in the subject matter of this litigation and its status as an intervenor in the related litigation in Maryland, the State moves to intervene and supports the Federal Defendants' request for change of venue to Maryland for the reasons stated in the Federal

---

[1] Pursuant to Fed.R.Civ.P. 10( c), the State adopts and incorporates herein by reference the relevant factual background, description of the parties to this litigation, and applicable authority in the Federal Defendants' Motion to Transfer and in the State's accompanying Motion to Intervene.

Defendants' Motion to Transfer and additionally noted below.[2]  Specifically, this Memorandum addresses several misstatements in Plaintiffs' Response in Opposition to the Motion to Transfer concerning the nature of the Intercounty Connector ("ICC") project and the State's interest therein.

### THE INTERESTS OF THE STATE OF MARYLAND AND ITS RESIDENTS WARRANT TRANSFER OF VENUE

Of the public interest factors,[3] the interest in deciding local controversies at home has often been cited as the most persuasive.  *See Shawnee Tribe v. US,* 298 F.Supp.2d 21 (D.D.C. 2002); *See also DeLoach v. Philip Morris Cos.*, 132 F.Supp.2d 22, 24 (D.D.C. 2000) (North Carolina was "far superior" to the District of Columbia because plaintiffs' allegations were far more likely to constitute a matter of great public concern to the citizens of North Carolina.)  Likewise, in this case, the most persuasive factor supporting the appropriateness of transfer is the State of Maryland's interest in having this monumental public works initiative adjudicated in a court in Maryland.  The State of Maryland initiated the environmental studies for the ICC and was extensively involved in the lengthy administrative processes challenged by Plaintiffs.  The project will not only serve vital transportation needs of Maryland citizens but is unprecedented in its commitment to minimizing the impact of the highway on other important resources in Montgomery and Prince George's Counties, Maryland.  The State undertook significant efforts during the ICC environmental review process to ensure cooperation with state resource agencies

---

[2] The Court may consider the State's interests and arguments regarding transfer at this stage even if the ultimate decision on intervention in this matter is subsequently decided or deferred to the District of Maryland. *See, e.g., S. Utah Wilderness Alliance v. Norton*, 2002 U.S. Dist. LEXIS 27414 at *1-2 (D.D.C. Jun. 28, 2002); *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 72 n.9 (D.D.C. 2003).

[3] As set forth by the Federal Defendants, the public interest factors include:  (1) the degree to which the courts in both venues are familiar with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  Fed.Def.Mot. at 15.

and compliance with multiple state laws, including Maryland's landmark Smart Growth policy, Md. Code, §5-7A-01 *et seq.*, State Fin. & Procurement; the Nontidal Wetlands Protection Act, Md. Code, Env't, § 5-901 *et seq.*; the Waterway Construction Act, *id.* §5-501 *et seq.*; and the Nongame and Endangered Species Conservation Act, Md. Code Ann., Nat'l Resources, §10-2A-01 *et seq.* Concurrently, the State worked to ensure conformity with detailed and long-standing local land use plans. Moreover, a significant majority of the estimated $2.45 billion total cost of the ICC will be funded with State dollars. Together, these characteristics of the ICC project create a strong local interest in defending the project in, and having a decision rendered by, a Maryland court.

      Plaintiffs' attempt to characterize the ICC as intended to benefit District of Columbia rather than Maryland residents and interests is fundamentally incorrect. Residents of the District are not the intended beneficiaries of the ICC project -- instead, the road's transportation objectives are to serve primarily the over 1 million residents of the two counties where the road will be built. Indeed, the FEIS and ROD demonstrate why the ICC is innately a Maryland project primarily benefiting and impacting its own residents. Further, the ICC FEIS and ROD, including the Purpose and Need, highlight the analysis of general improvements in local communities,[4] the high level of anticipated local travel,[5] less congestion and fewer accidents on local road networks[6] (utilized primarily by Maryland residents), and greater access to jobs in Maryland, by Maryland

---

[4] *See, e.g.*, FEIS at IV-342 (noting that inclusion of interchange MD 182 (Layhill Road) was specifically aimed to benefit "communities in the center portion of the study area.").

[5] *See, e.g.*, FEIS at IV-356-357.

[6] *See, e.g.*, FEIS at IV-84-86. *See also Valley Cmty. Pres. Comm'n v. Mineta*, 231 F. Supp. 2d 23, 46 (D.D.C. 2002) (transferring case to New Mexico as "there would undoubtedly be greater interest in New Mexico than the District of Columbia regarding the construction of a New Mexico highway, especially a highway with an unusually high rate of traffic accidents that have resulted in numerous injuries and fatalities").

residents.[7] *See, generally*, FEIS Section IV.J ("Effects on Transportation"); ROD Section V at 52, 63-67.

The Plaintiffs' argument that this case is one having national significance outweighing local interest is also without merit. Although the ICC was designated by the US DOT as a priority project under Executive Order 13274[8], and will become part of the national highway system, the ICC will not be designated as an US or interstate highway, but instead will be designated as MD Route 200. In addition to connecting interstate highways, I-95 and I-370/I-270, the ICC will connect local roads and provide a much needed transportation facility for residents of these two counties in Maryland. The ICC plan also expands bicycle and pedestrian trails. The project also includes 63 environmental enhancement activities, incorporates an extensive mitigation package and creates nearly 800 acres of new parkland in Maryland.

Plaintiffs' efforts to have the ICC the subject of litigation in two courts will not only be inefficient and duplicative for the courts, but will force the State to incur additional costs associated with litigation. The State will expend more in producing the administrative record to two courts (more than 14,000 documents, approximately 190,000 pages)[9]. In addition, the potential for disparate, non-concurrent decisions opens up the possibility of the State incurring

---

[7] *See, e.g.*, FEIS at IV-351, 358-59.

[8] The one past challenge to a project on the priority list was litigated in Vermont, the jurisdiction where the project was to be constructed. *Senville v. Peters*, 2006 U.S. Dist. LEXIS 50789 (D. Vt., July 20, 2006). Moreover, challenges to many other important roads have appropriately been litigated in their local courts. *See, e.g.*, *Utahns for Better Transp. v. United States DOT*, 180 F. Supp. 2d 1286 (D. Utah 2001) (Legacy Parkway project in Utah); *Route 9 Opposition Legal Fund v. Mineta*, 213 F. Supp. 2d 637 (N.D. W. Va. 2002) and *Piedmont Envtl. Council v. Strock*, 394 F. Supp. 2d 803 (N.D. W. Va. 2005) (West Virginia Route 9).

[9] The State has primary responsibility for management and reproduction of the administrative record.

significant construction or delay costs. Plaintiffs, after carefully coordinating and cooperating in the ICC administrative process with the Maryland Plaintiffs, have created unnecessary confusion and judicial inefficiency by filing obviously related cases in different courts.

## CONCLUSION

For the foregoing reasons, as well as those stated by the Federal Defendants, the Court should grant the Motion to Transfer.


Dated:  March 15, 2007								Respectfully submitted,

												DOUGLAS F. GANSLER
												Attorney General of Maryland

												_/s/ Linda D. Strozyk_____
												Linda D. Strozyk, Fed Bar No. 429514
												Assistant Attorney General
												The State Highway Administration
												707 N. Calvert Street, 4th Floor
												Baltimore, Maryland 21202
												(410) 545-0040

												_/s/ Kristin Case Lawrence_____
												Kristin Case Lawrence, Fed Bar No. 461011
												Assistant Attorney General
												The State Highway Administration
												707 N. Calvert Street, 4th Floor
												Baltimore, Maryland 21202
												(410) 545-0040