## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
ENVIRONMENTAL DEFENSE and                    )
SIERRA CLUB, Inc.,                           )
                                             )
        Plaintiffs,                            )
                                             )
                                             )
v.                                           )        Civil Action No.
                                             )        06-2176(GK)
UNITED STATES DEPARTMENT OF                  )
TRANSPORTATION, et al.,                      )
                                             )
        Defendants.                            )
                                             )
_____)

**PLAINTIFFS' AMENDED MOTION TO STRIKE STATE OF MARYLAND'S
MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO
TRANSFER, AND IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A
REPLY TO THE STATE'S UNTIMELY MEMORANDUM**

        Environmental Defense and the Sierra Club (collectively, "Plaintiffs") respectfully

request that this Court strike the State of Maryland's ("State") Memorandum in Support of the

Federal Defendants' Motion to Transfer because the State, as a proposed intervenor, improperly

seeks to change venue and because the State's Memorandum was not filed in a timely manner.  If

the Court declines to strike the untimely filing, Plaintiffs move in the alternative for leave to file

a reply to the State's Memorandum supporting transfer.

**I.      As a Prospective Intervenor the State May Not Challenge Venue.**

        Plaintiffs do not oppose the State's motion to intervene as a defendant in this Court.

Plaintiffs, however, move to strike the State's Memorandum in Support of the Federal

Defendants' Motion to Transfer because the State may not, after it is allowed to intervene, seek

or support transfer of venue.  The State, therefore, should not be heard on the motion to transfer, and its pleading regarding this issue should be stricken.

The State acknowledges that it is "moving to intervene in this case in order to support the transfer of the matter."  State's Br. at 1.  Case law is clear, however, that an intervenor may not question venue.  In Consumers Union of United States, Inc. v. Consumer Product Safety Commission, the Court of Appeals for the District of Columbia Circuit noted the "familiar rule that an intervenor generally is held to have waived his privilege to change the venue of a suit." 590 F.2d 1209, 1222 n.65 (D.C. Cir. 1978) (internal citations omitted), rev'd on other grounds, GTE Sylvania, Inc. v. Consumers Union of U.S., Inc., 445 U.S. 375 (1980).

This rule applies because an intervenor, "[b]y voluntarily bringing himself into the action . . . has waived his privilege not to be required to engage in litigation in that forum."  7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1918 (2006) (collecting cases); see also MOORE'S FEDERAL PRACTICE – CIVIL § 24.22[3] (2006) ("Since the intervenor specifically invoked the jurisdiction of the court, any potential venue objections are considered waived."); accord ELIZABETH BOSEK, ET AL., INTERVENORS AND IMPLEADED PARTIES, 92A C.J.S. VENUE § 143 (West 2007); 4A FED. PROC., L. ED. § 8:560 (West 2006).  Indeed, "[v]enue is a privilege personal to the defendant in a civil suit and a person intervening on either side of the controversy may not object to improper venue."  Trans World Airlines, Inc. v. Civil Aeronautics Bd., 339 F.2d 56, 64 (2d Cir. 1964).  Based on this reasoning, this Court and Circuit have rejected the attempts of intervenors to challenge venue.  See, e.g., Consumers Union, 590 F.2d at 1222 n.65; Pharm. Research & Mfrs. of Am. v. Thompson, 259 F. Supp. 2d 39, 59 (D.D.C. 2003) (holding that an intervenor "cannot now be heard to object that the Court lacks jurisdiction or that venue is improper"); see also Beam Laser Sys., Inc. v. Cox Communications,

Inc., 117 F. Supp. 2d 515, 517-18 & n.1 (E.D. Va. 2000) (holding that an intervenor may not

seek to change venue); Asbury Glen/Summit Ltd. Partnership v. Se. Mortgage Co., 776 F. Supp.

1093, 1096 (W.D.N.C. 1991) (noting the general rule that intervenors may not challenge venue).

If the State is permitted to intervene, it may not do so for the purpose of challenging

venue.  This Court should, therefore, grant the State's motion to intervene, but strike the State's

Memorandum regarding the pending motion to transfer.

**II.    This Court Should Strike the State's Untimely Memorandum Because the State Did
        Not Seek Leave to File its Untimely Documents.**

Even if it were proper for an intervenor to comment on a motion seeking a change of

venue, the Court should strike the State's Memorandum because the State did not file a motion

seeking leave to file its untimely Memorandum.

**A.      The State's Memorandum Was Not Timely Filed.**

The Local Rules provide that responses must be filed within eleven days of the motion

and replies must be filed within five days of a response.  D.D.C. R. CIV. P. 7(b), (d).  On

February 21, 2007, Federal Defendants filed a Motion to Transfer, making all responses due no

later than March 8, 2007.[1]  On March 5, 2007, Plaintiffs timely filed their Response in

Opposition to Federal Defendants' Motion to Transfer, making all replies due no later than

March 15, 2007.  The State did not join the Federal Defendants' motion, did not file its own

motion, nor did it file a timely response to the motion.  On March 15, 2007, twenty-two days

after the initial Motion, the State attempted to file a motion to intervene and an untimely

---

[1] Local Rule 7(b) established a deadline of March 5, 2007.  Because the Federal Defendants
served Plaintiffs by electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), three
days are added to the deadline, FED. R. CIV. P. 6(e), making all responses due on March 8, 2007.

Memorandum in Support of the Federal Defendants' Motion to Transfer.[2]  The State did not file

a motion seeking leave to file its untimely Memorandum, nor did it file a motion for an extension

of time.

Although styled as a Memorandum in Support of Federal Defendants' Motion to

Transfer, the State's Memorandum is characterized properly as either a Response or a Reply to

the Federal Defendants' Motion.  The State's Memorandum should not be considered a Reply

because, pursuant to Local Rule of Civil Procedure 7(d), only a moving party is entitled to file a

reply.  Accordingly, the State's Memorandum should be considered a Response under Local

Rule 7(b) for purposes of establishing a filing deadline, making the State's filing due no later

than March 8, 2007.[3]  As such, the State's Memorandum, which was filed on March 15, 2007,

was seven days late.

**B.    The State's Untimely Memorandum Should Be Stricken Because the State Did Not Seek Leave to File Late.**

The State's untimely Memorandum should be stricken because it was filed without leave

of this Court, and this Circuit's precedent is clear that a motion for an extension is required to

permit this Court to consider an untimely filing.

Any "*post*-deadline extension must be 'upon motion made,' and is permissible only

where the failure to meet the deadline 'was the result of excusable neglect.'"  Lujan v. Defenders

of Wildlife, 497 U.S. 871, 896 (1990) (quoting FED. R. CIV. P. 6(b)).  This Circuit has interpreted

Rule 6(b) to require a motion for an extension of time when a party seeks to make an untimely

---

[2] The State's Motion to Intervene and Memorandum in Support of Federal Defendants' Motion to Transfer were rejected by the court clerk and refiled on March 16, 2007.

[3] To permit the State to file a reply would deny Plaintiffs' the opportunity to address the issues raised, for the first time, in the State's filing.  Rather than initiating a new round of briefing, Plaintiffs believe the most appropriate resolution is to strike the State's untimely Memorandum to expedite resolution of the Motion to Transfer.

filing, concluding, "[i]n the absence of any motion for an extension, the trial court had no basis

on which to exercise its discretion [to consider the post-deadline filings]."  Smith v. District of

Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005).  Because the State's untimely Memorandum was

filed without a motion for an extension of time and a proper showing of excusable neglect, the

Court should strike it as untimely.  See Everson v. Medlantic Healthcare Group, No. Civ.A. 00-

226 JMF, 2006 WL 297711, at *1 (D.D.C. 2006) ("[I]t is an abuse of the court's discretion to

consider an untimely motion in the absence of a motion for an extension.").

Further, the equities favor striking the untimely filing.  The State did not provide any

basis for concluding that excusable neglect existed to justify its late filing.  FED. R. CIV. P.

6(b)(2).  The State was aware of this proceeding well before the motion to transfer was filed, yet

it chose to wait to file its Memorandum in Support of Federal Defendants' Motion to Transfer,

and its related Motion to Intervene, until after Plaintiffs' briefing on the issue had concluded.

Hours after the State attempted to file its Motion to Intervene and supporting Memorandum, the

Federal Defendants filed a reply to Plaintiffs' response, referencing the State's Motion to

Intervene and Memorandum in Support of the Motion to Transfer.  Fed. Defs.' Reply at 10.  The

consequence, then, of the late filing was to encourage further briefing.

Requiring adherence to Local Civil Rule 7 and Federal Rule of Civil Procedure 6(b) is

particularly appropriate where, as here, a prospective intervenor seeks to file after Plaintiffs'

briefing has concluded.  As a prospective intervenor, the State must take this case as it finds it.

See Estelle v. Justice, 426 U.S. 925, 926-27 (1976) (noting the "familiar rule that an intervenor

take[s] the case as he finds it").  Any decision to the contrary would effectively permit *any*

prospective intervenor to upset an established litigation schedule for its own convenience or

benefit by filing a motion seeking to intervene at the time that suits it best. Indeed, if the State is allowed to file its Memorandum, the proceeding will be delayed by a new round of briefing.

To prevent undue delay, this Court should afford the State's argument no weight and strike its Memorandum.

**III.     In the Alternative, Plaintiffs Move For Leave to Reply to the State's Untimely Memorandum.**

If the Court grants intervention and accepts the State's Memorandum, then Plaintiffs move for leave to file a reply. The State raises issues and arguments not made by the Federal Defendants. Plaintiffs have not had an opportunity to reply to these additional arguments. In the interests of fairness and justice, Plaintiffs should be accorded an opportunity to present arguments responding to these new contentions. See Marsh v. Johnson, 263 F. Supp. 2d 49, 54 (D.D.C. 2003).

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' motion to strike the State's Memorandum in Support of Federal Defendants' Motion to Transfer. If the Court decides to consider the State's Memorandum, Plaintiffs request that this Court establish a briefing schedule to enable Plaintiffs to respond to the State's Memorandum in Support of Transfer.

DATED:      March 21, 2007                    Respectfully submitted,

                                               /s/  Hope Babcock
                                              Hope Babcock, Director
                                                   (Fed/D.C. Bar No. 14639)
                                              Erik Bluemel, Staff Attorney
                                                   (D.C. Bar No.501869)
                                              Institute for Public Representation
                                              Georgetown University Law Center
                                              600 New Jersey Avenue, N.W.
                                              Washington, D.C.  20001

Phone: 202-662-9535
Fax: 202-662-9634

Robert E. Yuhnke
        (C.O. Bar No. 012686)
Robert E. Yuhnke & Associates
2910 Country Road 67
Boulder, CO  80303
Phone: 303-499-0425

*Counsel for Plaintiffs*
*Environmental Defense and Sierra Club*

**CERTIFICATE OF CONFERENCE**

On March 21, 2007, pursuant to Local Rule of Civil Procedure 7(m), I conferred with

Linda D. Strozyk, counsel for the State of Maryland, regarding Plaintiffs' motion to strike the

State's Memorandum in Support of Transfer.  The State opposes the motion.

_/s/   Erik Bluemel _____
Erik Bluemel

## CERTIFICATE OF SERVICE

I hereby certify that on this day, March 21, 2007, I caused to be served a true and correct copy of the foregoing Plaintiffs' Motion to Strike the State's Memorandum in Support of Transfer, and in the Alternative, Plaintiffs' Motion for Leave to File a Reply and Proposed Order by filing through this Court's electronic filing system and by direct electronic transmission on:

| | |
|---|---|
| Cynthia J. Morris<br>C.J.Morris@usdoj.gov | Attorney for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |
| Margaret N. Strand<br>mstrand@venable.com | Attorney for Defendants Metropolitan Washington Council of Governments, Vincent C. Gray, National Capital Region Transportation Planning Board, and Catherine Hudgins |
| Linda D. Strozyk<br>lstrozyk@sha.state.md.us | |
| Kristin Case Lawrence<br>kcaselaw@bdslegal.com | Attorneys for Proposed Intervenor Defendant State of Maryland |

and by direct electronic transmission on:

| | |
|---|---|
| Wells Burgess<br>Wells.Burgess@usdoj.gov | |
| Laura Maroldy<br>Laura.Maroldy@usdoj.gov | |
| Rachel Dougan<br>Rachel.Dougan@usdoj.gov | |
| Scott J. Jordan<br>Scott.Jordan@usdoj.gov | Attorneys for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |

 /s/ Erik B. Bluemel_____
Erik B. Bluemel

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ENVIRONMENTAL DEFENSE and          )
SIERRA CLUB, Inc.,                 )
                                   )
          Plaintiffs,              )
                                   )
                                   )
v.                                 )          Civil Action No.
                                   )          06-2176(GK)
UNITED STATES DEPARTMENT OF        )
TRANSPORTATION, et al.,            )
                                   )
          Defendants.              )
                                   )
_____)

**[PROPOSED] ORDER**

The Motion of Environmental Defense and the Sierra Club to strike the State of

Maryland's Memorandum in Support of Federal Defendants' Motion to Transfer is GRANTED.

The Clerk is hereby DIRECTED to unfile Docket Entry #19.2.

SO ORDERED.


Dated: March _____, 2007                 _____
                                          The Honorable Gladys Kessler, District Judge
                                          District Judge for the United States
                                          District Court for the District of Columbia