IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE and SIERRA CLUB, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 1:06-2176(GK) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF BRIEFING
ON THE MOTION TO DISMISS FILED BY METROPOLITAN WASHINGTON
COUNCIL OF GOVERNMENTS, ET AL. AND MOTION TO CONDUCT
PRELIMINARY DISCOVERY filed on behalf of DEFENDANTS METROPOLITAN
WASHINGTON COUNCIL OF GOVERNMENTS; VINCENT C. GRAY, in his official
capacity as Board Chair of the Metropolitan Council of Governments; NATIONAL
CAPITAL REGION TRANSPORTATION PLANNING BOARD; AND CATHERINE
HUDGINS, in her official capacity as Chairperson of the National Capital Region
Transportation Planning Board**

**Introduction**

Defendants Metropolitan Washington Council of Governments; Vincent C. Gray, in his official capacity as Board Chair of the Metropolitan Council of Governments; National Capital Region Transportation Planning Board; and Catherine Hudgins, in her official capacity as Chairperson of the National Capital Region Transportation Planning Board ("MPO Defendants") vigorously oppose Plaintiffs' Motion For Stay of Briefing on the Motion to Dismiss Filed by Metropolitan Washington Council of Governments, et al. and Motion to Conduct Preliminary Discovery ("Motion for Stay"). Notwithstanding its name, Plaintiffs' Motion for Stay is in reality a motion for extension of time to respond to MPO Defendants' Motion to Dismiss ("Motion to Dismiss"). Plaintiffs have failed to set forth any good cause for such an extension of

time. Plaintiffs should be required to respond to the Motion to Dismiss promptly, rather than permitted to develop an unnecessary factual record that would convert the Motion to Dismiss into a Motion for Summary Judgment.

**Argument**

MPO Defendants filed their Motion to Dismiss because the law is clear and the claims against them can be decided without a factual record. Defendants seek to resolve these claims promptly, and without the burden or unnecessary expenditures for discovery or document preparation. This is, after all, the purpose of a Motion to Dismiss; "Rule 12(b)(6)['s failure-to-state-a-claim standard] . . . streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Plaintiffs' Motion for Stay attempts to avoid this design and deny MPO Defendants' right to have this Court rule on the merits of Plaintiffs' legal theory. It is a device to delay and disrupt the orderly disposition of claims against the MPO Defendants.

**I.    Plaintiffs Fail to Demonstrate Good Cause for an Extension of Time**

MPO Defendants' Motion to Dismiss addressed all seven of the counts against them. In stark contrast, Plaintiffs' extension request presents arguments related to only part of one of those counts – whether the MPO Defendants are "federal agencies" under the Administrative Procedures Act ("APA") (Count 15). The premise and logic of the Motion for Stay is faulty, and fails to demonstrate good cause to delay Plaintiffs' response to the Motion to Dismiss.[1]

---

[1] Plaintiffs may have ignored their six other Counts in their Motion for Stay, but they have not ignored them in their Request for Discovery. That Request seeks production of documents related not just to the limited facts regarding the MPO Defendants' purported "federal agency" status under the APA (Requests 1 through 7); it essentially requires production of the entire administrative record related to the approval of the Transportation Improvement Plans ("TIPs") and Constrained Long Range Plans ("CLRPs") at issue in Counts 9-12 and 37. *See* Motion for Stay, Ex. A, at Requests 8, 9 & 13. It also seeks production of information irrelevant to any claims made against MPO Defendants in the Complaint. See Requests 10 and 11, related to the State of Maryland's review, approval and/or transmission of the TIPs and CLRPs, which are completely irrelevant as to whether those documents were developed in compliance with the

2

### A.     Plaintiffs Have Pled No Independent APA Claim Against MPO Defendants

Count 15, alleging that MPO defendants violated the APA, is dependent entirely on the violations alleged in Counts 9 through 13. The only allegation in Count 15 that refers to MPO Defendants states, in full, that

> [t]he combination and cumulative impact of the failures of, and omissions by, the MPO described above in Counts 9-14 [sic][2] make its approval of the Metropolitan TIPs and CLR Plans arbitrary and capricious or otherwise not in accordance with law. 5 U.S.C. § 706.

Complaint at ¶ 360. MPO Defendants' Motion to Dismiss established at least two alternate bases for dismissal of each of Counts 9 through 13. Plaintiffs have not provided any response to those rationales nor have they provided any reason for seeking an extension of time to respond to MPO Defendants' Motion to Dismiss Counts 9-13 or Count 37. Since those counts, providing the only substantive allegations against MPO Defendants, must be dismissed, the APA claim, which relies on those alleged substantive violations, has no remaining life.

Moreover, as noted in the Motion to Dismiss, Congress has specifically precluded APA review of the allegations made in Counts 9-13. Motion to Dismiss, pp. 8-11. Plaintiffs have offered no explanation as to why they should be permitted to delay their response to the Motion to Dismiss and discover facts to try to subject MPO Defendants to claims specifically prohibited by Congress from judicial review.

---

relevant legal requirements. Most egregious is request number 12, which relates to a State planning document – the Maryland Consolidated Transportation Program – not even prepared by the MPO Defendants or the subject of any claims against them in this lawsuit. Requests 10 through 12 appear to be a fishing expedition aimed at supplementing the information which may be contained in the administrative record filed by the Federal Defendants in this case and the companion ICC lawsuit in Maryland. Were the Court to grant Plaintiff's Motion for Stay and for Discovery, MPO Defendants would challenge the discovery requests made by Plaintiffs, in accordance with normal discovery procedures. MPO Defendants seek to manage their litigation costs carefully, particularly in light of their very strong arguments in support of dismissal of all claims against them.

[2] Count 14 states no facts about, and makes no allegations at all against, MPO Defendants, referring instead solely to the Federal Defendants. Only Counts 9-13 relate to actions undertaken by MPO Defendants. *See* Complaint at Counts 9-14.

### B. The Motion to Dismiss was Based on and Must be Decided on the Facts of the Complaint.

As stated in Moving Defendants' opening brief, "[a] motion to dismiss under Rule 12(b)(6) should be granted if the Plaintiffs cannot allege facts that would entitle them to relief." Motion to Dismiss, p. 6, *citing, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Consequently, "the dismissal of claims under Federal Rule of Civil Procedure 12(b)(6) will be affirmed if 'it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *Islamic American Relief Agency v. Gonzales*, -- F.3d --, 2007 WL 445936, *2 (D.C. Cir. Feb. 13, 2007). Defendants briefed their Motion to Dismiss under this standard, on the principle that no facts would change the result as a matter of law.

Plaintiffs' Motion for Stay ignores this principle and instead assumes that facts are pertinent to the dismissal motion. If Plaintiffs believe (as implied in their Motion for Stay) that they have pled sufficient facts that, if proven, would support a cause of action, they should so argue in response to the Motion to Dismiss. That belief is not a reason for allowing discovery that would delay disposition of the Motion to Dismiss or convert the Motion to Dismiss into a Motion for Summary Judgment. Plaintiffs' legal theory is either valid or not. They do not need discovery to explain it in response to the Motion to Dismiss.

## II. The Legal Theory on Which Plaintiffs Base Their Motion For Stay is Flawed.

Plaintiffs have failed to show (or even make a good faith showing) that the MPO Defendants could possibly be federal agencies under the APA. They seem to want two bites at this apple; once to justify discovery and delay, and a second argument, at some future time, to provide a full response the Motion to Dismiss. The Court should not allow this.

The one case Plaintiffs cite for the proposition that MPO Defendants might be subject to the APA, *Elcon Enterprises., Inc. v. Wash. Metro. Area Transit Auth.*, 977 F.2d 1472, 1479-80 (D.C. Cir. 1992) (Motion for Stay, pp. 2-3), does not rebut the legal authority presented by the

4

MPO Defendants on the nature of "agencies" under the APA in their Motion to Dismiss. *See* Motion to Dismiss, pp. 19-20. Plaintiffs have not responded to the legal arguments in the Motion to Dismiss, and *Elcon* provides scant support for Plaintiffs. In *Elcon*, the Washington Metropolitan Area Transit Authority ("WMATA") was sued and (for the most part) won at the District Court level. 977 F.2d at 1478. On appeal, WMATA argued, among other things, that it is not a federal agency and therefore not subject to the APA. *Id*. at 1479. The Circuit Court specifically refused to decide the issue. *Id.* at 1480 ("[I]t is unnecessary to resolve the issue. It is sufficient, for purposes of this appeal, to assume *arguendo* that WMATA is a federal agency."). Thus, Plaintiffs have not offered any legal authority refuting MPO Defendants argument that they are not subject to the APA.

More importantly, the proper procedure requires that Plaintiffs make their APA argument (i.e., that the MPO Defendants could be an APA agency) in response to the Motion to Dismiss, rather than as a ground for an extension of time. MPO Defendants can then respond fully to the Plaintiffs' legal arguments and the Court can decide the issue. Plaintiffs' attempt to carve out the APA issue, brief it in part, delay responding to the remainder of the Motion to Dismiss, and impose discovery expenses on MPO Defendants should be rejected. Plaintiffs filed their extensive complaint and they should now be held to following normal briefing protocols for determining whether they have stated valid claims.

**III.     Plaintiffs Extraneous Comments are Immaterial**

Plaintiffs preface the arguments in their Motion for Stay with what can only be described as a diatribe about whether the MPO Defendants could sue or should be subject to suit. Motion for Stay, pp. 1-2. Such arguments are inflammatory and immaterial. There is nothing illicit or inappropriate in the legal arguments MPO Defendants have presented in the Motion to Dismiss.[3] If Plaintiffs disagree with the grounds for the Motion to Dismiss, they should respond to that Motion, rather than attempt to assign inappropriate motives to the MPO Defendants.

**Conclusion**

For the above stated reasons, this Court should deny Plaintiffs' Motion for Stay and for Discovery. As Plaintiffs have failed to show good cause for an extension of time, MPO Defendants request that this Court order the Plaintiffs to file their response to the Motion to Dismiss within three days following denial of their Motion for Stay.

                                        Respectfully Submitted,


Date: March 22, 2007                    /s/ *Margaret N. Strand*
                                        Margaret N. Strand, D.C. Bar No. 936419
                                        Venable LLP
                                        575 7th Street, N.W.
                                        Washington D.C.  20004
                                        (202) 344-4699 - Telephone
                                        (202) 344-8000 - Facsimile

                                        Christopher R. Mellott, MD Bar No. 03734
                                        Venable LLP
                                        Two Hopkins Plaza, Suite 1800
                                        Baltimore, Maryland  21201
                                        (410) 244-7552 - Telephone
                                        (410) 244-7742 - Facsimile

---

[3] In addition, Plaintiffs' extraneous comments are groundless. Nowhere in their Motion to Dismiss did MPO Defendants argue that they are not subject to suit. The Motion to Dismiss properly argues that MPO Defendants are not subject to the particular claims made by Plaintiffs, under clear law, including a specific Congressional prohibition against judicial review.

Lee Ruck
General Counsel
Metropolitan Washington Council of Governments
   and Washington Regional Transportation
   Planning Board
777 North Capitol Street, N.E., Suite 300
Washington, DC 20002
(202) 962-3200 - Telephone
(202) 962-3201 - Facsimile

Counsel for Defendants
  Metropolitan Washington Council of Governments and
  National Capital Region Transportation Planning Board

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ENVIRONMENTAL DEFENSE and SIERRA CLUB, INC., | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| vs. | ) ) | Case No. 1:06-2176(GK) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) |  |
| Defendants. | ) ) |  |

**[PROPOSED] ORDER**

Upon review of the Plaintiffs' Motion for Stay of Briefing on the Motion to Dismiss filed by Metropolitan Washington Council of Governments, et al. and Motion to Conduct Preliminary Discovery; the opposition thereto filed on behalf of Defendants Metropolitan Washington Council of Governments; Vincent C. Gray, in his Official Capacity as Board Chair of the Metropolitan Council of Governments; National Capital Region Transportation Planning Board; and Katherine Hutchins, in her official Capacity as Chairperson of the National Capital Region Transportation Planning Board ("Defendants"); and the complete record of this case, the Court denies Plaintiffs' Motion. It is HEREBY

ORDERED that Plaintiffs' Motion for Stay and for Discovery is DENIED; and it is further

ORDERED that the Plaintiffs must file their response to Defendants' Motion to Dismiss within three days of the date of this Order.

_____                    _____
Date                                                              United States District Judge

                                        Respectfully Submitted,

Date: March 22, 2007                /s/ *Margaret N. Strand*
                                        Margaret N. Strand, D.C. Bar No. 936419
                                        Venable LLP
                                        575 7th Street, N.W.
                                        Washington D.C.  20004
                                        (202) 344-4699 - Telephone
                                        (202) 344-8000 - Facsimile

                                        Christopher R. Mellott, MD Bar No. 03734
                                        Venable LLP
                                        Two Hopkins Plaza, Suite 1800
                                        Baltimore, Maryland  21201
                                        (410) 244-7552 - Telephone
                                        (410) 244-7742 - Facsimile

                                        Lee Ruck
                                        General Counsel
                                        Metropolitan Washington Council of Governments
                                        and Washington Regional Transportation Planning
                                        Board
                                        777 North Capitol Street, N.E., Suite 300
                                        Washington, DC 20002
                                        (202) 962-3200 - Telephone
                                        (202) 962-3201 - Facsimile

                                        Counsel for Defendants
                                          Metropolitan Washington Council of Governments and
                                          National Capital Region Transportation Planning Board