**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE, *et al.* | * |
| Plaintiffs, | * |
| v. | *   Civil Action No. 1:06-cv-02176-GK |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STATE OF MARYLAND'S MOTION**
**FOR LEAVE TO FILE OUT OF TIME**

The State of Maryland ("the State"), through its attorneys, Douglas F. Gansler, Attorney General of Maryland, and Linda D. Strozyk, Assistant Attorney General, moves, pursuant to Fed. R. Civ. P. 6(b)(2), for leave to file the State's Memorandum in Support of the Federal Defendants' Motion to Transfer [Dkt. # 19, Attachment #2], out of time, and for cause, states:

1.   On February 21, 2007, the Federal Defendants moved, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the U.S. District Court for the District of Maryland in order to consolidate this case with its related case currently pending in that court. [Dkt. # 9.]

2.   On March 5, 2007, Plaintiffs filed a Memorandum in Opposition to the Motion to Transfer. [Dkt. #10.] On March 9, 2007, the Metropolitan Washington Council of Governments, the National Capital Region Transportation Planning Board, and their officials filed a Reply in Opposition to the Plaintiffs' Opposition to the Motion to Transfer. [Dkt. # 14.]

3.  On March 15, 2007, the State served on all parties by electronic mail a Motion to Intervene, with an attached Answer and Memorandum in Support of the Motion to Transfer ("Notice of Support").  (Email from Elizabeth Wolk to dcd_cmecf@dcd.uscourts.gov, dated 3/15/07, attached hereto as Exhibit 1.)  The Clerk of this Court requested that the State submit a revised pleading without the State listed as an intervenor party in the caption, which the State did on March 16, 2007. [Dkt. #19.] The Clerk has only filed the Motion to Intervene, and will only file the State's Answer and Notice of Support if and when this Court so orders.

4.  On March 21, 2007, the Plaintiffs moved to strike the Notice of Support or, in the alternative, for leave to file a response to it. [Dkt. #23 & #24.]  In part, the Amended Motion to Strike is based on the contention that the State did not file the Notice of Support timely.  The State's Memorandum in Opposition to the Amended Motion to Strike, filed contemporaneously with this motion, convincingly refutes this argument.

5.  Nevertheless, in an abundance of caution, the State seeks leave to file the Notice of Support out of time in the event the Court has concerns with respect to the timing of the Notice of Support.[1]  The record amply demonstrates the existence of cause and excusable neglect with respect, as required by rule 6(b)(2), to the pending filing of the Notice of Support.

WHEREFORE, for the reasons above, as well as those contained in the attached Memorandum of Law in Support and the State's Opposition to Plaintiffs' Amended Motion to Strike, both of which are incorporated herein by reference, this Court should grant leave to the State to file the Notice of Support out of time.

---

[1] Pursuant to LCvR 7(m), the State conferred with Plaintiffs prior to filing the present motion.  Plaintiffs oppose the motion.

2

                                        Respectfully submitted,

                                        DOUGLAS F. GANSLER
                                        Attorney General of Maryland

                                        _/s/ Linda D. Strozyk_____
                                        Linda D. Strozyk, Fed Bar No. 429514
                                        Assistant Attorney General
                                        The State Highway Administration
                                        707 N. Calvert Street, 4th Floor
                                        Baltimore, Maryland 21202
                                        (410) 545-0040
                                        lstrozyk@sha.state.md.us


CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 2nd day of April, 2007, that a copy of the foregoing State of Maryland's Motion for Leave to File Out of Time and proposed Order was sent, via electronic notification, to:

| | |
|---|---|
| Hope Madeline Babcock, Esquire<br>George Town University Law Center Representation<br>babcock@law.georgetown.edu<br>*Attorneys for Environmental*<br>*Defense & Sierra Club, Inc.* | Erik B. Bluemel, Esquire<br>Institute for Public<br><br>ebb25@law.georgetown.edu |
| Cynthia J. Morris, Esquire<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Resources<br>C.J.Morris@usdoj.gov | Scott Jeffrey Jordan, Esquire<br>United States Department of<br>Environment and Natural<br>scott.jordan@usdoj.gov |

*Attorneys for Federal Highway Administration, Mary Peters, J. Richard Capka*

Margaret N. Strand, Esquire
VENABLE,LLP
mstrand@venable.com
*Attorney for Metropolitan Washington Council of Governments, Jay Fisette, National Capital Region Transportation Planning Board, and Michael Knapp*

                                          /s/ Linda D. Strozyk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:06-cv-02176-GK |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF STATE OF MARYLAND'S
MOTION FOR LEAVE TO FILE OUT OF TIME**

The State of Maryland ("the State"), through its attorneys, Douglas F. Gansler, Attorney General of Maryland, and Linda D. Strozyk, Assistant Attorney General, submits this Memorandum of Law in Support of its Motion for Leave to File Out of Time the State's Memorandum in Support of the Federal Defendants' Motion to Transfer.

**FACTUAL AND PROCEDURAL BACKGROUND**

The original parties to this action briefed the Federal Defendants' Motion to Transfer between February 21, 2007 and March 15, 2007. Plaintiffs filed their Opposition to that Motion on March 5, 2007. On March 15, 2007, the State, in reaction to that Opposition, served on the original parties a Motion to Intervene, with an attached proposed Answer and Memorandum in Support of the Motion to Transfer ("Notice of Support"). (Email from Elizabeth Wolk to dcd_cmecf@dcd.uscourts.gov., attached hereto as Exhibit 1.) On March 16, 2007, the Clerk of this Court docketed the Motion to Intervene. However, the Clerk did not file the State's Answer and Notice of Support

because of the pendency of the Motion to Intervene. The Clerk will file these papers if and when this Court so orders. In an abundance of caution, the State seeks leave to file the Notice of Support out of time in the event the Court has concerns regarding the timing of the Notice of Support."[1] The record amply demonstrates the existence of cause and excusable neglect, as required by Fed. R. Civ. P. 6(b)(2), with respect to the pending filing of the Notice of Support.

## ARGUMENT

### I.   The State Is Entitled To Leave To File The Notice Of Support Out Of Time.

This Court grants a request to file out of time upon a showing of cause and "excusable neglect." *Yesudian v. Howard Univ.,* 270 F.3d 969, 971 (D.C. Cir. 2001) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 896 (1990)). In determining whether neglect is excusable, a court may consider "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions,* 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)); *see also Yesudian*, 270 F.3d at 971 (accepting defendant's late filing after finding delay had no material effect on proceedings and there was no suggestion of bad faith on part of defendant). The court has broad discretion in making these determinations. *Id.*

---

[1] For the reasons contained in the State's Memorandum in Opposition to Plaintiffs' Amended Motion to Strike, filed contemporaneously with this pleading, the State maintains that the Notice of Support is not untimely.

2

Application of these considerations here compels granting leave to the State to file the Notice of Support out of time. There is more than ample cause for the timing of the State's filing of its proposed Notice of Support. On or about March 5, 2007, the State became aware of the Plaintiffs' local interest arguments for the first time. On the issue of transfer, these arguments attempt to minimize the significance of the ICC to the State of Maryland by claiming other interests require greater weight. These arguments required the State to balance relinquishment of its Eleventh Amendment immunity against the risks of remaining silent in this Court on the question of the most appropriate venue for resolving this legal challenge to one of the State's most important public works projects. After giving due thought and consideration to these competing factors and deciding in favor of intervention, the State prepared its Motion to Intervene and proposed Answer and Notice of Support, and served Plaintiffs on March 15, 2007, the same day the original parties' briefing concluded on the Motion to Transfer. The Court docketed the Motion to Intervene the next day, after the State made a technical correction to the form of the caption at the request of the Clerk. Under these circumstances, the timing of the filing is wholly justified, and the State has no control over the timing of the ruling on intervention.

The timing of the filing is excusable. While Plaintiffs' Amended Motion to Strike notes a lack of opportunity to respond to the Notice of Support, their request for leave to file such a response, which the State does not oppose,[2] demonstrates that they recognize any purported "danger of prejudice" to them is easily remedied. As discussed *supra*, the filing comes during potentially dispositive preliminary motions practice, and before the

---

[2] *See* State's Memorandum in Opposition to Plaintiff's Amended Motion to Strike at 2 n.3, filed contemporaneously with this filing.

3

Court has scheduled a hearing or ruled on these matters. The reasons for the timing of filing are discussed *supra*. Given the matters the State had to consider and accomplish after the Plaintiffs filed their Opposition to the Motion to Transfer and the procedural posture of this case, there is no reasonable basis to conclude that the timing of the filing by the State is inexcusable. The State also has no control over the timing of the ruling on the Motion to Intervene. The close proximity of the filing of Plaintiffs' Opposition to the Motion to Transfer and the State's Motion to Intervene, the substantial matters the State expeditiously dispatched during that short interval of time, and the State's lack of opposition to Plaintiffs' filing a response to the Notice of Support all strongly evidence the State's good faith here. In exercise of its sound discretion, this Court should find that the timing of the filing of the State's Notice of Support is not improper.

## **CONCLUSION**

For all the reasons above, this Court should grant the State's Motion for Leave to File Out of Time.

Dated:  April 2, 2007                                   Respectfully submitted,


                                                        DOUGLAS F. GANSLER
                                                        Attorney General of Maryland


                                                        _/s/ Linda D. Strozyk_____
                                                        Linda D. Strozyk, Fed Bar No. 429514
                                                        Assistant Attorney General
                                                        The State Highway Administration
                                                        707 N. Calvert Street, 4th Floor
                                                        Baltimore, Maryland 21202
                                                        (410) 545-0040
                                                        lstrozyk@sha.state.md.us

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2007, that a copy of the foregoing State of Maryland's Memorandum of Law in Support of State of Maryland's Motion for Leave to File Out of Time and proposed Order was sent, via electronic notification, to:

Hope Madeline Babcock, Esquire
George Town University Law Center
Representation
*babcock@law.georgetown.edu*
*Attorneys for Environmental*
*Defense & Sierra Club, Inc.*

Erik B. Bluemel, Esquire
Institute for Public

*ebb25@law.georgetown.edu*

Cynthia J. Morris, Esquire
United States Department of Justice
Environment and Natural Resources Division
Resources
*C.J.Morris@usdoj.gov*
*Attorneys for Federal Highway Administration, Mary Peters, J. Richard Capka*

Scott Jeffrey Jordan, Esquire
United States Department of
Environment and Natural
*scott.jordan@usdoj.gov*

Margaret N. Strand, Esquire
VENABLE,LLP
*mstrand@venable.com*
*Attorney for Metropolitan Washington Council of Governments, Jay Fisette, National Capital Region Transportation Planning Board, and Michael Knapp*

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Linda D. Strozyk*

5