**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL DEFENSE, *et al.* *

Plaintiffs, *

v. * Civil Action No. 1:06-cv-02176-GK

UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* *

*

Defendants.

*

* * * * * * * * * * * *

**STATE OF MARYLAND'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO STRIKE [DKT. #23]**

The State of Maryland ("the State"), through its attorneys, Douglas F. Gansler, Attorney General of Maryland, and Linda D. Strozyk, Assistant Attorney General, submits this Memorandum in Opposition to Plaintiffs' Amended Motion to Strike the State's Memorandum in Support [Dkt. #19, Attachment #2] of the Federal Defendants' Motion to Transfer [Dkt. #9.]

**BACKGROUND**

The Federal Defendants moved, on February 21, 2007, pursuant to 28 U.S.C. §1404(a), to transfer this case to the U.S. District Court for the District of Maryland in order to consolidate this case with its related case currently pending in that court. [Dkt. #9.] On March 5, 2007, Plaintiffs filed a Memorandum in Opposition to the Federal Defendants' Motion to Transfer.[1] [Dkt. #10.] On March 15, 2007, the State served on all parties by electronic mail a Motion to Intervene in this case, attaching to its Motion an Answer and a Memorandum in Support of Federal Defendants' Motion for Transfer

[1] On March 9, 2007, the Metropolitan Washington Council of Governments, the National Capital Region Transportation Planning Board, and their officials ("the Local Government Defendants") filed a Reply in Opposition to the Plaintiffs' Opposition to the Motion to Transfer. [Dkt. # 14.]

("Notice of Support").[2] (Email from Elizabeth Wolk to dcd_cmecf@dcd.uscourts.gov, dated 3/15/07, attached hereto as Exhibit 1.) On March 21, 2007, the Plaintiffs filed an Amended Motion to Strike the State's Notice of Support ("Motion to Strike").[3] [Dkt. #23.] In that motion, Plaintiffs state that they "do not oppose the State's motion to intervene as a defendant in this Court," thus conceding, among other things, that the State's intervention is timely, and ask the Court to grant intervention. (Motion to Strike at 1, 3.) Therefore, the Motion to Intervene is ripe for decision by this Court. However, based on the grounds for transfer, including the pendency of the related case in the prospective transferee court and the significant local interest in having local controversies decided at home, the Plaintiffs incorrectly argue that the State has waived its right to be heard on the transfer of venue issue by seeking to intervene in this case.

## ARGUMENT

### I. The Court Should Consider The State's Notice Of Support If The State Is Granted Intervention.

Once granted intervention, an intervenor "becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985). *Accord Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003) (an intervenor "participates on an equal footing with the original parties to a suit") (quotation marks omitted). An intervenor thus may join issue on a matter that has been brought before the court by another party. *Beethoven.com*

---

[2] The Clerk of this Court requested that the State submit a revised pleading without the State listed as an intervenor party in the caption, which the State did on March 16, 2007. [Dkt. #19.]

[3] The Motion to Strike also includes an alternative motion for leave to file a response to the Notice of Support, and the alternative motion was docketed separately. [Dkt. #24.] The State conferred with Plaintiffs, indicating that the State would consent to Plaintiffs' filing of a response to the Notice of Support. Plaintiffs declined this offer.

*LLC v. Librarian of Congress*, 394 F.3d 939, 946 (D.C. Cir. 2005); *Edison Elec. Instit. v. E.P.A.*, 391 F.3d 1267, 1274 (D.C. Cir. 2004). While a defendant may waive an objection to improper venue based on 28 U.S.C. § 1391 by not raising it pursuant to Rule 12(b)(3), the defendant does not also waive the right to seek a transfer of venue under § 1404(a). *See George Washington Univ. v. Diad, Inc.*, 1996 WL 470363 (D.D.C. 1996) (defendant waived right to raise improper venue defense but not right to seek transfer under § 1404(a)); *see also Von Graffenreid v. Craig*, 246 F. Supp. 2d 553 (N.D. Tex. 2003) (denying motion to dismiss for improper venue and granting motion to transfer under § 1404(a)); *Moto Photo, Inc., v. K.J. Broadhurst Enters., Inc.*, 2003 WL 298799 n. 6 (N.D. Tex. 2003) ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under 28 U.S.C. § 1404(a) is not a 'defense' that must be raised in a responsive pleading."). In this case, the State, if permitted to intervene, must be treated as if it were an original defendant, and just as the Federal Defendants, joined by the Local Government Defendants, are entitled to move and be heard on the pending Motion to Transfer under § 1404(a), the State is also entitled to support and be heard on that motion.

Section 1404(a) vests a district court with the discretion to consider a proposed intervenor's position on a motion to transfer pursuant to the statute. Adjudication of such a motion requires an "individualized, case-by-case consideration of convenience and fairness," including the local interest in deciding local controversies at home. *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 75-76 (D.D.C. 2004) (quotation marks omitted). *Accord Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 3 (D.D.C. 1996). Recently, this Court properly exercised its discretion under § 1404(a) in a case that is procedurally on all-fours with this action. In *Southern Utah Wilderness v. Norton*, 2002 WL 32617198 (D.D.C. 2002), the Court had before it the defendants' motion to transfer the case

pursuant to § 1404(a), and an intervenor's unopposed motion to intervene and notice of support for the defendants' motion to transfer venue. *Id.* at *1. The Court concluded that the intervenor's "preference for having this case heard [in the transferee court] is justified and must be given some weight." *Id.* at *4. After considering the proposed intervenor's notice of support along with the motion to transfer venue, the Court granted both the motion to transfer venue and the motion to intervene. *Id.* at *6. As in *Norton*, if this Court grants intervention, this Court should, in exercise of its sound discretion, also consider the State's local interest argument in support of the Federal Defendants' Motion to Transfer, which, together with the arguments of the Federal and Local Government Defendants, strongly favors transfer. None of the authorities cited by Plaintiffs requires this Court to disregard the State's argument.

Although there is "almost no case law on how the requirements of venue apply when intervention is sought," 7C Charles Alan Wright et al., Federal Practice & Procedure § 1918, at 484 (2d ed. 1986), Plaintiffs contend the "general rule" is that an "intervenor may not challenge venue." This contention is based on opinions of treatise author and five inapposite cases.[4] In *Pharmaceutical Research & Mfrs. of Am. v.*

---

[4] The "general rule" proffered by plaintiffs appears in 7C Charles Alan Wright et al., *Federal Practice & Procedure* § 1918, at 485 (2d ed. 1986). However, the three cases cited in that treatise do not support application of the "general rule" beyond the question of improper venue, which is not raised here. As discussed *infra*, *Trans World Airlines, Inc. v. Civil Aeronautics Bd*, 339 F.2d 56, 63-64 (2nd Cir. 1964), *cert. denied*, 382 U.S. 842 (1965), involved improper venue. In *Commonwealth Edison Co. v. Train*, 71 F.R.D. 391, 394-95 (D. Ill. 1976), the court blurred improper venue with transfer to the most appropriate venue under § 1404(a), but in addressing the latter on the merits the court rejected the intervenor's convenience argument. Here, the Motion to Transfer is not based on an argument that Maryland is more convenient than the District of Columbia. Finally, in *Specmade Prods., Inc. v. Barnett*, 247 F. Supp. 75, 76 (D. Ga. 1964), *aff'd*, 354 F.2d 229 (5th Cir. 1966), the three sentences that purportedly discuss venue actually address the court's jurisdiction. Plaintiffs' "general rule" also appears in 6 James Wm. Moore et al., *Moore's Federal Practice* §24.22[3], at 24-85 (3d ed. 2006), and in 92A C.J.S. *Venue* § 143, at 404 (2000). However, *Moore's Federal Practice* cites only itself for this "general rule" rather than a case, and C.J.S. covers state law only, which recognizes that an intervenor may seek transfer in a proper case. Plaintiffs also rely on 4A Federal Procedure, Lawyers Edition § 8:560 (West 2006), *available at* Westlaw, Federal Material, Practice Guides and Legal Texts. This reliance is misplaced, however, because that section governs specific venue statutes for the banking industry.

*Thompson*, a Michigan state agency intervened in this Court and then argued that venue did not lie here as to claims against its director when the plaintiff moved to amend its complaint to substitute the director for the agency to overcome its Eleventh Amendment defense. 259 F. Supp. 2d 39, 58-59 (D.D.C. 2003). This Court rejected the argument, holding that the agency "waived any objections to jurisdiction or venue with respect to claims against it or its officials because it never raised these objections in any of its earlier filing with this Court." *Id.* at 59. Unlike the State, the agency challenged the propriety of venue rather than the separate and distinct issue raised here concerning the most appropriate venue, and did not raise its challenge promptly.

No party moved to intervene or objected to venue for any reason in *Consumers Union of the United States, Inc. v. Consumer Product Safety Comm'n*, 590 F.2d 1209 (D.C. Cir. 1978), *rev'd sub nom. GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375 (1980). At issue was whether a requester could obtain information from a federal agency in a FOIA action when the submitter of that information had obtained an injunction prohibiting disclosure by the agency in a so-called reverse-FOIA action, where the requester was not a party. 590 F.2d at 1213. The Supreme Court reversed the circuit court's holding that the injunction did not bar the agency from disclosing the information. 455 U.S. at 387. The circuit court's holding was based, in part, on rejection of a theory that the requester had to intervene in the reverse-FOIA action. 590 F.2d at 1222. The circuit court did not require intervention because it would "force" requesters "to accept the choice of forum possibly sympathetic to the submitter and surely inconvenient or impossible for the requester," and "allow submitters to force FOIA litigation to occur in" venues other than the ones specified in the FOIA. *Id.* As an example, the court cited a case where a requester's FOIA action was pending in California and it had to intervene in a related reverse-FOIA action

pending in Virginia. 590 F.2d at 1222, n.65. In that context, the court stated that "[t]he inconvenience of cross-country intervention is magnified by the familiar rule that 'an intervenor generally is held to have waived his privilege to change the venue of a suit'." *Id*. Despite that statement, *Consumers Union* is inapposite here. The statement appears in the dicta of a footnote to the conclusion of a reversed decision, and as discussed *supra*, does not extend as far as Plaintiffs contend. That case and this one could not be more dissimilar factually, procedurally, and substantively. And while a party pursuing cross-country intervention may waive its "privilege" to be sued in a venue specified by § 1391 and may not be able to credibly argue the venue is inconvenient under § 1404(a) having already made the trek, the State bears no resemblance to such a party and does not raise such arguments in its Notice of Support.

The other cases cited by Plaintiffs are not from this Court's circuit and are unpersuasive. In *Trans World Airlines, Inc. v. Civil Aeronautics Bd.*, the intervenor was barred from arguing that venue did not lie as to the original defendant, 339 F.2d 56, 64 (2d Cir. 1964), *cert. denied*, 382 U.S. 842 (1965), an argument the State does not make here. *Trans World* actually supports the State's position because the court stated that "[b]y [intervening] without simultaneously or soon thereafter raising a motion directed to venue, [the intervenor] waived any defense of venue it may have possessed as an intervenor." 339 F.2d at 64. Here, the State did precisely what the court stated an intervenor should do. While an intervenor's motion to transfer was "not warranted for the sake of convenience" in *Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*, 117 F. Supp. 2d 515, 518 n.2 (E.D. Va. 2000), the material facts there are not present here. After intervening in Virginia, the intervenor voluntarily dismissed its related action pending in Massachusetts and sued the plaintiff on essentially the same claims in Virginia. *Id.* at 517-18. Special venue considerations applied because the action alleged patent

infringement. 117 F.Supp. 2d at 518-19. The individual plaintiff had significant ties to Virginia. *Id.* at 518. He also showed that venue was convenient for the parties, documents, and third party witnesses. *Id.* at 519. And there was doubt whether the transferee court could exercise personal jurisdiction over one defendant. *Id.* at 518 n.2. Taken together these facts convinced the court that a transfer for convenience was unwarranted.[5] Finally, *Asbury Glen/Summit Ltd. P'ship v. Southeast Mortgage Co*. also supports the State's position because it held that intervention under Rule 24 did not prevent an intervenor federal agency from moving to transfer venue under a specific banking industry venue statute even though venue was otherwise proper. 776 F. Supp. 1093, 1096 (W.D.N.C. 1991). Likewise, § 1404(a) is a specific exception to § 1391, and the State's status and argument are similar to those of the federal agency in that case.

Accordingly, on the merits this Court should deny the Plaintiffs' Amended Motion to Strike the State's Notice of Support.

**II. The State's Notice Of Support Is Not Untimely.**

Plaintiffs' procedural objection to the Notice of Support is unpersuasive. The State is not yet a party to this action and, therefore, was not subject to the briefing timeline for the Motion to Transfer governed by LCvR 7.[6] The plain and unambiguous language of that Rule offers no support for Plaintiffs' strained characterization of the Notice of Support as a "Response" or "Reply." In substance, the Notice of Support is the State's local interest argument in support of the Motion to Transfer. The Local

[5] Based on the record before it, the court could not see a basis for applying the "general rule" to improper venue arguments but not to arguments for transfer based on convenience. 117 F. Supp. 2d at 518 n.2. Although the law requires such differentiation as discussed *supra*, it would not have changed the result in that case. Unlike *Beam Laser*, the record here provides ample support for making the distinction and for transferring this action to Maryland.

[6] In an abundance of caution, the State has filed contemporaneously with this pleading a Motion to File Out of Time the Notice of Support in the event the Court has concerns regarding the timing of the Notice of Support.

Government Defendants likewise filed a memorandum of support after the Plaintiffs filed their Opposition to the Motion to Transfer. However, due to the pendency of the unopposed Motion to Intervene, the Clerk of this Court has not yet filed the Notice of Support, so Plaintiffs cannot be heard to argue it is "untimely." This argument especially lacks force because Plaintiffs concede the State timely moved to intervene. Thus, the reasonable and practical resolution of the Plaintiffs' desire to respond to the Notice of Support is to permit Plaintiffs to file a response, if this Court concludes one is substantively appropriate, within a time frame that accounts for the fact that the State's argument is narrow and the Plaintiffs have had it since March 15, 2007.[7]

The State's relinquishment of its immunity under the Eleventh Amendment, by seeking to intervene here, was preceded by much due thought and consideration. In their Opposition to the Federal Defendants' Motion to Transfer, Plaintiffs attempt to minimize the significance of the ICC to the State of Maryland by claiming other interests require greater weight. This position required the State to weigh its Eleventh Amendment immunity against the risks of remaining silent in this Court on the question of the most appropriate venue for resolving this legal challenge to one of the State's most important public works projects. The State eventually concluded that, on balance, intervention was warranted so that the State's silence would not be misinterpreted as disinterest in the need for transfer. There was a close proximity between the time the Plaintiffs raised arguments downplaying the State's local interest here and the State served its Motion to Intervene and Notice of Support on Plaintiffs. These papers are clearly timely filed.

---

[7] The State denies that it "raises issues and arguments not made by the Federal Defendants." (Motion to Strike at 6.) The local interest argument made by the State and the Federal Defendants is similar. However, the State is the most appropriate party to be heard on the local interest.

## **CONCLUSION**

For the above reasons, this Court should deny Plaintiffs' Amended Motion to Strike.

Dated: April 2, 2007

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

*_/s/ Linda D. Strozyk*__________________

Linda D. Strozyk, Fed Bar No. 429514
Assistant Attorney General
The State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040
lstrozyk@sha.state.md.us

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2007, a copy of the foregoing State of Maryland's Memorandum in Opposition to Plaintiffs' Amended Motion to Strike and Consent to Plaintiffs' Motion for Leave, and proposed Order, was sent, via electronic notification, to:

Hope Madeline Babcock, Esquire
George Town University Law Center
*babcock@law.georgetown.edu*

Erik B. Bluemel, Esquire
Institute for Public Representation
*ebb25@law.georgetown.edu*

*Attorneys for Environmental Defense & Sierra Club, Inc.*

Cynthia J. Morris, Esquire
United States Department of Justice
Environment and Natural Resources Division
C.J.Morris@usdoj.gov

Scott Jeffrey Jordan, Esquire
United States Department of Justice
Environment and Natural Resources
scott.jordan@usdoj.gov

*Attorneys for Federal Highway Administration, Mary Peters, J. Richard Capka*

Margaret N. Strand, Esquire
VENABLE,LLP
mstrand@venable.com
*Attorney for Metropolitan Washington Council of Governments, Jay Fisette, National Capital Region Transportation Planning Board, and Michael Knapp*

*/s/ Linda D. Strozyk*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL DEFENSE, *et al.* *

Plaintiffs, *

v. * Civil Action No. 1:06-cv-02176-GK

UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.* *

*

Defendants. *

* * * * * * * * * * * * *

**PROPOSED ORDER**

Upon consideration of Plaintiffs' Amended Motion to Strike State of Maryland's Memorandum in Support of Federal Defendants' Motion to Transfer [Dkt. No. 23] ("Motion to Strike"), and the State of Maryland's Memorandum in Opposition thereto, it is, by the United States District Court for the District of Columbia hereby

ORDERED that the Motion to Strike be, and the same hereby is **DENIED.**

____________________________________
The Honorable Gladys Kessler
United States District Court for the
District of Columbia

**From:** Elizabeth Wolk

**Sent:** Thursday, March 15, 2007 6:55 PM

**To:** 'dcd_cmecf@dcd.uscourts.gov'

**Cc:** 'ebb25@law.georgetown.edu'; 'babcock@law.georgetown.edu'; 'scotjordan@usdoj.gov'; 'mstrand@venable.com'; 'C.J.Morris@usdoj.gov'; Linda Strozyk

**Subject:** Case No. Civil Action No. 1:06-cv-02176-GK

**Attachments:** MemMotInterveneDC revlds1 3 14 2007.pdf; Answer.DC.Complaint3.pdf; order MTI.pdf; Support of Federal Motion to Transfer Venue_final.pdf

Dear Clerk:

Please find the following documents attached for electronic filing in the above matter:

1) The State of Maryland's Motion to Intervene, and Memorandum in Support;

2) Answer of the State of Maryland;

3) Proposed Order; and

4) State of Maryland's Memorandum in Support of Federal Defendant's Motion to Transfer.

Please feel free to contact myself or Kristen Lawrence, Esq. at (410) 545-0040 should you have any questions.

Thank you for your assistance.

Sincerely,

Elizabeth Wolk
Office of the Attorney General
State Highway Administration
707 Calvert Street
Baltimore, Maryland 21202
Tel: (410) 545-8701(direct)
Fax: (410) 209-5007

