**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE and SIERRA CLUB, Inc., ) ) ) ) Plaintiffs, ) ) ) v. ) ) UNITED STATES DEPARTMENT OF ) TRANSPORTATION, et al., ) ) Defendants. ) ) ) | Civil Action No. 06-2176(GK) |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO REPLY TO THE STATE'S MEMORANDUM IN SUPPORT OF USDOT DEFENDANTS' <u>MOTION TO TRANSFER</u>**

Plaintiffs Environmental Defense and Sierra Club (collectively, "Plaintiffs") respectfully request leave to reply to the Memorandum of the State of Maryland ("State") in support of the motion of United States Department of Transportation, Mary Peters, Federal Highway Administration and J. Richard Capka ("USDOT Defendants") to transfer the instant case to the United States District Court for the District of Maryland.[1]

USDOT Defendants filed their Motion to Transfer on February 21, 2007. Plaintiffs timely filed their Response on March 5, 2007. On March 15, 2007, USDOT Defendants filed their Reply. The State submitted their Memorandum in Support of Transfer on March 20, 2007. On March 21, 2007, Plaintiffs filed a Motion to Strike the Memorandum. On April 2, 2007, the State filed a Motion for Extension of Time to File their Memorandum in Support.

---

[1] Plaintiffs file this request in the event the Court denies Plaintiffs' pending Motion to Strike (Docket No. 23).

This Court granted the State's Motion on April 24, 2007. Plaintiffs now file a Motion for Leave to File a Reply to the State's Memorandum. See Docket No. 24.

Although the State filed its Memorandum in Support of USDOT Defendants' Motion to Transfer, the Memorandum responded to arguments raised by Plaintiffs and raised new arguments not contained in USDOT Defendants' Motion or Reply. Unless this Court permits Plaintiffs an opportunity to file a reply to the State's Memorandum, the State's new arguments will remain unaddressed.

Plaintiffs hereby request leave to reply to the State's Memorandum to help this Court determine what weight should be given to the State's arguments and, to the extent the Court gives those arguments weight, to ensure full and fair briefing on the issues raised by the State. Permitting Plaintiffs to respond to the State's Memorandum is warranted so Plaintiffs can "contest matters presented to the court for the first time" in the Memorandum. Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998). Indeed, the State recognizes that "the reasonable and practical resolution of the Plaintiffs' desire to respond to the [Memorandum in Support] is to permit Plaintiffs to file a response." Md.'s Memorandum in Opposition to Plaintiffs' Am. Mot. to Strike, at 8.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion for Leave to File a Reply to Maryland's Memorandum and to file Plaintiffs' Reply attached herewith.

DATED:     April 30, 2007                          Respectfully submitted,

                                                        /s/  Hope Babcock_____
                                                      Hope Babcock, Director
                                                         (Fed/D.C. Bar No. 14639)
                                                     Erik Bluemel, Staff Attorney

      (D.C. Bar No.501869)  
Institute for Public Representation  
Georgetown University Law Center  
600 New Jersey Avenue, N.W.  
Washington, D.C.  20001  
Phone: 202-662-9535  
Fax: 202-662-9634  

Robert E. Yuhnke  
      (C.O. Bar No. 012686)  
Robert E. Yuhnke & Associates  
2910 Country Road 67  
Boulder, CO  80303  
Phone: 303-499-0425  

*Counsel for Plaintiffs*  
*Environmental Defense and Sierra Club*

## CERTIFICATE OF CONFERENCE

On April 30, 2007, pursuant to Local Rule of Civil Procedure 7(m), I conferred with Margaret Strand, counsel for MPO Defendants, Wells Burgess, counsel for Federal Defendants, and Linda Strozyk, counsel for the State of Maryland regarding Plaintiffs' Motion for Leave to File a Reply to Maryland's Memorandum in Support of Transfer. No party opposes the motion.

                                                                   /s/   Erik B. Bluemel
                                                                   Erik B. Bluemel

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, April 30, 2007, I caused to be served a true and correct copy of the foregoing Reply to Maryland's Memorandum in Support of Transfer by filing through this Court's electronic filing system on:

| | |
|---|---|
| Cynthia J. Morris<br>C.J.Morris@usdoj.gov | Attorney for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |
| Margaret N. Strand<br>mstrand@venable.com | Attorney for Defendants Metropolitan Washington Council of Governments, Vincent C. Gray, National Capital Region Transportation Planning Board, and Catherine Hudgins |
| Linda D. Strozyk<br>lstrozyk@sha.state.md.us | |
| Gary W. Kuc<br>gkuc@oag.state.md.us | |
| Kristin Case Lawrence<br>kcaselaw@bdslegal.com | Attorneys for Proposed Defendant-Intervenor State of Maryland |

and by direct electronic transmission on:

Wells Burgess
Wells.Burgess@usdoj.gov

Laura Maroldy
Laura.Maroldy@usdoj.gov

Rachel Dougan
Rachel.Dougan@usdoj.gov

| | |
|---|---|
| Scott J. Jordan<br>Scott.Jordan@usdoj.gov | Attorneys for Defendants United States Department of Transportation, Mary Peters, Federal Highway Administration, and J. Richard Capka |

                                                    /s/ Erik B. Bluemel_____
                                                    Erik B. Bluemel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE and <br> SIERRA CLUB, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF <br> TRANSPORTATION, et al., <br><br> Defendants. | Civil Action No. <br> 06-2176(GK) |

**PLAINTIFFS' REPLY TO THE STATE OF MARYLAND'S MEMORANDUM IN
SUPPORT OF FEDERAL DEFENDANTS' MOTION TO TRANSFER AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On March 15, 2007, the State of Maryland ("the State") submitted a proposed Memorandum in support of the motion to transfer filed by United States Department of Transportation ("USDOT"), Mary E. Peters, Federal Highway Administration ("FHWA"), and J. Richard Capka (collectively, "Federal Defendants"). Over Plaintiffs' objection, this Court filed the State's Memorandum on April 24, 2007. Environmental Defense and the Sierra Club (collectively, "Plaintiffs") opposed Federal Defendants' motion to transfer, see Pls.' Resp. (Docket No. 9), and submit this Memorandum of Points and Authorities in Reply to Maryland's Memorandum.

This Court should give no weight to the State's Memorandum on these points because a party is not allowed to intervene for the purpose of supporting transfer of the action. If the Court considers the State's Memorandum, it should nevertheless deny the motion to transfer because: (1) Plaintiffs and Defendants reside in the District, and it would impose a potentially severe

hardship on Plaintiffs to obtain new local counsel for the matter to be litigated in Maryland, whereas Defendants suffer no inconvenience by being required to litigate in the District; (2) the interests of justice[1] weigh against transfer because this controversy is local to the District where planning decisions involving the project were exclusively made, and project-level decisions by Federal Defendants were primarily made; (3) national considerations weigh against transfer; and (4) the minimal overlap between this case and the case in Maryland ("Audubon suit") does not justify transfer in anticipation of consolidation.

### I. This Court Should Not Give Any Weight to the State's Arguments Because They Improperly Relate to the State's Interest as an Intervenor.

This Court should not give weight to the State's Memorandum in support of transfer because the State is a proposed intervenor and, therefore, may not seek to change venue. An intervenor must take a case as s/he finds it. ELIZABETH BOSEK, ET AL., INTERVENORS AND IMPLEADED PARTIES, 92A C.J.S. VENUE § 143 (West 2007) ("Because an intervening party in an action ordinarily takes the case as he or she finds it, the general rule is that an intervenor cannot move to transfer the venue of the action."). The State argues that the prohibition against intervenors challenging venue applies only to motions to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). See Md.'s Br. in Opp. to Mot. to Strike at 3. Courts have, however, interpreted this rule to prohibit intervenors from challenging venue in both the motion to dismiss and motion to transfer contexts. See, e.g., Beam Laser Sys., Inc. v. Cox

---

[1] The State fails to mention that private interest factors weigh in favor of venue in this Court. Assuming Plaintiffs in this action and the plaintiffs in the Audubon suit both receive deference for their chosen fora, see Sweeney v. Pa. Nat'l Mut. Cas. Ins. Co., No. 1:05-CV-00931, 2007 WL 496699, at *4 (M.D.N.C. Feb. 13, 2007), the only private issue that weighs against, or in favor of, transfer is whether Plaintiffs will suffer hardship by transfer as a result of their inability to secure local counsel. As Plaintiffs demonstrated in their Response, Pls.' Resp. Br. at 17, transfer would cause Plaintiffs to suffer hardship. Since Plaintiffs would suffer hardship, this Court should not transfer the case. See In re AT&T Access Charge Litig., No. Civ. A. 05-1360 ESH, 2005 WL 3274561, at *4 (D.D.C. 2005) ("Where convenience of counsel bears directly on the cost of litigation, it becomes a factor to consider.") (quotation and citation omitted).

Communications, Inc., 117 F. Supp. 2d 515, 517-18 & n.1 (E.D. Va. 2000) (holding that an intervenor may not seek to change venue); Commonwealth Edison Co. v. Train, 71 F.R.D. 391, 394 (N.D.Ill.1976) (denying an intervenor's motion to transfer based on the rule that an intervenor may not seek to change venue).

Courts have rejected intervenor challenges to improper venue because to permit such challenges would negate the substantial deference afforded to a plaintiff's choice of forum. In this case, the State does not challenge venue, but merely seeks to change it. The justification for permitting intervenors to change venue based on factors of personal interest and convenience is far less compelling than permitting challenges to the propriety of the chosen venue. Accordingly, if intervenors cannot challenge venue, they certainly should not be permitted to change venue based on factors of personal interest or convenience.[2] This Court, therefore, should not give weight to the State's self-interested arguments, but should only give weight to those arguments that relate to the interests of the original parties. Accordingly, the Court should not give any weight to the State's Memorandum.

**II.     Transfer is Inappropriate Because the Inconvenience of Transfer to Plaintiffs Far Outweighs the Inconvenience to Defendants of Litigating Here.**

Maryland does not dispute Plaintiffs' arguments that Plaintiffs will suffer hardship, and, therefore, be substantially inconvenienced, if they are compelled to find new local counsel in Maryland as a condition for prosecuting their claims. Maryland also does not deny that Federal Defendants who reside in the District and are represented by counsel in the District cannot reasonably show inconvenience, if they are required to litigate in this Court. By intervening, Maryland necessarily concedes that it is not inconvenienced by litigating in this Court. Based on

---

[2] Moreover, permitting intervenors to be heard on a motion to change venue would require a court to rule on a motion to intervene before resolving a motion to transfer. The interests of justice and judicial economy do not support such a protracted judicial process.

3

these private convenience factors, which should control the decision when Plaintiffs will be inconvenienced by transfer and Defendants will not, the motion to transfer should be denied.

### III. Transfer Is Inappropriate Because this Controversy is Local to the District.

When the private factors of convenience to the parties, including Plaintiffs' choice of forum, Defendants' choice of forum, the location where the claims arose, convenience of the parties and witnesses, and ease of access to sources of proof, weigh against transfer as they do here, see Pls.' Resp. Br. at 12-17, this Court has recognized that it need not even consider public factors such as the transferee court's familiarity with the governing law, the relative congestion of the courts, the local interest in deciding controversies at home, and the national significance of the case. Ingram v. Eli Lilly & Co., 251 F. Supp. 2d 1, 5 (D.D.C. 2003); see also McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 41 n.1 (D.D.C. 2003). To the extent the Court considers the public factors relating to the interests of justice, however, those factors weigh against transfer.

The State argues that there is a local interest in having local controversies decided at home and argues that because the proposed ICC is intended to benefit Maryland residents, the case should be heard in Maryland.[3] As this Court recognizes, however, when a defendant engages in actions across state lines and has extensive involvement with District entities, the action is no longer "local" to the non-District forum, even if most of the major events occurred in

---

[3] The State also argues, without explication, that it has an interest in having decisions regarding the proposed ICC made in its home courts. This conclusory argument should be given no weight because this Court has previously considered, and rejected, this argument as not related to the interests of justice, but to a choice of law analysis. Stewart v. Capitol Area Permanente Medical Group, P.C., 720 F. Supp. 3, 4-5 (D.D.C. 1989). Further, there is no substantive Maryland law to apply, so the State's argument that it has an interest in having a federal court in Maryland hear the case should not, to the extent it is considered, overcome Plaintiffs' choice of forum and convenience, nor is it sufficient to overcome the national significance of this controversy. See The Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10 (D.D.C. 2000) (concluding that transfer was not appropriate because the national scope of the case entitled the plaintiffs' choice of forum to substantial deference).

4

the other forum.  FC Investment Group LC v. Lichtenstein, 441 F. Supp. 2d 3, 14 (D.D.C. 2006). Indeed, determining whether a forum is a "local" forum is not limited by jurisdictional boundaries.  Stewart, 720 F. Supp. at 5 ("State lines are of crucial importance in making the proper choice of law, but are less important in deciding which forum is more convenient to the parties and would best serve the interests of justice."); see also Beals v.Sicpa Securink Corp., Civ. A. Nos. 92-1512, 92-2588, 93-0190, 1994 WL 236081, at *4 (D.D.C. May 17, 1994).

As Plaintiffs' demonstrated in their Response, this controversy is of local significance to the District.  The controversy is of local significance because regional planning decisions regarding the proposed ICC were made exclusively in the District, project-level decisions by the Federal Defendants were made primarily by federal officials located in the District, Pls.' Resp. Br. at 5-7, 15-16, the proposed ICC is in close proximity to the District, id. at 7, 25-26 n. 20, and the proposed ICC will affect District residents, id. at 8-9, 25.  Importantly, no party disputes that the District is local for purposes of this controversy.  Accordingly, the District should be considered local for purposes of this controversy, and this factor should weigh in favor of denying the motion to transfer.  In any event, even if this Court deems the action more local to Maryland than to the District, this factor should not overcome the private factors of convenience, including Plaintiffs' chosen forum and the need to avoid hardship to Plaintiffs.  See, e.g., Ingram, 251 F. Supp. 2d at 5; McClamrock, 267 F. Supp. 2d at 41 n.1; see also Am. S.S. Owners Mutual Prot. and Indem. Ass'n, Inc. v. LaFarge No. Am., Inc., --- F. Supp. 2d ---, No. 06 Civ. 3123(CSH), 2007 WL 214408, at *6 (S.D.N.Y. Jan. 29, 2007).

### IV.     Transfer Is Inappropriate Because this Controversy Relates to Matters of National Significance.

Because this controversy is local to both the District and Maryland, the interests of justice determination should be made based on the national significance of the controversy.  As

Plaintiffs' established in their Response, this case involves matters of national significance because decisions were made by high-level federal officials in the District, Pls.' Resp. Br. at 4-7, the proposed ICC will affect transportation planning and funding of transportation projects in the National Capital Region and the District, id., the highway is part of the National Highway System, id. at 6, this case involves the application and interpretation of federal transportation objectives, id. at 23-24, and this case was brought by national environmental organizations seeking to vindicate issues of national importance, id. at 24.

The State urges the Court to treat this case as a Maryland controversy because the proposed ICC was developed in accordance with Maryland state law. If the Court were to adopt the State's logic, any project that involved the application of state or local law would be considered a local controversy, and transfer would always be required. This analysis does not comport with this Court's precedent in The Wilderness Society v. Babbitt, 104 F. Supp. 2d 10 (D.D.C. 2000), which found transfer inappropriate because the project was of national significance, even though the project had to comply with Alaska, as well as federal, law. Indeed, authorization to expedite the project under the Executive Order 13,274 is a discretionary action by federal officials headquartered in the District. This discretionary authorization is only made for projects of national significance, since the high-level federal officials who must oversee environmental reviews conducted pursuant to the Executive Order have limited resources. The decision to expedite the project under the Executive Order provides the most compelling evidence to establish that the proposed ICC and this controversy are of national significance and that this Court should hear this case.

V.     **The Minimal Differences Between This Case and the Audubon Suit Make Transfer in Anticipation of Consolidation Inappropriate.**

This Court should deny transferring this case because there are substantial differences

between this case and the Audubon suit, making transfer in anticipation of consolidation unwarranted. The State argues that litigating in "two courts will not only be inefficient and duplicative for the courts, but will force the State to incur additional costs associated with litigation." Md.'s Memorandum at 4. The predicate to this argument is that the cases are sufficiently similar to permit consolidation. This is simply not the case. As Plaintiffs explained in their Response, the claims presented in the two cases are, for a number of reasons, substantially different. Pls.' Resp. Br. at 18-21. The cases will not, and indeed cannot, result in the Defendants having conflicting obligations with respect to the proposed ICC.

Further, although the administrative record is large, Plaintiffs do not require that the entirety of the record be presented to this Court for disposition. Given the different claims between the suits, the record overlap between this matter and the Audubon suit will be minimal. There will be virtually no record overlap regarding Plaintiffs claims against MPO Defendants since those claims are based primarily on records not included in the Federal Defendants' proposed Index to the Administrative Record.

As Plaintiffs noted in their Response, consolidation would likely create confusion that could prejudice one set of plaintiffs or the other. Pls.' Resp. at 18-21. Because consolidation in any court is not a foregone conclusion, and this Court is not being asked to pass on the question of consolidation, this Court should not transfer this case in anticipation of consolidation. Rather, deference should be given to Plaintiffs' chosen forum. Sweeney, 2007 WL 496699, at *4 (refusing to transfer a case despite the presence of related litigation because "there [was] no guarantee that transferring to [the other forum would] result in the two cases being consolidated").

**Conclusion**

For the foregoing reasons, Plaintiffs request this Court to deny the motion to transfer.

DATED:   April 30, 2007                           Respectfully submitted,

  /s/ Hope Babcock_____ _____
Hope Babcock, Director
    (Fed/D.C. Bar No. 14639)
Erik Bluemel, Staff Attorney
    (D.C. Bar No.501869)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
Phone: 202-662-9535
Fax: 202-662-9634

Robert E. Yuhnke
    (C.O. Bar No. 012686)
Robert E. Yuhnke & Associates
2910 Country Road 67
Boulder, CO 80303
Phone: 303-499-0425

*Counsel for Plaintiffs*
*Environmental Defense and Sierra Club*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
ENVIRONMENTAL DEFENSE and         )
SIERRA CLUB, Inc.,                              )
                                                            )
        Plaintiffs,                             )
                                                            )
                                                            )
v.                                                          )          Civil Action No.
                                                            )          06-2176(GK)
UNITED STATES DEPARTMENT OF   )
TRANSPORTATION, et al.,                   )
                                                            )
        Defendants.                           )
                                                            )
_____)

**[PROPOSED] ORDER**

       It is hereby ORDERED that the Unopposed Motion of Environmental Defense and Sierra Club (collectively, "Plaintiffs") for leave to reply to the State's Memorandum in Support of Transfer is GRANTED.

       The Clerk is DIRECTED to file Plaintiffs' Reply to the State's Memorandum in Support of Transfer.

Dated: _____, 2007                        _____
                                                                        The Honorable Gladys Kessler
                                                                        District Judge for the United States
                                                           District Court for the District of Columbia